IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INDICTMENT |
| ) | NO. 1:18-cr-00098-SCJ-LTW-1 |
| MITZI BICKERS, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS COUNTS 7 TO 10 OF THE INDICTMENT

COMES NOW the defendant, Mitzi Bickers, ("defendant Bickers"), and files this Motion to Dismiss, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) and asks the Court to dismiss counts 7 to 10 of the indictment for the following reasons:

Counts 7 to 10 of the indictment allege that defendant Bickers "participated in a scheme to defraud and obtain money and property from the City of Atlanta…". This scheme is alleged to have involved false financial disclosure forms which Bickers submitted yearly from 2010 until 2013. Paragraph 88 of the indictment lists four salary payments, two made on February 22, 2013 and two made on March 8, 2013, made by the City of Atlanta to Bank of America accounts held by defendant Bickers, each payment representing a separate count in the indictment.

This section of the indictment is devoid of any allegation that the allegedly false financial disclosure forms caused the payment of Bicker's regular salary. Paragraph 85 states that "BICKERS served as the Director of Human Services for the City of Atlanta earning approximately $50,391 in 2010, $57,986 in 2011, $42,839 in 2012, and $28,046 in 2013…" While recognizing that salary payments can be the basis of a wire or mail fraud charge, salary

theory has been explicitly rejected by multiple circuits where there was no nexus between the fraudulent scheme and the monetary benefit.

In United States v. Collier, 2009 U.S. Dist. Lexis 1670 (M.D. Ga. 2009), the government contended that money and property were obtained from the State of Georgia under a scheme to defraud because the Defendant conspired with Superior Court Judge Blitch who continued to receive a salary "while not performing the work fairly and honestly". Id. at *8-9. The Court rejected that theory, recognizing that "saying, as the indictment does, that Blitch retained his salary while engaging in dishonest conduct is the same as saying that Blitch made decisions based on interests other than those of the public," Id. at 9, which may not be charged under 18 U.S.C. § 1343. See McNally v. United States, 483 U.S. 350. The government here has made functionally the same allegation, that defendant Bickers continued to receive a salary while submitted allegedly false ethical disclosure forms, which deprived the City of Atlanta of money. The court in Collier dismissed the portions of the wire fraud count which relied on the receipt of salary alone.

There must be a nexus between the salary payment and the scheme to defraud. In United States v. Ratcliff, 488 F.3d 639 (5th Cir. 2007), the government alleged that Defendant Ratcliff devised a scheme to defraud Livingston Parish by "(1) to conceal campaign finance violations from the Board of Ethics, which would (2) deceive the voting public about the campaign contributions he received, which would (3) secure his reelection to office, which would (4) cause Livingston Parish to pay him the salary and other financial benefits budgeted for the parish president." The 5th Circuit held that this scheme did not deprive the Parish of money:

> "as the financial benefits budgeted for the parish president go to the winning candidate regardless of who that person is. Nor would the parish be deprived of its control over the money by means of Ratcliff's fraud, as the parish has no such control other than ensuring

> that the benefits are paid to the duly elected candidate. There are no allegations, for example, that the parish was deceived into paying the parish president's salary to someone who did not win the election or to someone who failed to meet the parish's minimum requirements for office"

Id. at 645. In the present case, defendant Bickers was paid a salary due to her employment with the City of Atlanta. Her alleged ethics violations in submitting inaccurate financial disclosure forms are not alleged to have deceived the City of Atlanta into any change in her standard salary. The alleged misrepresentations did not implicate the City of Atlanta's property rights. See also United States v. Thompson, 484 F.3d 877 (7th Cir. 2007) (Finding that, for purposes of the mail fraud statute, a raise approved through normal personnel practices not related to fraud cannot be the basis of a mail fraud charge.). Defendant Bickers is not alleged to have received any additional bonuses, payments, or other money from the City of Atlanta beyond her normal salary rate because of the alleged fraud.

As counts 7 to 10 of the indictment fail to allege that defendant Bickers received any monetary benefit from the City of Atlanta due to her alleged false financial disclosure forms, and only alleges that she continued to receive her regular salary related to her employment, these counts are facially deficient and must be dismissed.

Respectfully submitted,

s/Drew Findling
_____
Drew Findling
Georgia Bar No. 260425

s/Marissa Goldberg
_____
Marissa Goldberg
Georgia Bar No. 672798

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL INDICTMENT |
| | ) | NO. 1:18-cr-00098-SCJ-LTW-1 |
| MITZI BICKERS, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing Motion:

MOTION TO DISMISS

By electronic service:

> AUSA Kurt Erskine
> AUSA Jeffrey Davis

This 11th day of March, 2019.

| | |
|---|---|
| | Respectfully submitted, |
| The Findling Law Firm | |
| One Securities Centre | s/Drew Findling |
| 3490 Piedmont Road, Suite 600 | _____ |
| Atlanta, Georgia 30035 | Drew Findling |
| (404) 460-4500 | Georgia Bar No. 260425 |