IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | INDICTMENT NO. |
| ) | 1:18-cr-00098-SCJ-LTW-1 |
| ) | |
| **MITZI BICKERS,** ) | |
| **Defendant.** ) | |
| _____) | |

### OBJECTIONS BY DEFENDANT MITZI BICKERS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW this Defendant, Mitzi Bickers ("Ms. Bickers"), by and through undersigned counsel, and makes the following objections to the Report and Recommendation ("R&R") issued by the Magistrate Judge in the above-referenced case.

On March 27, 2018, a grand jury returned an 11-count indictment against Ms. Bickers (Doc. 1) for which she entered a plea of not guilty (Doc. 9). On October 22, 2018, a superseding indictment was filed adding an additional count (Doc. 41). Ms. Bickers has entered a plea of not guilty to the superseding indictment (Doc. 46). Motions that were before the Court and were considered in the R&R were Ms. Bickers' Motion for a Bill of Particulars and Motion to Strike

1

Surplusage (Doc. 53), Motion to Dismiss Counts 7-10 of the Indictment (Doc. 54), Motion for Production of *Brady* Materials (Doc. 55) and Motion for Early Production of *Jencks* Materials and Production of the Government's Case in Chief Documents and Witnesses (Doc. 56).

In a Report and Recommendation dated September 17, 2019, Magistrate Judge Linda T. Walker denied all of Ms. Bickers motions without a hearing.

I. **JUDGE WALKER'S FINDINGS REGARDING THE BILL OF PARTICULARS AND THE MOTION TO STRIKE SURPLUSAGE**

In the R&R, Judge Walker denied the Bill of Particulars because the court found that the indictment was exhaustive and legally sufficient (R&R, page 18) and that applied in conjunction with the voluminous discovery provided by the government, give Ms. Bickers sufficient information about the nature of the charges. (R&R, page 19). Additionally, the court found that the government's assertion that they would provide Ms. Bickers the names of co-conspirators as necessary was enough to moot her request in that regard. (R&R, page 22).

Specifically, Ms. Bickers objects to the following findings:

1) That the indictment is legally sufficient (R&R, page 18). Whereas the indictment is lengthy, as detailed in the Motion to Strike Surplusage, it

includes irrelevant details and is missing material elements of the counts charged.

2) That the indictment details Ms. Bickers' alleged participation in a scheme to defraud and use interstate wires in furtherance of the scheme sufficiently to support the charges provided therein (R&R, page 19).

3) That Ms. Bickers' requests are merely seeking details on the Government's theory of the case to which she is not entitled in a bill of particulars (R&R, page 20).

4) That the indictment adequately described the general nature of the official acts allegedly performed in furtherance of the conspiracy (R&R, page 20).

In the R&R, Judge Walker denied the Motion to Strike Surplusage because the objected-to paragraphs related to the City's Ethics and Procurement Codes are plainly relevant to the charges (R&R, page 25) and that there is nothing inflammatory or prejudicial about their inclusion in the indictment (R&R, page 26). As to the objected to language regarding campaign contributions, the Court found that they were not in violation of Ms. Bickers' First Amendment rights and that they were relevant to the charges (R&R, page 28).

Specifically, Ms. Bickers objects to the following findings:

1) That the objected-to paragraphs related to the City's Ethics and Procurement Codes are plainly relevant to the charges (R&R, page 25). The Court simply accepts the government's assertions related to the use and function of these Codes and in doing so, further accepts that an incomplete or inaccurate disclosure form would be evidence of a defendant's scienter. Ms. Bickers disagrees with the government's characterization of these Codes (by and through which the Court accepts) and further, this type of argument falls outside the four corners of the indictment and is therefore improper for consideration in a motion such as this.

2) That the bribery alleged in count 3 is a conspiracy allegation.

3) That the campaign contributions in Paragraph 61 of the indictment are part of the bribery scheme. These contributions are not mentioned anywhere in paragraphs 62-74 ("Bribery Scheme") and the allegation that the contributions were part of an alleged bribery scheme appears for the first time in the Government's response brief (Doc. 63).

II. **JUDGE WALKER'S FINDINGS REGARDING THE MOTION TO DISMISS COUNTS 7-10 OF THE INDICTMENT**

In the R&R, Judge Walker denied Ms. Bickers' Motion to Dismiss Counts 7-10 of the Indictment because a pretrial challenge of these issues is premature and

that the arguments are more appropriate for the jury or the Court at a Rule 29 hearing (R&R, page 29).

Specifically, Ms. Bickers objects to the following findings:

1) That the charges in counts seven through ten of the indictment are properly plead. (R&R, page 36, 37).

2) That the motion to dismiss counts seven through ten is a matter of sufficiency of the evidence and not properly decided pre-trial. (R&R, page 36). The issue raised by Ms. Bickers as to counts seven through ten is whether the indictment is insufficient where the alleged fraud is the continued receipt of regular salary payments and the government has not alleged honest services fraud under 18 U.S.C. § 1346.

III. **JUDGE WALKER'S FINDINGS REGARDING THE MOTION FOR EARLY DISCLOSURE OF *JENCKS* MATERIAL AND FOR PRODUCTION OF THE GOVERNMENT'S CASE-IN-CHIEF DOCUMENTS AND WITNESSES**

In the R&R, Judge Walker denied this motion because the rules do not specifically require such disclosures and that the Court declines to use discretion in this regard because Ms. Bickers might know some of the witnesses and the government has provided extensive discovery with an index for her review prior to trial (R&R, pages 40-44).

Specifically, Ms. Bickers objects to the following findings:

1) That the government's assertions that they will comply with the Court's pretrial scheduling order renders Ms. Bickers' request for early disclosure of *Jencks* Act material moot (R&R, page 39). The motion was asking the Court to exercise discretion and order early disclosure outside of the scheduling order.

2) That the inclusion of an index and ability to "troubleshoot" problems with the discovery is sufficient to negate the need for early identify the government's case-in-chief documents (R&R, page 40-41). As was detailed in the initial motion, this case involves multiple hard drives including millions and millions of documents. An index was provided by the government, but the index is not fully linear; it was done in a categorical fashion with dozens and dozens of separate categories of documents. The discovery is now searchable, but it is still impossible to review all of the discovery provided by the government. Piling on discovery does not make a fair playing field for Ms. Bickers without specific directions by the government about what she will need to defend against.

3) That because there has been extensive discovery provided and that Ms. Bickers may be familiar with some of the witnesses called at her trial that those facts are sufficient to negate her need for the government to provide a witness list prior to trial (R&R, page 42-43). That argument is functionally similar to stating (as the Court did in the R&R at page 17) that a bill of particulars is not necessary because the defendant "knows what [she] did, and therefore, has all the information necessary." United States v. Moore, 57 F.R.D. 640, 643 (N.D. Ga. 1972) (quoting United States v. Smith, 16 F.R.D. 372 (W.D. Mo. 1954).

## CONCLUSION

The Court summarily denied all of Ms. Bickers motions without a hearing, in large part due to the lengthy indictment and voluminous discovery in this matter. Those exact issues are what necessitated most of the motions under consideration. Ms. Bickers' respectfully requests that the District Court consider her objections, noted above, along with her initial motions and replies when determining whether to adopt the findings of the Magistrate Court in this matter.

Respectfully submitted,

_s/Drew Findling_____
Drew Findling
Georgia Bar No. 260425

s/Marissa Goldberg_____
Georgia Bar No. 672798

The Findling Law Firm
3490 Piedmont Road NE, Suite 600
Atlanta, GA 30305
(404) 460-4500 (p)
(404) 460-4501 (f)

Dated: October 1, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**MITZI BICKERS,** )<br>**Defendant.** )<br>_____) | **INDICTMENT NO.**<br>**1:18-cr-00098-SCJ-LTW-1** |

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the above Objections by Defendant Mitzi Bickers to the Magistrate Judge's Report and Recommendation by electronically filing with the Clerk of Court using the CM/ECF system, which will automatically send notice to all counsel of record.

              Respectfully submitted,

               s/*Marissa Goldberg*_____
              Marissa Goldberg
              Georgia Bar No. 672798
              The Findling Law Firm
              3490 Piedmont Road NE, Suite 600
              Atlanta, GA 30305
              (404) 460-4500 (p)
              (404) 460-4501 (f)

Dated:  October 1, 2019