# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MITZI BICKERS

CRIMINAL CASE NO.
1:18-CR-00098-SCJ

## ORDER

This matter appears before the Court for consideration of the September 17, 2019, Order and Final Report and Recommendation ("R&R") (Doc. No. [71]),[1] in which the Honorable Linda T. Walker, United States Magistrate Judge, addresses four of Defendant Mitzi Bickers' ("Defendant") pretrial motions. Specifically, in the R&R, Judge Walker denies Defendant's Motion for a Bill of Particulars (Doc. No. [53]) and Motion for Early Disclosure of Jencks Act Material and the Early Identification of Government's Case-in-Chief Documents (Doc. No. [56]). Judge Walker also recommends that

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Defendant's Motion to Strike the Surplusage From the Indictment (Doc. No. [53]) and Motion to Dismiss Counts Seven to Ten of the Indictment (Doc. No. [54]) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Defendant timely filed objections to the R&R on October 1, 2019. Doc. No. [74]. Thereafter, the United States of America (hereinafter, "the Government") filed a response to Defendant's objections on October 7, 2019. Doc. No. [75]. These matters are now ripe for review, and the Court now rules as follows.

## I. LEGAL STANDARD

The Court incorporates the R&R's factual background and legal standards by reference. See Doc. No. [71], pp. 2–10.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). When objections are filed as to dispositive motions, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation.").

After conducting this review, the district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the district judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id. When objections are filed as to non-dispositive motions, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); see also 28 U.S.C. § 636(b)(1)(A). Furthermore, in objecting to an R&R, "parties . . . must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. OBJECTIONS TO THE R&R

The Court now addresses Defendant's objections (Doc. No. [74]) as to each of her four pretrial motions (Doc. Nos. [53]; [54]; [56]) in turn.

### A. Motion for a Bill of Particulars

Defendant first objects to the denial of her Motion for a Bill of Particulars. See Doc. No. [74], pp. 2–3. In said motion, Defendant requested that the Court

3

direct the Government to provide additional information regarding Counts One, Two, and Seven through Ten of the Indictment. See Doc. No. [53]. Because Judge Walker denied this motion pursuant to her authority under 28 U.S.C. § 636(b)(1)(A), Defendant must show that Judge Walker's decision was either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Far from doing this Defendant merely quotes sections of the R&R and states that she objects to them. See Doc. No. [74], pp. 2–3; see also Holland v. Colvin, No. 4:14-cv-194-VEH, 2015 WL 1245189, at *3 ( N.D. Ala. Mar. 18, 2015) ("Because Holland does not respond to any findings of the R&R in her 'Objection to Report and Recommendation'—she merely quotes sections of the R&R, states that she objects to them, and then copies verbatim sections of her previous brief—none of her arguments met the standard for objections."). For example, Defendant objects to Judge Walker's finding that the Indictment is "legally sufficient," as "it includes irrelevant details and is missing material elements of the counts charged." Doc. No. [74], pp. 2–3. Yet Defendant fails to explain *how* the Indictment is legally insufficient or *what* material elements of the counts are missing in the Indictment. See id. As Judge Walker correctly found in the R&R, the Indictment in this case is "exhaustive and legally

4

sufficient," as it sets forth the statues involved in the charges against Defendant; it tracks the relevant language of those statutes; it provides relevant background information; and it details Defendant's alleged participation in a scheme to defraud and use interstate wires in furtherance of the scheme sufficiently to support the charges provided therein. See Doc. No. [71], pp. 18–19. Judge Walker further concluded that the foregoing amount of detail in the Indictment together with the voluminous discovery produced by the Government provide sufficient information about the nature of the charges to enable Defendant to prepare for her trial, to avoid unfair surprise, and to enable her to plead double jeopardy in the event of a later prosecution for the same offense. See id. at p. 19.

Defendant also objects to Judge Walker's finding that the Indictment "adequately described the general nature of the official acts allegedly performed in furtherance of the conspiracy." Doc. No. [74], p. 3. Once again, Defendant fails to explain *how* the conspiracy counts in the Indictment are inadequate. See id. As stated in the R&R, "[a]n [I]ndictment for conspiracy to commit an offense is not required to be as specific as a substantive count and is constitutionally asserted if it sets forth the essential elements of the offense,

5

identifies co-conspirators, the object of the conspiracy, the conspiracy timeframe, and the situs of the conspiracy." Doc. No. [71], p. 19; see also United States v. Durrett, No. 1:10-cr-134-WSD, 2012 WL 243761, at *4 (N.D. Ga. Jan. 25, 2015), aff'd 524 F. App'x 492 (11th Cir. 2013) (citing United States v. Bascaro, 742 F.2d 1335, 1348 (11th Cir. 1984), abrogated on other grounds, United States v. Lewis, 492 F.3d 1219 (11th Cir. 2007)). Thus, in light of this "less exacting" standard, Judge Walker correctly found that the conspiracy counts in the Indictment pass constitutional muster in that they identify the statutes violated, reference the essential elements of the offense, provide facts about the objects of the conspiracy, provide the names of the alleged co-conspirators, indicate the time span on the conspiracy and its locale, and describe the general nature of the official acts that Defendant allegedly performed in furtherance of the conspiracy. See Doc. No. [71], p. 20; see also United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010) (explaining that the defendant was adequately informed of conspiracy charge against him where the indictment specifically referred to the statute upon which the charge was based, tracked the wording of the statute, named co-conspirators, and alleged method, time and place of predicate violations).

As Defendant's conclusory objections fail to show that Judge Walker's decision was "clearly erroneous or contrary to law," the Court therefore finds that Judge Walker properly denied Defendant's Motion for a Bill of Particulars.

### B. Motion for Early Disclosure of Jencks Act Material and Early Identification of Government's Case-in-Chief Documents

Defendant also objects to the denial of her Motion for Early Disclosure of Jencks Act Material and Early Identification of Government's Case-in-Chief Documents. See Doc. No. [74], pp. 5–7. Once more, as Judge Walker denied this motion pursuant to her authority under 28 U.S.C. § 636(b)(1)(A), Defendant must show that Judge Walker's decision was either "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

#### 1. *Jencks Act Materials*

In said motion, Defendant first requested the early disclosure of Jencks Act materials. See Doc. No. [56]. In deeming Defendant's request moot, Judge Walker noted that the April 13, 2018, pretrial scheduling order addressed this precise issue by strongly encouraging the Government to disclose Jencks Act materials before the pretrial hearing or the trial at which the witness will be called to testify. Doc. No. [71], p. 38. Judge Walker further noted that, at a pretrial hearing held on March 13, 2019, the Government indicated that (1) it

7

intends to comply with the April 13, 2018, pretrial scheduling order and that it had already produced a large amount of Jencks Act material in discovery; (2) it fully intends to produce any remaining Jencks Act material just before trial; and (3) it intends to produce an exhibit list to defense counsel shortly in advance of trial. Id. at pp. 38–39.

Defendant specifically objects to Judge Walker's finding "[t]hat the [G]overnment's assertions that they will comply with the Court's pretrial scheduling order renders [her] request for early disclosure of Jencks Act material moot." Doc. No. [74], p. 6. Defendant further states that her motion "was asking the Court to exercise discretion and order early disclosure outside of the scheduling order." Id. Yet as Judge Walker explains in the R&R, the April 13, 2018, pretrial scheduling order already sets forth the timetable for the disclosure of Jencks Act material. Additionally, Defendant does not dispute that the Government has already disclosed an extensive amount of Jencks Act material and states that it intends to produce any remaining Jencks Act material prior to trial. This Court has no reason to believe that the Government will not honor the Court's pretrial scheduling order and its own word. Accordingly, the

Court finds that Judge Walker properly deemed Defendant's request for the early disclosure of <u>Jencks</u> Act material moot.

### *2.  Case-in-Chief Documents*

In the motion, Defendant also requested that the Government be ordered to provide an exhibit list and specifically identify the documents it intends to use in its case-in-chief at the earliest possible time, no later than sixty days before trial. <u>See</u> Doc. No. [56]. Defendant's request was premised on the voluminous discovery that exceeds two million pages in a case involving a single defendant, and that a substantial amount of this discovery is unrelated to Defendant and was provided by the Government out of an abundance of caution. <u>See</u> <u>id.</u> In denying Defendant's request, Judge Walker noted that the Government provided Defendant with a detailed index of the individual items produced in discovery, including a description of the materials, their source, and Bates range for reference. Doc. No. [71], p. 40. Additionally, Judge Walker noted that the Government has provided a detail discovery roadmap; has provided its computer program to Defendant so that the documents could be reviewed and searched electronically; has provided access to litigation support specialists to answer questions and "troubleshoot" any problems; and has

9

periodically met with defense counsel to see if they have encountered any problems in reviewing the discovery materials and to answer any questions. Id. at pp. 40–41.

While Defendant concedes that the discovery is searchable and that an Index was provided, she contends in her objections that it is still impossible to review all the discovery provided by the Government. Doc. No. [74], p. 6. Thus, Defendant argues that "[p]iling on discovery does not make for a fair playing field for [Defendant] without specific directions by the [G]overnment about what she will need to defend against." Id. However, as Judge Walker correctly stated in the R&R, the Government is not required to make specific identification of its case-in-chief documents separately from the other two categories of documents required to be produced under Federal Rule of Criminal Procedure 16(a)(1)(E). See Doc. No. [71], p. 41; see also United States v. Carranza, No. 1:05-cr-197-4-TWT, 2007 WL 2422033, at *3 (N.D. Ga. Aug. 21, 2007) ("The language of Rule 16(a)(e) . . . does not *require* the government to make specific identification of its case-in-chief documents separately from the other two categories of documents required to be produced."). Rather, Rule 16(a)(1)(E) only requires the production of documents responsive to each of the

categories. Accordingly, the Court finds that Judge Walker properly denied Defendant's request for the Government to specifically identify its case-in-chief documents.

### 3. *Witness List*

Finally, in the motion, Defendant requested that the Court order the Government to provide a witness list no later than sixty days prior to trial. See Doc. No. [56]. In denying Defendant's request, Judge Walker asserted that "[i]t is well-settled . . . that a criminal defendant has no constitutional right to witness list or witness statements before trial." Doc. No. [71], p. 42; see also United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983) ("A criminal defendant has no absolute right to a list of a government's witnesses in advance of the trial."). While acknowledging that the Court has the discretion to require the production of witness lists in advance of trial where it would be material to the preparation of trial, Judge Walker found that Defendant failed to allege that a witness list or any particular witness is material to her defense. Doc. No. [71], p. 43. Judge Walker further concluded that, "[w]here, as here, many of the Government's witnesses are individuals with whom the defendant has had significant personal or financial relations, early disclosure of . . . the list will not

11

materially aid her defense." Id.; see also United States v. Colson, 662 F.2d 1389, 1392 (11th Cir. 1981). Defendant's objections on this point do nothing to meet the standard of showing that the disclosure of the Government's witness list would be material to her defense. See Doc. No. [74], p. 7. Accordingly, the Court finds that Judge Walker properly denied Defendant's request for the Government to provide a witness list.

### C. **Motion to Strike Surplusage**

Defendant further objects to Judge Walker's recommendation that her Motion to Strike Surplusage from the Indictment be denied. See Doc. No. [74], pp. 3–4. In said motion, Defendant first argues that the Government should be required to certain strike paragraphs and sections of the City's Ethics and Procurement Codes contained in Count One of the Indictment because (1) the paragraphs and sections do not contain any criminal allegations; (2) the particular sections will be confusing and misleading to a jury; and (3) these sections of the City's Ethics and Procurement Codes are not supported by the evidence and are, therefore, irrelevant or unjustly prejudicial. See Doc. No. [53], p. 2. Judge Walker, in recommending that Defendant's request be denied, found that these paragraphs and sections are relevant because they

12

"appropriately help place Defendant's alleged activities in context, they explain what is required of certain City employees such as Defendant who are required to file financial disclosures as well as conduct that is prohibited, and they say nothing inflammatory or prejudicial." Doc. No. [71], p. 26.

Defendant objects to Judge Walker's finding that these paragraphs and sections of the City's Ethics and Procedure Codes are relevant to the charges. Doc. No. [74], p. 4. Defendant's conclusory objection, however, falls well short of meeting the high burden of showing that these allegations are not relevant to the charge, inflammatory, or prejudicial. See United States v. Williams, No. 07-80179-CR, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008) ("It is important to note that [Federal Rule of Criminal Procedure] 7(d) is strictly construed against striking surplusage."). Rather, this Court finds that the objected-to paragraphs and sections are plainly relevant to the charges, and Defendant has failed to show, beyond her conclusory statements, how the language of these sections is inflammatory or prejudicial. Thus, the Court overrules Defendant's objections as to this point.

Defendant also argues in the motion that the Government should be required to strike portions of Count Three of the Indictment, which alleges that

13

"in or about February 2015, [Defendant], Mitchell, Richards and K.J. all wrote checks made payable to the Mayor's election committee." Doc. No. [53], p. 4. Defendant contends that the Indictment does not allege that these contributions were done in violation of any campaign finance laws or were otherwise criminal or inappropriate. Id. Thus, Defendant states that this language infers that this action was somehow illegal and would prejudice and confuse a jury against her. Id. She further states that including this language would be in violation of her right to political speech under the First Amendment. Id.

Judge Walker, in recommending that Defendant's request be denied, acknowledged that while Defendant is correct in that the right to participate in democracy through political contributions is protected by the First Amendment, that right is not absolute. Doc. No. [71], p. 27. For example, the Constitution does not protect an attempt to influence a public official's acts through improper means, such as bribery. Id. Thus, Judge Walker found that the Government's argument—that Defendant's political donations were given in the hope of buying something in return—is relevant. Id. at pp. 27–28.

Defendant objects to Judge Walker's finding that the campaign contributions alleged in Count Three of the Indictment are part of the bribery

14

scheme, as they are not mentioned anywhere in paragraphs 62 through 74 of the Indictment ("the Bribery Scheme") and the allegation that the contributions were part of a bribery scheme appears for the first time in the Government's response brief. Doc. No. [74], p. 4. While the allegations regarding Defendant's campaign contributions do not appear directly under the portion of the Indictment labeled "the Bribery Scheme," the allegations are included in the "Background" section of Count Three of the Indictment, which indicates that the alleged campaign donations are directly related to the bribery charge. See Doc. No. [41], pp. 17–18. Furthermore, the Court finds that these allegations contain factual allegations relevant and material to the charged offenses. Thus, the Court also overrules Defendant's objections as to this point.[2]

### D. <u>Motion to Dismiss Counts</u>

Finally, Defendant objects to Judge Walker's recommendation that her Motion to Dismiss Counts be denied. See Doc. No. [74], pp. 4–5. In said motion, Defendant moves for dismissal of Counts Seven through 10 of the Indictment,

---

[2] Any reconsideration of this motion must occur after the introduction of the Government's evidence at trial. See United States v. Kelley, No. 08-00327-CG, 2009 WL 2176347, at *2 (S.D. Ala. July 17, 2009) ("After the court has heard all the evidence, the defendants may make a motion to reconsider this ruling as to specific surplus language they contend is unfairly prejudicial and inflammatory.").

15

namely, the wire fraud charges. Doc. No. [54], p. 1. The elements of wire fraud are (1) an intentional participation in a scheme to defraud and (2) a use of interstate or foreign wire, radio, or television communication to further such fraud. 18 U.S.C. § 1343; see also United States v. Poirier, 321 F.3d 1024, 1028 (11th Cir. 2003).

Defendant first objects to Judge Walker's finding that the charges in Counts Seven through Ten of the Indictment are properly pled. Doc. No. [74], p. 5. Generally, indictments in the Eleventh Circuit must be sufficient to (1) explain the elements of each charged offense, (2) notify the accused of the specific charges in order for the accused to form a defense, and (3) enable the accused to rely on the indictment as a bar against double jeopardy. United States v. Masino, 869 F.3d 1301, 1306 (11th Cir. 2017) (quoting United States v. Lang, 732 F.3d 1246, 1247 (11th Cir. 2013)). An indictment need only "track[] the language of the statute and provide[] a statement of facts that gives notice of the offense to the accused." United States v. McNair, 605 F.3d 1152, 1186 (11th Cir. 2010).

Upon review, the Court finds that the Indictment here is sufficient to accomplish all goals required by this Circuit: it explains the elements of the

16

offense, provides notice of the charges to the accused, and provides a bar against potential double jeopardy. The Indictment also closely matches the language of the wire fraud statute Defendant is charged under. Doc. No. [71], p. 31. Many of the phrases in the Indictment itself are taken directly from the statute. Doc. No. [71], pp. 31–32 (quoting 18 U.S.C. § 1343; Doc. No. [41], ¶ 88). The Indictment alleges several paragraphs of facts aligning with the elements of the statute. Doc. No. [41], pp. 21–22. Accordingly, the Court concludes that the Indictment meets the minimum requirements to suffice for its purpose. Defendant's objection on this point is thus overruled.

Defendant's second objection renews her previous argument that the wire fraud counts should be dismissed because the Indictment is devoid of any allegation that the allegedly false financial disclosure forms caused the payment of her regular salary. Doc. No. [74], p. 5. The Eleventh Circuit has yet to explicitly accept this "salary theory" of a wire or mail fraud charge. This theory says that where an employee continues to receive her normal salary from her employer while engaged in fraud, the payment of the salary itself can be the wire use required for the charge under 18 U.S.C. § 1343. At least two circuits, however, have utilized this theory to allow indictments for wire fraud.

17

In the Seventh Circuit, a wire fraud charge is allowed where payment of wages despite a scheme to avoid work is "at the heart of this… fraud." See, e.g., United States v. Turner, 551 F.3d 657, 666–67 (7th Cir. 2008). In the Third Circuit, wages paid can be used as the charged wire activities in a fraud perpetrated to receive payment from two sources for the same work. See, e.g., United States v. Morales, 664 F. App'x 228 (3d Cir. 2016).

Here, the Government argues that, had Defendant answered her ethical disclosures accurately, she would not have received the monetary benefit of her salary via qualifying technology. Doc. No. [64], pp. 4–5. Defendant, however, argues in response that the Indictment does not directly state that the false disclosures contrary to her ethical duties caused the payment of her regular salary. Doc. No [54], p. 1. Upon review, the Court agrees with the Government on this point. The Government sufficiently alleges a connection between payment of Defendant's salary and her false disclosure forms pursuant to her scheme to commit fraud through a "commonsense reading" of the Indictment as well as the Government's clear argument that but for Defendant's false disclosures, she would not have received the benefit of her regular salary. Doc. No. [64], p. 4. Defendant asserts that several circuits have rejected the

18

theory "where there was no nexus between the fraudulent scheme and the monetary benefit." Doc. No. [54], pp. 1–2. Specifically, Defendant argues that the Fifth and Seventh Circuits have looked unfavorably upon "salary theory" cases. Doc. No. [54], pp. 2–3 (citing United States v. Ratcliff, 488 F.3d 639 (5th Cir. 2007); United States v. Thompson, 484 F.3d 877 (7th Cir. 2007)). However, Defendant cites no binding precedent from the Eleventh Circuit.

In the R&R, Judge Walker also correctly stated that "a court may not dismiss an indictment… on a determination of facts that should have been developed at trial." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)). Defendant is free, at trial before the jury or on a Rule 29 motion at the close of evidence, to make her arguments about the wisdom of allowing payment of salary to form the basis for a wire fraud charge. However, the law is not established on this point in the Eleventh Circuit. For this reason, it would be inappropriate to dismiss Counts Seven through Ten of the Indictment where the charges are sufficiently pleaded. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases. Nor do the rules provides for a pre-trial determination of sufficiency of

19

the evidence. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges the language in the statute."). Because Defendant is asking for a dismissal based upon the insufficiency of the evidence, her motion may not be granted at this stage. Defendant's objection on this point is thus overruled.

## III. CONCLUSION

Accordingly, the Court **ADOPTS** the R&R in its entirety as the Order of this Court. Doc. No. [71]. Defendant's Motion to Strike Surplusage and Motion to Dismiss Counts are **DENIED**. Doc. Nos. [53]; [54]. Defendant's objections to the denial of her Motion for a Bill of Particulars and Motion for Early Disclosure of Jencks Act Material and Early Identification of the Government's Case-in-Chief Documents are **OVERRULED**. Doc. Nos. [53]; [56].

**IT IS SO ORDERED** this 30th day of October, 2019.

                                            s/Steve C. Jones_____
                                            **HONORABLE STEVE C. JONES**
                                            **UNITED STATES DISTRICT JUDGE**