IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MITZI BICKERS

Criminal Action No.

1:18-CR-98-SCJ-LTW

## UNITED STATES' MOTION TO EXCLUDE EVIDENCE
## RELATED TO CHARGING DECISIONS

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey W. Davis and Kurt R. Erskine, Assistant United States Attorneys, files this motion to exclude evidence regarding charging decisions.

## Introduction

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns.  (Doc. 41).  On November 5, 2018, Bickers pleaded not guilty to the charges and the case is scheduled for trial on April 13, 2020. (Docs. 45, 81).

## Analysis

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor.  *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004); *see also* U.S. CONST. amends. V, VI.  However, such rights are not absolute.  *See Hurn*, 368 F.3d at 1365-66.  Indeed, it "is axiomatic

that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense. *See Hurn*, 368 F.3d at 1365-66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008).

Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see* FED. R. EVID. 402 ("Relevant evidence is admissible," while "[i]rrelevant evidence is not admissible"). Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

In line with those concepts, the purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). To justify exclusion, the moving party must demonstrate that the expected evidence is clearly inadmissible on all relevant grounds. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp.2d 1350, 1351 (N.D. Ga. 2009) (courts "will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible"); *see also Luce*, 469 U.S. at 41; *F.D.I.C. v. Wheat*, 970 F.2d 124 (5th Cir. 1992).

Judged under these legal principles, Bickers should be precluded from introducing evidence or making arguments regarding the charging decisions

2

made by the United States.  After all, to the extent that Bickers seeks to present evidence or arguments: (1) that other individuals have not been charged for related conduct; or (2) that it is unfair that Bickers has charged, while other individuals involved in related criminal conduct remain uncharged – such evidence is irrelevant, inadmissible, and only serves to divert the jury's attention to matters unrelated to Bickers' guilt or innocence.

In that regard, the Eleventh Circuit has recognized that the "Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." *United States v. Cespedes*, 151 F.3d 1329, 1332 (11th Cir 1998) (internal quotations omitted); *accord United States v. Armstrong*, 517 U.S. 456, 464 (1996). United States Attorneys "have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take Care that the Laws be faithfully executed." *Cespedes*, 151 F.3d at 1332 (internal quotations omitted); *accord* U.S. CONST. Art. II, § 3; *see* 28 U.S.C. §§ 516, 547. As a general matter, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *accord Cespedes*, 151 F.3d at 1332; *see also United States v. Batchelder*, 442 U.S. 114, 124 25 (1979) ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints").

To begin, the claim that others "could have been charged but were not" is not a factual defense that bears upon whether Bickers is guilty of the crimes charged by the Grand Jury. *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("a

selective prosecution claim is not a defense on the merits to the criminal charge itself"). Rather, the "selective prosecution defense is an issue for the court to decide, not an issue for the jury." *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995). Here, of course, Bickers has not alleged any claim of selective prosecution – nor could she.  More to the issue at trial, even if Bickers had raised a selective prosecution claim, such a claim can never be made before the jury. *See Jones v. White*, 992 F.2d 1548, 1571 (11th Cir. 1993) (defendants have a "heavy burden" to show "selective prosecution"). After all, evidence that some other individual is currently uncharged has no probative value to the issues at trial and serves only to confuse or mislead the jury. *See* FED R. EVID. 402 and 403. Accordingly, the United States moves to preclude Bickers from presenting evidence or argument related to its charging decisions.

## <u>Conclusion</u>

WHEREFORE, the United States respectfully requests that the Court exclude all references to evidence and argument regarding its charging decisions.


Respectfully submitted,

BYUNG J. PAK
    *United States Attorney*


/s/<u>JEFFREY W. DAVIS</u>
        *Assistant United States Attorney*
    Georgia Bar No. 249953


/s/<u>KURT R. ERSKINE</u>
        *Assistant United States Attorney*
    Georgia Bar No. 249953


600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

5

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated:  March 5, 2020.

/s/ JEFFREY W. DAVIS
*Assistant United States Attorney*