IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' MOTION TO EXCLUDE DISCOVERY-RELATED ISSUES**

The United States of America, by Byung J. Pak, United States Attorney, and Jeffrey W. Davis and Kurt R. Erskine, Assistant United States Attorneys, files this motion to any exclude references (should they arise) to discovery-related issues at trial.

## Introduction

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). On November 5, 2018, Bickers pleaded not guilty to the charges and the case is scheduled for trial on April 13, 2020. (Docs. 45, 81).

## Analysis

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004); *see also* U.S. CONST. amends. V, VI. However, such rights are not absolute. *See Hurn*, 368 F.3d at 1365-66. Indeed, it "is axiomatic that a defendant's right to present a full defense does not entitle him to place before

the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense. *See Hurn*, 368 F.3d at 1365-66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008).

Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see* FED. R. EVID. 402 ("Relevant evidence is admissible," while "[i]rrelevant evidence is not admissible"). Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

In line with those concepts, the purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). To justify exclusion, the moving party must demonstrate that the expected evidence is clearly inadmissible on all relevant grounds. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp.2d 1350, 1351 (N.D. Ga. 2009) (courts "will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible"); *see also Luce*, 469 U.S. at 41; *F.D.I.C. v. Wheat*, 970 F.2d 124 (5th Cir. 1992).

Judged by these legal principles, to the extent that any discovery-related issues arise at trial, the United States requests that the parties address those matters outside the presence of the jury. Discovery-related comments are irrelevant to the

jury's function and may create the impression that one party has suppressed information to seek an unfair tactical advantage at trial. *See United States v. Dochee*, 08-CR-108–4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (excluding "commentary on discovery matters by either party in the presence of the jury [because it] could create the impression that the opposing party is withholding information"). More to the point, the parties can address any discovery-related issues outside the presence of the jury with no resulting prejudice. *See United States v. Cochran*, 4:13-CR-022-HLM-WEJ, 2014 WL 12695800, at *4 (N.D. Ga. Nov. 17, 2014) (the "Court will require the Parties to take up any comments or issues relating to discovery outside the presence of the jury"); *United States v. Gray*, 2:07-CR-166, 2010 WL 1258169, *3 (N.D. Ind. Mar. 26, 2010) (granting "motion to preclude requests of discovery from witnesses or opposing counsel, moving the court for such discovery or otherwise commenting on discovery matters in the presence of the jury. Any necessary requests for or comments about discovery can be made outside of the jury's presence"); *see also Thompson v. Glenmede Trust Co.*, No. 92-5233, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996) ("the Court will not permit either party to refer to the discovery process in the presence of the jury").

As a result, the United States requests that the Court require that all comments relating to discovery issues be made outside the presence of the jury.

## Conclusion

WHEREFORE, the United States respectfully requests that the Court exclude any reference to discovery-related issues in front of the jury.

Respectfully submitted,

BYUNG J. PAK
   *United States Attorney*

/s/JEFFREY W. DAVIS
   *Assistant United States Attorney*
Georgia Bar No. 426418

/s/KURT R. ERSKINE
   *Assistant United States Attorney*
Georgia Bar No. 249953

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## **CERTIFICATE OF SERVICE**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 5, 2020.

                                          /s/ JEFFREY W. DAVIS
                                        *Assistant United States Attorney*