IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' MOTION TO ADMIT DEFENDANT'S PROFFER FOR IMPEACHMENT, CROSS-EXAMINATION, AND REBUTTAL**

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Tiffany R. Johnson, Jeffrey W. Davis, and Kurt R. Erskine, Assistant United States Attorneys, files this motion to admit for purposes of impeachment, cross-examination, and rebuttal prior statements made by defendant Mitzi Bickers during a proffer session if Bickers presents evidence at trial that is inconsistent with her proffered statements.

**Facts Relevant to this Motion**

Prior to her indictment in this case, Bickers agreed to provide a proffer to the government. On October 4, 2017, Bickers and her counsel were provided a proffer letter agreement outlining the terms of her proffer session.[1] Paragraph 1 of the letter agreement provided:

> The United States Attorney's Office for the Northern District of Georgia and the Federal Bureau of Investigation (collectively "the Government") require completely truthful statements from you and your client, with no material misstatements or omissions of fact. Statements made to the Government by you or your

---

[1] A true and correct copy of the October 4, 2017 proffer letter is attached hereto as Exhibit 1.

> client during this proffer session cannot and will not be used against her in the grand jury or at trial, if charges are brought against your client in the future. If at trial, your client offers evidence through witness testimony, documentary evidence, or in any other manner that is inconsistent (as determined by the presiding court) with the proffered information, the Government may use your client's proffered statements for cross-examination, impeachment, or rebuttal evidence. No statements made by your client during the proffer will be used against her to increase her offense level pursuant to the Sentencing Guidelines (Section 1B1.8). Crimes of violence are excluded from the terms of this paragraph.

The same day, Bickers signed the proffer letter agreement indicating she reviewed it with her attorney, understood it, and voluntarily agreed to it. *See* Ex. 1 at 3. Her attorney also signed the proffer agreement. *Id.*

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). On November 5, 2018, Bickers pleaded not guilty to the charges and the case is scheduled for trial on April 13, 2020.

## Analysis

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Although motions in limine are frequently used to exclude evidence, parties may also use the motion "to get a ruling that evidence is admissible." *See Harris v. Thornton*, No. 5:08-cv-068, 2009 WL 10702279, at *1 (S.D. Ga. Dec. 2, 2009). Here, in

the event that Bickers presents evidence at trial that is inconsistent with her proffer, the government first will seek a ruling from the Court that the evidence is inconsistent with the proffered statements and, if so held, move for the admission of Bickers' proffer statements for purposes of impeachment, cross-examination, and rebuttal pursuant to her agreement with the government.

Generally, "any statement made in the course of plea discussions with an attorney for the prosecuting attorney which do not result in a plea of guilty" is not admissible as evidence in a criminal trial. FED. R. EVID. 410. "However, a defendant may waive the rights [s]he is accorded pursuant to Federal Rule of Evidence 410." *United States v. Artis*, 261 F. App'x 176, 178 (11th Cir. 2008) (citing *United States v. Mezzanatto*, 513 U.S. 196 (1995)). Specifically, an agreement to waive the exclusionary provisions of Rule 410, "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily," is valid and enforceable. *Mezzanatto*, 513 U.S. at 210; *Artis*, 261 F. App'x at 178 ("The construction of proffer agreements, like plea agreements, is governed generally by the principles of contract law, as we have adapted it for the purposes of criminal law") (quoting *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998)).

In *Artis*, the proffer letter at issue provided that any statements made during the proffer session could be used "for the purpose of cross-examination, impeachment, and rebuttal should [the defendant] testify at any proceeding in any manner contrary to this proffer." *Artis*, 261 F. App'x at 178. When the defendant introduced evidence at trial that was inconsistent with his proffer to the government, the government introduced his proffer as impeachment evidence. *Id.* The Eleventh Circuit held that the defendant's proffer statements were properly

admitted pursuant to the explicit terms of the proffer letter agreement. *Id.; see United States v. Tomlinson*, 674 F. App'x 892, 896-97 (11th Cir. 2017) (admission of proffer statements was proper where *inter alia* defendant's counsel made arguments during opening statements that were inconsistent with his proffer to the government). Numerous other circuits agree that such waivers conditioned on the defendant's presentation of contradictory or inconsistent evidence or testimony are enforceable. *See United States v. Krilich*, 159 F.3d 1020, 1024 (7th Cir. 1998); *United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008); *United States v. Velez*, 354 F.3d 190, 196 (2d Cir. 2004); *see also United States v. Rebbe*, 314 F.3d 402, 407 (9th Cir. 2002) (affirming admission of proffer statements on rebuttal); *United States v. Burch*, 156 F.3d 1315, 1321-22 (D.C. Cir. 1998) (plea statements were admissible in the government's case-in-chief).

Here, like the defendant in *Artis*, Bickers knowingly and voluntarily entered into a proffer agreement with the government that her proffer statements can be used for purposes of impeachment, cross-examination, or rebuttal in the event Bickers presents evidence inconsistent with her proffer. *See* Ex. 1.

## **Conclusion**

For the reasons discussed above, the United States respectfully requests that, in the event inconsistent evidence is presented by Bickers at trial, the Court permit introduction of Bickers' proffer statements for purposes of impeachment, cross-examination, and rebuttal.

Respectfully submitted,

BYUNG J. PAK
   *United States Attorney*


/s/TIFFANY R. JOHNSON
   *Assistant United States Attorney*
Georgia Bar No. 638051


/s/KURT R. ERSKINE
   *Assistant United States Attorney*
Georgia Bar No. 249953


/s/ JEFFREY W. DAVIS
   *Assistant United States Attorney*
Georgia Bar No. 426418


600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 5, 2020.

/s/ TIFFANY R. JOHNSON
*Assistant United States Attorney*