IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' MOTION TO EXCLUDE PRIOR INVOCATIONS OF THE FIFTH AMENDMENT BY A WITNESS**

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Tiffany R. Johnson, Jeffrey W. Davis, and Kurt R. Erskine, Assistant United States Attorneys, files this motion to exclude evidence of a potential witness's prior invocation of his Fifth Amendment privilege to remain silent. Such evidence is inadmissible and lacks any probative value.

**Facts Relevant to this Motion**

On January 25, 2017, E.R. Mitchell, Jr. pleaded guilty to one count of conspiracy to bribe City of Atlanta officials in exchange for city contracts and laundering the proceeds of the bribery scheme. *United States v. Elvin R. Mitchell, Jr.*, No. 1:17-cr-00015-SCJ (Doc. 7-1). As part of his negotiated plea, Mitchell agreed to cooperate with the government, including testifying in any trial when called to do so by the government. (*Id.* at 8).

On November 9, 2017, Mitchell was deposed in connection with a contested divorce proceeding pending in Fulton County Superior Court. *See Marjorie Mitchell v. Elvin R. Mitchell, Jr., et al.*, No. 2017-CV-285661.[1] During his deposition, Mitchell

---

[1] A true and correct copy of the transcript of Mitchell's deposition in his divorce proceeding is attached hereto as Exhibit 1 and filed under seal.

was questioned regarding his involvement with Mitzi Bickers, bribe payments he made to Bickers, his guilty plea, and numerous other alleged criminal acts. *See* Ex. 1. Mitchell invoked his Fifth Amendment right to remain silent repeatedly. *Id.* On at least four occasions during the deposition, Mitchell explained that he was "a cooperating witness," "cooperating with the government," and that his "hands are tied," because of an ongoing federal investigation. *See* Ex. 1 at 13:1-21, 46:24-25, 49:24-50:1, 80:11-15. The transcript clearly reflects that Mitchell was represented by counsel during the deposition, who at one point advised Mitchell that he need not explain why he is invoking the Fifth Amendment privilege. *See* Ex. 1 at 46:10-14.

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). Specifically, Bickers is charged with conspiring with Mitchell and others to commit bribery to obtain City of Atlanta contracts. (*Id.*) Bickers' case has now been specially set for trial on April 13, 2020. (Doc. 81). In the event the government calls Mitchell to testify, Bickers may attempt to impeach Mitchell with his prior invocations of the Fifth Amendment during the November 9, 2017 civil deposition. Such evidence should be excluded.

## Argument and Citation to Authority

### I. Motion in Limine Standard

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. *See United States v. Hurn*,

368 F.3d 1359, 1362 (11th Cir. 2004); *see also* U.S. CONST. amends. V, VI. However, such rights are not absolute. *See Hurn*, 368 F.3d at 1365-66. Indeed, it "is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense. *See Hurn*, 368 F.3d at 1365-66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008) ("where the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense … a defendant has no right to introduce that evidence") (internal quotations omitted).

Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see* FED. R. EVID. 402 ("Relevant evidence is admissible," while "[i]rrelevant evidence is not admissible"). Notably, even when evidence is relevant, courts may exclude that evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.

3

1996). To justify exclusion, the moving party must demonstrate that the expected evidence is clearly inadmissible on all relevant grounds. *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp.2d 1350, 1351 (N.D. Ga. 2009) (courts "will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible"); *see also Luce*, 469 U.S. at 41. Here, evidence of Mitchell's prior invocations of his Fifth Amendment privilege is clearly inadmissible under Supreme Court precedent and Rule 403.

II.     **Mitchell's prior invocations of the Fifth Amendment are inadmissible.**

The Fifth Amendment privilege against self-incrimination extends to testimony, even if given in civil proceeding, which might incriminate as to future criminal charges. *See Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976). Generally, therefore, a prior invocation of the Fifth Amendment is inadmissible. *See Griffin v. California*, 380 U.S. 609, 612 (1965) (comment regarding defendant's refusal to testify is reversible error). An exception to this general rule is that "[a] witness's credibility may be impeached by a prior inconsistent statement so long as 'the statements are indeed inconsistent.'" *United States v. Frye*, 243 F. App'x 575, 576 (11th Cir. 2007) (quoting *United States v. Hale*, 422 U.S. 171 (1975)). As a result, a party may cross-examine a witness regarding his prior invocation of the Fifth Amendment only if that party "establish[es] a threshold inconsistency" between the witness's invocation of the privilege and his testimony at trial. *Grunewald v. United States*, 353 U.S. 391, 419 (1957); *Hale*, 422 U.S. at 176 (1975).

In *Grunewald*, the U.S. Supreme Court identified three factors relevant to determining whether silence is inconsistent with later testimony: (1) repeated assertions of innocence before the tribunal; (2) the secretive nature of the tribunal

in which the initial questioning occurred; and (3) the focus on the witness as a potential defendant at the time, making it "natural for him to fear that he was being asked questions for the very purpose of providing evidence against himself." *Grunewald*, 353 U.S. at 423. In considering these factors, the Supreme Court's decision in *United States v. Hale* "teaches that the trial court must start this task from a binary premise: (1) that silence per se generally has little or no probative value for impeachment purposes; and (2) that evidence of the invocation of the right to remain silent is inherently prejudicial." *United States v. Zaccaria*, 240 F.3d 75, 79 (1st Cir. 2001) (internal citations omitted). Absent special circumstances, "a proffer of such evidence should be rejected." *Id.*; *see also Frye*, 243 F. App'x at 576 ("[s]ilence is typically too ambiguous to carry probative weight, and absent an inconsistency between the witness's silence and his later exculpatory testimony, 'proof of silence lacks any significant probative value and must therefore be excluded.'").

As to the first *Grunewald* factor, trial courts may also consider whether the privilege is asserted in good faith, and whether the privilege is asserted "on advice of counsel." *See United States v. Tuzman*, No. 15 CR 536 (PGG), 2017 WL 5903356, at *6 (S.D.N.Y. Nov. 27, 2017) (citing *United States v. Carr*, 584 F.2d 612, 618 (2d Cir. 1987) ("the good faith assertion by a witness of his Fifth Amendment rights would ordinarily preclude an inference of inconsistency"). While Mitchell never "asserted his innocence" during the deposition, there is evidence that he asserted the Fifth Amendment privilege on advice of counsel in good faith. *See Tuzman*, 2017 WL 5903356, at *6. The transcript clearly reflects that Mitchell was represented by counsel during the deposition, who at one point advised Mitchell

5

that he need not explain why he is invoking the Fifth Amendment privilege. *See* Ex. 1 at 46:10-14. Moreover, while Mitchell had already pleaded guilty, many of the questions posed by opposing counsel during his deposition implicated more potentially criminal conduct than covered by Mitchell's guilty plea and cooperation agreement, including allegations of perjury and false statements. *See, e.g.* Ex. 1 at 92:1-18; *Tuzman*, 2017 WL 5903356, at *6 (rejecting argument that witness had "already incriminated himself" because he had pleaded guilty prior to a civil deposition where questions by opposing counsel "implicated much more than the crimes [the witness] had pleaded guilty to"). Because it is clear that Mitchell had a sound basis to assert his Fifth Amendment privilege during his civil deposition, the first *Grunewald* factor weighs in favor of preclusion.

Similarly, the second factor also favors preclusion. While Mitchell's civil deposition was not held in secret, it was not "an open court proceeding, where cross-examination and judicially supervised procedure provided safeguards for the establishing of the whole, as against the possibility of merely partial, truth." *Grunewald*, 353 U.S. at 423; *Tuzman*, 2017 WL 5903356, at *6. Moreover, during the five-hour deposition, Mitchell was repeatedly asked to admit his involvement in criminal conduct. *See Tuzman*, 2017 WL 5903356, at *6 (second factor favored preclusion where, during a seven-hour deposition, the opposing attorney "badgered [the witness] regarding his invocation of the Fifth Amendment and repeatedly prodded [the witness] to admit that he was lying"); *Hale*, 422 U.S. at 179 (as to the second factor, courts should consider whether the witness may "have been intimidated by the setting, or at the very least, may have preferred to make any statements in more hospitable surroundings, in the presence of an attorney,

or in open court."). Mitchell was likely intimidated by the setting and opposing counsel's prodding into his cooperation with the government.

Finally, as to the third factor, it is clear both from the transcript and the context of Mitchell's cooperation with the government at the time of his deposition that it was "natural for [Mitchell] to fear that he was being asked questions for the very purpose of providing evidence against himself." *Grunewald*, 353 U.S. at 423; *Hale*, 422 U.S. at 178-79. Like the witness in *Tuzman,* who had pleaded guilty to a fraud charge but was being pressured during his deposition to admit to making false statements and committing perjury (2017 WL 5903356, at *7), Mitchell had pleaded guilty to a conspiracy charge but was being pressed to admit to making false statements and perjuring himself.[2] Therefore, all three *Grunewald* factors weigh in favor of preclusion of evidence that Mitchell previously invoked his Fifth Amendment privilege during his civil deposition.

### III. Rule 403 also precludes evidence of prior invocations of the Fifth Amendment.

Under Fed. R. Evid. 403, the court "may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As discussed above, in most circumstances, silence is too ambiguous to have any probative force. *See Hale*, 422 U.S. at 176; *Frye*, 243 F. App'x at 578 (permitting prior invocation of the Fifth

---

[2] Notably, while Mitchell had been sentenced at the time of his deposition, the government had indicated during his sentencing hearing that it intended to file a motion pursuant to Fed. R. Crim. P. 35 to seek reduction of Mitchell's sentence for providing substantial assistance to the government. The government did, in fact, seek reduction of Mitchell's sentence due to his substantial assistance.

Amendment for purposes of impeachment was abuse of discretion); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 (5th Cir. 1990) ("The assertion of the [Fifth Amendment] privilege, particularly on the advice of counsel, is an ambiguous response."). And, evidence of a witness's prior invocation of the Fifth Amendment privilege is "inherently prejudicial." *See Zaccaria*, 240 F.3d at 79; *Frye*, 243 F. App'x at 576 ("The potential prejudice, of course, is that the jury might infer guilt from the [witness's] prior reluctance to submit to questioning."). In the event Mitchell is called to testify, his repeated invocations of the Fifth Amendment privilege during his deposition hold very little, if any, probative value and would likely prejudice the jury against Mitchell and improperly impugn his credibility. Therefore, the Court should exclude any evidence of his prior invocations of the Fifth Amendment.

## **Conclusion**

For the reasons discussed above, the United States respectfully requests that, if Mitchell is called to testify, the Court exclude any evidence of his prior invocations of the Fifth Amendment privilege in a prior civil proceeding.

Respectfully submitted,

BYUNG J. PAK
   *United States Attorney*

/s/ TIFFANY R. JOHNSON
   *Assistant United States Attorney*
Georgia Bar No. 638051

/s/ KURT R. ERSKINE
   *Assistant United States Attorney*
Georgia Bar No. 249953

/s/  JEFFREY W. DAVIS
   *Assistant United States Attorney*
Georgia Bar No. 426418

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated:  March 5, 2020.

/s/ TIFFANY R. JOHNSON
*Assistant United States Attorney*
