IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' MOTION TO EXCLUDE POLYGRAPH EVIDENCE**

The United States of America, by Byung J. Pak, United States Attorney, and Kurt R. Erskine and Jeffrey W. Davis, Assistant United States Attorneys for the Northern District of Georgia, files this Motion in Limine, asking the Court to exclude evidence of a polygraph taken by the Defendant before she was indicted by the Grand Jury in this case.

## Factual and Procedural Background

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with : (1) conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Counts One and Two); (2) bribery, in violation of 18 U.S.C. § 666(a)(2) (Count Three); (3) money laundering, in violation of 18 U.S.C. § 1957 (Counts Four, Five, and Six); (4) wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Counts Seven, Eight, Nine, and 10); (5) tampering with a witness or informant, in violation of 18 U.S.C. § 1512(b)(3) (Count 11); and (6) filing false tax returns, in violation of 26 U.S.C. § 7206 (Count 12).  [Doc. 41].

The Supreme Court has recognized, "there is simply no consensus that polygraph evidence is reliable." *United States v. Scheffer*, 523 U.S. 303, 309, 118 S.

Ct. 1261, 1265 (1998) (also noting that "the scientific community remains extremely polarized about the reliability of polygraph techniques"). Some studies, for example, show that the accuracy rate of the "control question technique," is "little better than could be obtained by the toss of a coin, that is, 50 percent." *Id*. at 310, 118 S. Ct. at 1265 (internal quotations and citation omitted). The reliability of results may also be affected by countermeasures, that is, "deliberately adopted strategies that a polygraph examinee can employ to provoke physiological responses that will obscure accurate readings and thus 'fool' the polygraph machine and the examiner." *Id*. at 310 n.6, 118 S. Ct. at 1265 n.6. Given these reliability concerns, the Supreme Court in *Scheffer* upheld a military rule of evidence excluding all polygraph evidence, finding that the rule was "a rational and proportional means of advancing the legitimate interest in barring unreliable evidence." *Id*. at 312, 118 S. Ct. at 1266.

The Eleventh Circuit, too, has recognized the problems associated with polygraph evidence. Although such evidence is no longer per se disallowed in this Circuit, "[o]pinions based on polygraph examinations are seldom, if ever, admissible into evidence." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1284 (11th Cir. 2010). Indeed, the Court has "never held that it is an abuse of discretion to exclude the opinion of a polygraph examiner." *Id.*

In *United States v. Piccinonna*, the court placed "carefully constructed limitations" on using polygraph evidence in court and restricted its use to only two situations. 885 F.2d 1529 (11th Cir. 1989) (*en banc*). The district court may admit polygraph evidence (1) "when both parties stipulate in advance as to the

2

circumstances of the test and as to the scope of its admissibility"; or (2) "when used to impeach or corroborate the testimony of a witness at trial." *Id*. at 1536.

To admit evidence in the second situation, a party must satisfy three conditions. *Id*. First, the party "must provide adequate notice to the opposing party that the expert testimony will be offered." *Id*. Second, the opposing party must be "given reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions." *Id*. Third, the Federal Rules of Evidence for the admissibility of corroborative or impeachment testimony will govern the admissibility of the polygraph administrator's testimony. *Id*. The Defendant has not satisfied any of these conditions.

Federal Rule of Evidence 608 further places limits on the use of evidence to corroborate or impeach a witness's testimony. *Id*. And even when all three of these conditions are met, "admission of polygraph evidence for impeachment or corroboration purposes is left entirely to the discretion of the trial judge." *Id*. *Piccinonna* does not "preempt or limit in any way the trial court's discretion to exclude polygraph expert testimony on other grounds under the Federal Rules of Evidence," including Rules 401, 403, and 702. *Id*. The district court "has wide discretion in this area, and rulings on admissibility will not be reversed unless a clear abuse of discretion is shown." *Id*. at 1537; *see United States v. Henderson*, 409 F.3d 1293, 1303 (11th Cir. 2005) (noting that this Court has "yet to hold that exclusion of polygraph evidence at trial was an abuse of discretion under *Piccinonna*").

Here, Bickers may not seek admission of testimony from the polygraphist solely to corroborate her trial testimony, in the event the government attacked her

3

character for truthfulness at trial.  Federal Rule of Evidence 608 applies to such corroborative testimony.  *See Piccinonna*, 885 F.2d at 1536; *United States v. Thomas*, 768 F.2d 611, 618 (5th Cir. 1985). Under Rule 608(a), a witness's credibility may be supported by "testimony about the witness's reputation for having a character for truthfulness . . ., or by testimony in the form of an opinion about that character." FED. R. EVID. 608(a). But such character evidence is admissible "only after the witness's character for truthfulness has been attacked." *Id*.

Rule 608 was not satisfied here for two reasons. "An 'attack' that consists only of 'Government counsel pointing out inconsistencies in testimony and arguing that the accused's testimony is not credible does not constitute an attack on the accused's reputation for truthfulness within the meaning of Rule 608.'" *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005) (quoting *United States v. Danehy*, 680 F.2d 1311, 1314 (11th Cir. 1982)); *see id.* at 1316 (noting that "questioning the veracity of the accused's testimony and calling attention to inconsistencies therein does not constitute an attack . . . permitting rehabilitative testimony"); *Thomas*, 768 F.2d at 618 ("Vigorous cross-examination and/or the fact that a witness is contradicted by other evidence in the case does not constitute such an attack.").

Second, Rule 608(a) only "permits a witness to testify as to another witness's general character for truthfulness or untruthfulness" and "does not allow the witness to opine about another witness's truthfulness on a particular occasion." *United States v. Rivera*, 780 F.3d 1084, 1096 (11th Cir. 2015). Rule 608(b) similarly prohibits extrinsic evidence of "specific instances of a witness's conduct" (except for prior criminal convictions under Rule 609) to "support the witness's character

4

for truthfulness." FED. R. EVID. 608(b). Bickers, therefore, cannot introduce this type of "particular occasion" evidence if she chooses to testify.

## Conclusion

For the reasons discussed above, the United States respectfully requests that the Court exclude any evidence of the Defendant's polygraph before she was indicted by the Grand Jury in this case.

           Respectfully submitted,

           BYUNG J. PAK
              *United States Attorney*

           /s/KURT R. ERSKINE
              *Assistant United States Attorney*
           Georgia Bar No. 249953

           /s/JEFFREY W. DAVIS
              *Assistant United States Attorney*
           Georgia Bar No. 426418

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 5, 2020

/s/ KURT R. ERSKINE
KURT R. ERSKINE
*Assistant United States Attorney*