IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

### UNITED STATES' MOTION TO EXCLUDE
### EVIDENCE OF ALLEGED MISCONDUCT AND CIVIL LITIGATION

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Tiffany R. Johnson, Jeffrey W. Davis, and Kurt R. Erskine, Assistant United States Attorneys, files this motion to exclude evidence of a potential witness's alleged misconduct, her termination, and evidence relating to a subsequent civil lawsuit. Such evidence is improper character evidence with little probative value and should be excluded under Fed. R. Evid. 404(b) and 403.

### Facts Relevant to this Motion

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). Bickers is charged, in part, with attempting to bribe city officials in Jackson, Mississippi in order to obtain lucrative government contracts in 2014 and 2015. (*Id.*). Bickers' case has now been specially set for trial on April 13, 2020. (Doc. 81).

At the time of Bickers' bribery scheme in Jackson, Stephanie Coleman worked for the City of Jackson as the Equal Business Opportunity Officer (EBO) in the Department of Planning and Economic Development. As the EBO, Coleman was

responsible for ensuring diversity in the City's contractor selections and reviewing applications for minority business registrations and certifications for subcontractors. Coleman also served on the evaluation committees for bids relating the City's Wastewater Consent Decree Program Management Services contract.

On November 12, 2015, Coleman's employment with the City of Jackson was terminated. In February 2017, Coleman filed a civil lawsuit in the district court for the Southern District of Mississippi alleging, in part, that she was fired because she refused the sexual advances of her supervisor and coworkers and refused to participate in a "pay-to-play" scheme. *Stephanie Coleman v. City of Jackson, Mississippi, et al.*, No. 3:17-cv-73-HTW-LRA (Doc. 1). In response, the City of Jackson alleged that Coleman was terminated because she provided confidential information to a city minority contractor. *Id.* (Doc. 45). The City of Jackson settled the lawsuit in September 2018. In the event Coleman is called to testify, Defendant Bickers may attempt to introduce evidence regarding Coleman's termination, her lawsuit against the City and its employees, and her subsequent settlement. The Court should exclude this evidence because it is irrelevant to the issues presented in this case.

**Argument and Citation to Authority**

**I. Motion in Limine Standard**

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004); *see also* U.S. CONST. amends. V, VI. However, such rights are not absolute. *See Hurn*, 368 F.3d at 1365-66. Indeed, it "is axiomatic

that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense. *See Hurn*, 368 F.3d at 1365-66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008) ("where the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense … a defendant has no right to introduce that evidence") (internal quotations omitted).

Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see* FED. R. EVID. 402 ("Relevant evidence is admissible," while "[i]rrelevant evidence is not admissible"). Notably, even when evidence is relevant, courts may exclude that evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). To justify exclusion, the moving party must demonstrate that the expected evidence is clearly inadmissible on all relevant grounds. *Wilson v. Pepsi Bottling*

3

*Grp., Inc.*, 609 F. Supp.2d 1350, 1351 (N.D. Ga. 2009) (courts "will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible"); *see also Luce*, 469 U.S. at 41. Here, evidence relating to Coleman's termination and subsequent sexual harassment lawsuit is not relevant to the charges against Bickers, and it should be excluded as improper character evidence with little probative value.

## II. Evidence of Coleman's termination and civil lawsuit is inadmissible character evidence.

Generally, "evidence of a crime or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). While such evidence may be admissible under Rule 404(b)(2) for other purposes, such as proof to show motive or intent, the evidence must meet a three-part test: "(1) it must be relevant to an issue other than [the witness's] character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that [the witness] committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

Here, evidence regarding Coleman's termination, her subsequent lawsuit, and the resolution of the suit meets none of the three factors permitting admissibility under Rule 404(b)(2). First, there is no credible argument that evidence regarding Coleman's termination and civil lawsuit is relevant to any allegation in the indictment. *See* FED. R. EVID. 404(b)(2) (other acts "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan,

4

knowledge, identity, absence of mistake, or lack of accident"). The fact that Coleman was ultimately terminated from her job with the City of Jackson and filed a sexual harassment lawsuit does not "tend to make a fact of consequence more probable or less probable," and it therefore, should be excluded. *See* FED. R. EVID. 401. Moreover, while it is not in dispute that Coleman was terminated or that she filed suit, the alleged reason for her termination and the allegations in the suit were never proven by a preponderance of the evidence. Rather, the City of Jackson settled the case for an undisclosed amount. The risk that the jury could place undue emphasis on an unsubstantiated allegation of wrongdoing or salacious allegations in the lawsuit is greatly outweighed by any potential probative value such evidence might have. Its admission also risks going down a rabbit hole of facts that do not relate to the case at hand, making more complex and unnecessarily extending an already lengthy trial. Ultimately, the evidence does not satisfy Rule 403 and it should not be permitted by the Court.

### III. Evidence of Coleman's termination and lawsuit is not probative of her character for truthfulness.

To the extent Defendant seeks to cross-examine Coleman regarding her termination or civil suit, such attempts should also not be permitted. Rule 608 only permits cross-examination with specific instances of conduct if, in the court's discretion, the conduct is "probative of truthfulness or untruthfulness." *See* FED. R. EVID. 608(b) (extrinsic evidence of specific conduct is not admissible to attack a witness's character for truthfulness); *United States v. Sellers*, 906 F.2d 597, 602 (11th Cir. 1990). In other words, efforts to impeach a witness with specific conduct that is *not* probative of truthfulness or untruthfulness is not permissible. *See Sellers*, 906 F.2d at 603 (theft is not an act probative of a witness's character for truthfulness);

5

*Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) (neither unethical conduct nor seeking a bankruptcy discharge "show a disregard for the truth that would cast doubt on a witness's veracity"); *United States v. Navaton*, 271 F.3d 968, 1006 (11th Cir. 2001) (evidence of reprimand after failing to document a conversation with an informant was not probative of truthfulness). The Eleventh Circuit has identified fraud, forgery, and perjury as conduct probative of a witness's character for truthfulness. *See Navaton*, 271 F.3d at 1006 (citing *Ad-Vantage*, 37 F.3d at 1464).

There is no evidence that Coleman's employment with the City of Jackson was terminated because of any conduct that would show a disregard for truth that casts doubt on her veracity. At most, the City's unsubstantiated allegation that she leaked confidential information to a contractor unrelated to this case is a violation of city policy that in no way speaks to her character for truthfulness. *See Ad-Vantage*, 37 F.3d at 1464 ("To infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'"). Similarly, neither the fact that Coleman filed a lawsuit nor the allegations in the suit reflect any dishonest or fraudulent conduct that could reflect on Coleman's veracity. Instead, it risks having the entire proceeding devolve into an employment dispute. Therefore, the Court should not permit cross-examination or efforts to impeach Coleman with this improper character evidence.

## **Conclusion**

For the reasons discussed above, the United States respectfully requests that, if Coleman is called to testify, the Court exclude any evidence of alleged misconduct leading to her termination and any evidence relating to her civil lawsuit filed against the City of Jackson.

Respectfully submitted,

B<small>YUNG</small> J. P<small>AK</small>
*United States Attorney*


/s/T<small>IFFANY</small> R. J<small>OHNSON</small>
*Assistant United States Attorney*
Georgia Bar No. 638051


/s/K<small>URT</small> R. E<small>RSKINE</small>
*Assistant United States Attorney*
Georgia Bar No. 249953


/s/  J<small>EFFREY</small> W. D<small>AVIS</small>
*Assistant United States Attorney*
Georgia Bar No. 426418

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

7

## **CERTIFICATE OF SERVICE**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 6, 2020.

/s/ TIFFANY R. JOHNSON
*Assistant United States Attorney*