IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' MOTION TO EXCLUDE
EVIDENCE OF REMOTE PRIOR MISCONDUCT**

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Tiffany R. Johnson, Jeffrey W. Davis, and Kurt R. Erskine, Assistant United States Attorneys, files this motion to exclude evidence of a potential witness's alleged misconduct that is remote and did not result in a criminal conviction as such evidence is inadmissible under the Federal Rules of Evidence.

**Facts Relevant to this Motion**

On January 25, 2017, E.R. Mitchell, Jr. pleaded guilty to one count of conspiring to bribe City of Atlanta officials in exchange for city contracts and to launder the proceeds of the bribery scheme. *U.S. v. Elvin R. Mitchell, Jr.*, No. 1:17-CR-00015-SCJ (Doc. 7-1). As part of his negotiated plea, Mitchell agreed to cooperate with the government, including testifying in any trial when called to do so by the government. (*Id.* at 8.) Shortly after, Mitchell's wife filed for divorce in Fulton County Superior Court. *See Marjorie Mitchell v. Elvin R. Mitchell, Jr., et al.*, No. 2017-CV-285661.

In connection with his construction businesses, Mitchell and his businesses have been the subject of litigation on several occasions since the mid-2000s. For

example, during his divorce proceedings, Mitchell's wife alleged that Mitchell settled a dispute with Fulton County Schools in 2006 over alleged overbilling for construction work his company performed. According to Mitchell's wife, Mitchell was barred from obtaining city contracts after the settlement. It was later reported in local news media that Mitchell's wife obtained a copy of a 2006 unsigned non-prosecution agreement offered to Mitchell by federal prosecutors seeking Mitchell's cooperation with ongoing investigations.

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). Specifically, Bickers is charged with conspiring with Mitchell and others to commit bribery to obtain City of Atlanta contracts. (*Id.*). Bickers' case has now been specially set for trial on April 13, 2020. (Doc. 81). In the event the government calls Mitchell to testify, Bickers may attempt to introduce evidence of Mitchell's prior conduct giving rise to lawsuits, his cooperation with government investigations dating back to the mid-2000s, and other remote conduct. Such evidence should be excluded.

<u>**Argument and Citation to Authority**</u>

**I. Motion in Limine Standard**

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. *See United States v. Hurn*, 368 F.3d 1359, 1362 (11th Cir. 2004); *see also* U.S. CONST. amends. V, VI. However, such rights are not absolute. *See Hurn*, 368 F.3d at 1365-66. Indeed, it "is axiomatic

that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). Accordingly, defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense. *See Hurn*, 368 F.3d at 1365-66; *United States v. Masferrer*, 514 F.3d 1158, 1161 (11th Cir. 2008) ("where the proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense … a defendant has no right to introduce that evidence") (internal quotations omitted).

Under the federal rules, evidence "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401; *see* FED. R. EVID. 402 ("Relevant evidence is admissible," while "[i]rrelevant evidence is not admissible"). Notably, even when evidence is relevant, courts may exclude that evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Trial courts have "broad discretion to determine the relevance and admissibility of any given piece of evidence." *United States v. Merrill*, 513 F.3d 1293, 1301 (11th Cir. 2008).

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). To justify exclusion, the moving party must demonstrate that the expected evidence is clearly inadmissible on all relevant grounds. *Wilson v. Pepsi Bottling*

*Grp., Inc.*, 609 F. Supp.2d 1350, 1351 (N.D. Ga. 2009) (courts "will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible"); *see also Luce*, 469 U.S. at 41. Here, evidence of misconduct dating back prior to 2006 is both inadmissible character evidence and too remote to have any probative value on cross-examination.

## II. Mitchell's prior conduct is inadmissible character evidence.

Generally, "evidence of a crime or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). While such evidence may be admissible under Rule 404(b)(2) for other purposes, such as proof to show motive or intent, the evidence must meet a three-part test: "(1) it must be relevant to an issue other than [the witness's] character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that [the witness] committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)). Here, evidence regarding Mitchell's prior conduct in connection with his businesses, including prior lawsuits, meets none of the three factors permitting admissibility under Rule 404(b)(2).

First, Mitchell's business practices and civil disputes in the mid-2000s bear no relevance to his participation in the bribery scheme for City contracts, nor does his conduct tend to show Defendant Bickers did not commit the crimes with which she is charged. *See United States v. Hairston*, 627 F. App'x 857, 859 (11th Cir. 2015)

4

(co-defendant's dated prior convictions were properly excluded where they would not have tended to show that the defendant did not commit the crimes with which she was charged). Instead, such evidence would only be introduced to impugn Mitchell's character. *See* FED. R. EVID. 401 (evidence of relevant only if it "tends to make a fact of consequence more probable or less probable"). Second, there does not appear to be any evidence that the allegations raised against Mitchell in prior civil lawsuits were ever substantiated by a preponderance of the evidence, especially where the suits were resolved via settlement. *See United States v. Cox*, 536 F.2d 65, 71-72 (5th Cir. 1976) (admission of evidence of very remote violations of immigration laws resulting in civil sanctions was an abuse of discretion). Similarly, a non-prosecution agreement does not demonstrate by a preponderance of evidence that a crime occurred. Finally, because such evidence of Mitchell's misconduct would serve no purpose other than to show an alleged propensity for improper dealings, its probative value is entirely lacking. *See Jean-Laurent v. Hennessey*, 840 F. Supp. 2d 529, 555-56 (E.D.N.Y. 2011) (history of unsubstantiated complaints against a police officer was inadmissible character evidence with substantial potential for unfair prejudice). Therefore, evidence of Mitchell's conduct in the mid-2000s should be excluded as improper character evidence.

### III. Mitchell's prior conduct is too remote.

Mitchell's conduct that gave rise to civil litigation and cooperation with government investigations in the mid-2000s should also be excluded for impeachment purposes under Rule 608 because it is too remote. *See* FED. R. EVID. 608(b). As an initial matter, unless the misconduct results in a criminal conviction,

"extrinsic evidence of conduct is not admissible to attack or support a witness's character for truthfulness." *Id.* While a court may, in its discretion, "allow inquiry on cross-exam if probative of truthfulness or untruthfulness," the court must also consider the temporal remoteness of such misconduct under Rule 403. *See Cox*, 536 F.2d at 72 (probative value of false statements to an immigration official 16 years prior to trial was outweighed by danger of unfair prejudice); *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) (admission of 23-year-old sanction was error where evidence was too "weakly probative of the witness's current credibility"). The Court should not permit cross-examination here into Mitchell's prior conduct because such evidence does not meet the requirements of either Rule 608 or 403.

At the outset, to the extent Defendant argues that Mitchell's business practices nearly 15 years ago were somehow improper or unethical, such conduct does not "show a disregard for truth that would cast doubt on [his] veracity." *See Ad-Vantage Telephone Directory Consultants*, 37 F.3d at 1464 ("To infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'"). Similarly, the fact that the government may have sought his cooperation in an investigation is certainly not evidence that Mitchell committed an act bearing on his character for truthfulness. Importantly, though, the conduct at issue, occurring nearly 15 years before he would be called to testify, is too remote to be probative of Mitchell's current credibility. *See Ad-Vantage*, 37 F.3d at 1464; *United States v. Stoecker*, 215 F.3d 788, 790 (7th Cir. 2000) (15-year-old complaint, where no final assessment of guilt was made, was "far too remote to be probative and it would have been unfairly prejudicial"). Instead, "the risk that the jury would place

6

undue emphasis" on this old conduct is great. *See Ad-Vantage*, 37 F.3d at 1465. Therefore, the Court should not permit cross-examination into Mitchell's prior conduct.

### IV. Alternatively, the Court should require disclosure of Defendant's intent to use such evidence of remote conduct.

Both Rules 404 and 609 contemplate that prior notice will be provided if conduct or convictions are intended to be introduced at trial. *See* FED. R. EVID. 404(b)(2) (on request, a prosecutor must provide "reasonable notice of such evidence that the prosecutor intends to offer at trial); 609(b) (evidence of convictions older than 10 years is only admissible if "the proponent give an adverse party reasonable written notice"). Because the conduct relating to Mitchell's business practices and potential cooperation with the government is so remote and unsubstantiated, the risk of undue prejudice resulting from the presentation of this evidence is great. If the Court rules that some evidence of Mitchell's remote prior conduct may be explored on cross-examination, the United States respectfully requests that Defendant provide notice of the specific evidence she intends to present prior to trial. In this way, the United States may file a targeted motion in limine prior to trial, if necessary, rather than addressing these issues as they arise during trial. This approach permits the proper consideration of this evidence by the Court and ultimately will speed the trial process.

**Conclusion**

For the reasons discussed above, the United States respectfully requests that, if Mitchell is called to testify, the Court exclude any evidence of Mitchell's prior conduct, including but not limited to prior lawsuits and any proposed cooperation with the government.

Respectfully submitted,

BYUNG J. PAK
   *United States Attorney*


/s/TIFFANY R. JOHNSON
   *Assistant United States Attorney*
Georgia Bar No. 638051


/s/KURT R. ERSKINE
   *Assistant United States Attorney*
Georgia Bar No. 249953


/s/  JEFFREY W. DAVIS
   *Assistant United States Attorney*
Georgia Bar No. 426418


600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## **CERTIFICATE OF SERVICE**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 6, 2020.

/s/ TIFFANY R. JOHNSON
*Assistant United States Attorney*
