IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

MITZI BICKERS

Criminal Action No.

1:18-CR-98-SCJ-LTW

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR FULL DISCLOSURE OF PROFFER INFORMATION**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Tiffany R. Dillingham, Jeffrey W. Davis, and Nathan P. Kitchens, Assistant United States Attorneys, hereby files its response in opposition to Defendant Mitzi Bickers's Motion for Full Disclosure of Proffer Information Pursuant to *Giglio* and *Brady* (Doc. 55). The Court should deny Bickers's motion because: (1) the government is already obliged to disclose *Brady* information and *Giglio* information as to its witnesses; (2) Bickers is not entitled to evidence of pre-agreement discussions with witnesses; and (3) Bickers is not entitled to impeachment evidence regarding non-witnesses.

### RELEVANT FACTS

On April 13, 2018, Magistrate Judge Walker issued a Pre-Trial Order setting forth the timetable by which the United States must provide Bickers with impeachment material. (Doc. 15-1 at 6.) Specifically, the Court's order provided, in part:

> The government also is directed to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405

U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively. Impeachment material must be provided no later than production of the *Jencks* Act statements.

(*Id.*) The Court further ordered the government to comply with FED. RS. CRIM. P. 12 and 16 and the *Jencks* Act. (Doc. 15-1 at 6, 9.)

On March 11, 2019, Bickers filed a Motion for Full Disclosure of Proffer Information, seeking seven categories of proffer information and information regarding the government's communications with potential witnesses and their attorneys, pursuant to Rules 12 and 16 and *Brady* and *Giglio*. (Doc. 55 at 2-3.) On March 13, 2019, the Magistrate Court deferred Bickers's motion to the District Court for a ruling. (Doc. 59.) On July 19, 2021, the Court directed the United States to response to Bickers's motion. (Doc. 163.)

## ANALYSIS

"[T]he Supreme Court has made clear that the *Brady* rule is not an evidentiary rule that grants broad discovery powers to a defendant and that '[t]here is no general constitutional right to discovery in a criminal case.'" *United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Instead, a defendant's discovery rights are limited to those conferred under the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and the Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

As a preliminary matter, the government is aware of the requirements set forth in *Brady, Giglio,* and the Court's April 13, 2018 Order, and it will comply with its

2

disclosure obligations and the Court's directives. In line with those obligations, the government has already produced or granted Bickers early access to numerous prior statements of government witnesses, cooperation agreements, and other potential *Brady* and *Giglio* material. Nonetheless, Bickers seeks an order compelling the production of materials that either the government is already obliged to produce or that falls outside of the limits of her rights to discovery. Therefore, the Court should deny her motion.

## A. **The Court has already ordered the government to comply with *Brady*, *Giglio*, and the Rules of Criminal Procedure.**

Where Bickers's motion seeks traditional *Brady*, *Giglio*, or other Rule 12 or 16 materials, the Court should deny those portions of her motion as moot because it has already ordered the government to produce such materials and because the government has already produced or made available such materials.

At the outset, the Court should deny Bickers's motion because it seeks to compel the government to do what this Court has already mandated. The Court's April 13, 2018 Order set the timetable for disclosure of impeachment information of prosecution witnesses and noted the government's ongoing obligation to disclose potential *Brady* information. (Doc. 15-1 at 6, 9.) Therefore, where Bickers's motion seeks information that is actually covered by *Brady* or *Giglio*, the motion is moot given the existing Pre-Trial Order. *See United States v. Greeson*, No. 4:13-cr-02-01-HLM (N.D. Ga. Feb. 28, 2013) (Doc. 35 at 6) ("Because the pretrial scheduling order already sets forth the timetable for the disclosure of impeachment information of the Government's witnesses, the portion of Defendant's Motion relating to that issue is moot.") (citing *United States v. Reynolds*, No. CR 107-005, 2007 WL 1430306, at *3 (S.D. Ga. May 10, 2007) (denying as moot motion

requesting disclosures under Fed. R. Evid. 404(b) where arraignment order already directed government to make those disclosures)).

To the extent Bickers's motion actually seeks permissible discovery, the government has exceeded its discovery obligations by producing or granting her early access to materials responsive to those requests. By way of example only, on April 24, 2018, the government produced plea agreements for two cooperating witnesses and proffer letters for a handful of individuals. On March 2, 2020, the government produced additional communications with cooperators' counsel regarding proffer sessions and interviews. In addition, the government has made available to Bickers extensive proffer materials, interview records and recordings, and communications with cooperators' counsel. Accordingly, Bickers's motion is moot, in part, based on the government's prior productions of material sought.[1]

## B. Bickers is not entitled to pre-agreement discussions with government witnesses.

Bickers's request for information regarding every potential benefit offered and every discussion with counsel prior to entry into a formal cooperation agreement is out of bounds -- even as to testifying witnesses. "The *Giglio* rule does not address nor require the disclosure of all factors which may motivate a witness to cooperate. The simple belief by a defense attorney that his client may be in a better position to negotiate a reduced penalty should he testify against a codefendant is not an agreement within the purview of *Giglio*." *Tarver v. Hopper*, 169 F.3d 710, 717 (11th Cir. 1999) (quoting *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994)). And, "not

---

[1] As stated, to the extent the government has not produced or granted Bickers early access to any materials to which she is entitled, the government will comply with its discovery obligations and with the Court's existing Pre-Trial Order.

everything said to a witness or to his lawyer must be disclosed." *Id.* (citing *McClesky v. Kemp*, 753 F.2d 877, 884 (11th Cir. 1985) (recognizing that promise to "speak a word" on the witness's behalf did not require disclosure); *Depree v. Thomas*, 946 F.2d 784, 797-98 (11th Cir. 1991) (concluding that prosecutor's statement that he would "take care" of the witness did not need to be disclosed)).

To the extent any testifying witness received a benefit for their cooperation, the final cooperation agreement, plea agreement, or proffer letter, by its terms, supersedes any prior discussions relating to possible benefits. *See Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG*, 341 F. App'x 487, 491-92 (11th Cir. 2009) ("In written contracts containing a merger clause, prior or contemporaneous representations that contradict the written contract cannot be used to vary the terms of a valid written agreement purporting to contain the entire agreement of the parties"); *see also United States v. Davis*, No. CR 18-270, 2020 WL 5898783, at *7–8 (E.D. Pa. Oct. 2, 2020) (holding that government had no duty to disclose preliminary proffer letter for witness when it disclosed the formal plea agreement, which superseded any prior offers governing witness's cooperation); *United States v. Miller*, 250 F.R.D. 588, 593 (D. Kan. 2008) ("To the extent defendants seek [draft offers of benefits], their motion is denied because they are entitled to only the final, operative plea agreement, proffer letter, or immunity agreement"). As it follows, in this investigation when the government entered into a plea agreement with a cooperator, the agreement contained an integration clause expressly stating that "[t]here are no other agreements, promises, representations, or understandings between the [cooperator] and the Government" aside from the plea agreement. Therefore, communications discussing possible benefits prior to a final agreement

are not subject to disclosure under *Giglio*, and the government has abided, and will continue to abide, by its obligation to disclose plea agreements or other final agreements containing promises made to its witnesses.[2]

### C. **Bickers is not entitled to impeachment evidence for non-witnesses.**

Beyond Bickers's request for impeachment information of the government's witnesses, each of her requests extends to cooperators, their attorneys, and "potential witnesses" who the government may not call to testify. (Doc. 55 at 2.) Specifically, Bickers seeks information about discussions between the government and a potential witness's attorney "regarding the information the cooperator's attorney believes the cooperator will give," discussions regarding benefits to potential witnesses, proffers by potential witnesses and follow-up discussions regarding those proffers, and promises or benefits received or offered "to any potential witnesses in any prior case or investigation." (*Id.* at 2-3.) To this, she is not entitled.

Under *Giglio*, "the Government is required to turn over to a criminal defendant any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony may be determinative of guilt or innocence." *United States v. Valdes*, 214 F. App'x 948, 951 (11th Cir. 2007). But Bickers is not entitled to

_____

[2] Bickers's motion also appears to seek this information for the purpose of ascertaining what motivated the government's charging decisions as to potential witnesses. The Court has already held that Bickers "is precluded from introducing evidence or making arguments regarding the charging decisions made by the Government. . . [including] arguments: (1) that other individuals have not been charged for related conduct; and (2) that it is unfair that Defendant has been charged, while other individuals involved in related criminal conduct have not been charged." (Doc. 136.)

impeachment information regarding non-testifying witnesses because the government's duty to disclose impeachment information applies only to testifying witnesses. *See id.* ("[B]oth the discovery order and *Giglio* apply only to impeachment information relating to a government witness . . . they are inapplicable because the government did not ever call [the informant] as a witness"); *Greeson*, No. 4:13-cr-02-01-HLM (N.D. Ga., Doc. 35) ("[T]he Government is not obligated to provide impeachment information for non-witnesses, such as non-testifying co-defendants, co-conspirators, or cooperators."); *see also United States v. Ballesteros*, No. 11-20698-CR, 2012 WL 3639059, at *3 (S.D. Fla. Aug. 24, 2012) ("Defendant cites no authority for the proposition that the Government must disclose impeachment evidence about a witness that the Government does not wish to call, and in fact does not call, simply because the Defendant would like to impeach that witness. Plainly, there can be no impeachment of a witness who does not testify at trial. Nor can there be a *Brady* or *Giglio* problem in such circumstances.").

Similarly, Rule 16 bars discovery of statements by cooperators (and their attorneys) who the government does not intend to call as witnesses. *See United States v. Foo*, No. CR 106-007, 2007 WL 1521669, at *3 (S.D. Ga. May 21, 2007) ("Rule 16(a)(2) prevents the 'discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500.' [...] The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2)."). And the "Jencks Act does not apply to the statements of non-testifying witnesses." *United States v.*

*Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006). Because there is no rule permitting discovery relating to proffers or communications with non-testifying witnesses aside from exculpatory information provided by such persons, the Court should deny Bickers' motion seeking this information from the government.

CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's Motion for Full Disclosure of Proffer Information Pursuant to *Giglio* and *Brady* (Doc. 55).

Respectfully submitted,

KURT R. ERSKINE
*Acting United States Attorney*

/s/TIFFANY R. DILLINGHAM
*Assistant United States Attorney*
Georgia Bar No. 638051

/s/JEFFREY W. DAVIS
*Assistant United States Attorney*
Georgia Bar No. 426418

/s/NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated:  August 2, 2021.

/s/ TIFFANY R. DILLINGHAM
*Assistant United States Attorney*