IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ |

**UNITED STATES' REPLY TO DEFENDANT'S OBJECTION TO ADMISSION OF EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)**

The United States of America, by Kurt R. Erskine, United States Attorney for the Northern District of Georgia, and Tiffany R. Dillingham, Jeffrey W. Davis, and Nathan P. Kitchens, Assistant United States Attorneys, files this reply to Defendant's Objection to the Government's Notice of Intent to Introduce Evidence under Federal Rules of Evidence 404(b). (*See* Doc. 179.)

## Procedural and Factual Background

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41.) Bickers is charged, in part, with engaging in a scheme with E.R. Mitchell, Jr. and others to bribe City of Atlanta officials to obtain lucrative contracts with the City. (*Id.*) As relevant here, Bickers is also charged with obstructing and attempting to obstruct E.R. Mitchell, Jr.'s communication with law enforcement

between May and September 2015. (*Id.*) Bickers's case has now been specially set for trial on March 9, 2022. (Doc. 174.)

On February 23, 2022, the United States filed a Notice of Intent to Introduce Evidence under Federal Rule of Evidence 404(b) seeking to introduce the following event: in August 2021, Bickers had a coworker use his cell phone to call a likely government witness and then took the coworker's cell phone after the witness answered the call. During the call, Bickers requested contact information for another likely government witness, stated she wanted to "get this shit nipped in the bud" referring to her trial, and suggested that all the witness needed to remember was that a third likely government witness fell into Bickers's pool. (Doc. 178.) Bickers filed an objection the same day. (Doc. 179.)

## **Analysis and Citation to Authority**

Federal Rule of Evidence 404(b) authorizes the introduction of "[e]vidence of a crime, wrong, or other act" to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To be admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than to the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence's probative value cannot be substantially outweighed by its prejudicial effect. *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998); *see United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). Rule 404(b) is "a rule of inclusion, and . . . accordingly, '404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case.'" *Jernigan*, 341 F.3d at 1280.

Judged by these principles, and with no argument to the contrary in Bickers's objection, evidence of Bickers's most recent act of witness tampering is admissible under Rule 404(b).

   1. **<u>Bickers raises no legal objection to the admission of the Rule 404(b) evidence.</u>**

At the outset, Bickers's objection to the introduction of the noticed 404(b) evidence does not argue that the evidence is inadmissible under the Federal Rules of Evidence, and she does not advance any legal argument that the evidence should be excluded. Instead, Bickers objects to the public nature of the filing, the timing of the notice, and the government's interpretation of Bickers's conduct. (Doc. 179.) None of these reasons are a basis to exclude proper 404(b) evidence, and importantly, each objection is meritless.

First, the government had an obligation under Federal Rule of Evidence 404(b)(3) to provide notice to Bickers of its intent to introduce 404(b) evidence in writing and to outline the permitted purpose of the evidence and the reasoning supporting that purpose. The government routinely files these notifications on the public docket, and the notice filed here contained only the information necessary to provide notice under the Rule. There was nothing improper about the government's filing.

Second, the government timely provided its notice to Bickers. The Court's April 13, 2018 Pretrial Scheduling Order required the government to disclose its intent to use 404(b) evidence "no later than fourteen (14) days before trial." (Doc. 15-1.) Thus, the Court's order contemplated the potential for notification under Rule

404(b) two weeks before trial, and the government's February 23, 2022 notice complied with the Court's deadline for providing notification to Bickers.

Finally, Bickers seems to argue that the evidence of the August 2021 call to a government witness should be excluded because she had a non-tampering reason for making the call: she made the call to get contact information to pass along to her attorneys. (Doc. 179.) Yet, despite her objection, Bickers failed to deny that she made the call surreptitiously by getting a coworker to use his phone to call the witness, that she made statements like she "wanted to get this shit nipped in the bud," or that she suggested what a government witness should remember. As with any of the government's admissible evidence, Bickers has the right to characterize her phone call to a likely government witness as "innocuous" to rebut the evidence propounded by the government. Bickers's potential defenses do not render the evidence inadmissible, and as demonstrated below, the evidence is properly admissible under Rule 404(b)(2).

### 2. The evidence is relevant to an issue other than Bickers's character.

Bickers's August 2021 conduct – the extrinsic act – is both relevant and admissible evidence that is not related to her character.

First, the uncharged witness tampering is admissible to demonstrate Bickers's knowledge and intent. After all, when a defendant "enters a not guilty plea [she] makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *Zapata*, 139 F.3d at 1358; *see also United States v. Cortes-Sanchez*, 312 F. App'x 155,

158 (11th Cir. 2008). Importantly, when "the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Dorsey*, 819 F.2d 1055, 1059 (11th Cir. 1987). Thus, "where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007); *see also United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001).

Here, both the charged and uncharged acts of witness tampering involved the same intent. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) (explaining that a "similarity between the other act and the charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense"); *see* 18 U.S.C. § 1512(b)(3). Given that the charged and extrinsic act involved the same mental state, the first prong of the 404(b) test is satisfied. *See United States v. Queen*, 132 F.3d 991 (4th Cir. 1997) (evidence that defendant previously engaged in two acts of witness tampering was admissible under Rule 404(b) to show intent to commit charged crime of witness tampering, based on the similarity of the prior acts to the charged crime); *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995) ("[S]tate of mind required for both offenses is the same, making the extrinsic crime relevant to the charged crime."); *see also United States v. Moody*, 763 F. Supp. 589, 599–600 (M.D. Ga. 1991), *aff'd*, 977 F.2d 1420 (11th Cir. 1992) (finding that evidence of prior witness tampering offered for purpose of "proving intent by showing a pattern of conduct" in prosecution for witness tampering and bribery was "proper" under Rule 404(b) because "[t]he extrinsic

acts involved schemes to bribe, intimidate and suborn witnesses to commit perjury and to obstruct justice; so do the crimes for which [defendant] was convicted in this case.").

Additionally, Bickers's effort to tamper with a witness with knowledge of the conduct charged in the substantive bribery count is probative of her intent to commit bribery because the tampering "showed that when confronted with an investigation into [her] actions, [s]he interfered with witnesses . . . , suggesting that [s]he was attempting to prevent the . . . jury from discovering what [s]he had done." *United States v. Maclean*, 227 F. App'x 844, 852 (11th Cir. 2007) (affirming admission of prior conviction for witness tampering as Rule 404(b) evidence in tax evasion prosecution when witness tampering arose during tax evasion investigation). Similarly, Bickers's efforts to tamper with witnesses during the same criminal investigation are probative of her knowledge that her charged actions were illegal. *See id.*

Second, the evidence of witness tampering is admissible to prove the absence of mistake. Indeed, the United States anticipates that at trial Bickers may argue that there was a misunderstanding or miscommunication between her and E.R. Mitchell, Jr. during their communications between May and September 2015. Evidence of Bickers's subsequent act of witness tampering in the same criminal investigation speaks directly to the issue and is probative evidence regarding the existence of a mistake or misunderstanding between Bickers and E.R. Mitchell, Jr.

Third, evidence of uncharged tampering will show a common plan and scheme with the charged tampering. In the charged instance, while Bickers was under

criminal investigation, she allegedly attempted to exploit her personal relationship with E.R. Mitchell and told him to provide law enforcement with false information in an effort to exculpate herself. Similarly, in August 2021, while Bickers was set to be tried in the same criminal investigation, she allegedly exploited her relationship with a coworker to gain access to a likely government witness and attempted to influence the scope and content of the witness's testimony with false information in an effort to exculpate herself. The similarity between the charged conduct and the extrinsic act demonstrates a scheme that is relevant evidence. *See Cortes-Sanchez*, 312 F. App'x at 158 ("Relevant circumstances include the 'overall similarity between the extrinsic act and the charged offense.'"); *see also Moody*, 763 F. Supp. at 599 (admitting evidence of prior witness tampering as "pattern of conduct" in witness tampering and bribery trial under Rule 404(b)).

### 3. There is sufficient evidence of the commission of the extrinsic act.

Sufficient proof exists that Bickers attempted to influence a likely government witness to provide false or misleading testimony at trial. The United States will present direct testimony from the witness who Bickers instructed to limit the witness's memory to an incident involving another potential witness falling into her pool. *See United States v. Allen*, 182 F. App'x 903, 913 (11th Cir. 2006) (second prong of 404(b) test is met through "eyewitness testimony"); *see also United States v. Shaw*, 27 F.3d 568 (6th Cir. 1994) (bad act can be proven by "first-hand testimony").

### 4. The probative value of the evidence substantially outweighs the danger of unfair prejudice to Bickers.

As discussed above, the extrinsic evidence here is probative of Bickers's intent, knowledge, the absence of mistake, and common plan and scheme. And the fact that admission of this evidence might harm Bickers's case does not constitute *unfair* prejudice. *See* FED. R. EVID. 403, Advisory Committee Note ("'Unfair prejudice' … means an undue tendency to suggest decision on an improper basis"); *United States v. Cochran*, No. 4:14-CR-22-01-HLM, 2014 WL 12695800, at *11 (N.D.Ga. Nov. 17, 2014) (permitting 404(b) evidence of uncharged witness tampering noting that "the question . . . is not whether the evidence is prejudicial, but whether it is unfairly prejudicial"). It goes without saying that "in a criminal trial relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that the rule permits exclusion." *Edouard*, 485 F.3d at 1346 (internal quotations and emphasis omitted); *see Jernigan*, 341 F.3d at 1282.

Moreover, there is nothing particularly extraordinary or inflammatory about Bickers's August 2021 act of witness tampering that would introduce any undue prejudice into the trial. *See* FED. R. EVID. 404(b). Given the witness has not yet testified, it is unclear what, if any, impact Bickers's phone call had on the witness's testimony. Similarly, any potential prejudice from the admission of the uncharged tampering can be cured by limiting instruction from the Court. *Zapata*, 139 F.3d at 1358 ("At the time of the admission of the extrinsic evidence and in the final jury instructions, the district judge diminished the prejudicial impact of the evidence by properly instructing the jury for what limited purpose the extrinsic evidence

was to be used."); *Edouard*, 485 F.3d at 1346 ("any unfair prejudice" from the 404(b) evidence "was mitigated by the district court's limiting instruction"); *see* Pattern Jury Instructions – Criminal Cases, 53 (2010 ed.).

Lastly, the United States bears the "heavy" burden to prove Bickers's guilt beyond a reasonable doubt. *See* Pattern Jury Instructions – Criminal Cases, 16 (2010 ed.). Notably, the circumstances of witness tampering charged in the Superseding Indictment involves a single witness and some circumstantial evidence of the conversations he had with Bickers. Consequently, the probative value of the extrinsic act is high and outweighs any prejudicial impact—particularly when juxtaposed against the strength of the Government's case. *See United States v. Hernandez*, 896 F.2d 513, 521 (11th Cir. 1990) (the 404(b) balancing test tips in favor of admissibility, where the evidence may be essential to obtaining a conviction).

Because the government has met its burden to show the permitted purposes of the extrinsic evidence identified in its 404(b) notice, the United States should be permitted to admit evidence of Bickers's August 2021 act of witness tampering at trial.

## **Conclusion**

For the foregoing reasons, the Court should overrule Bickers's objection to the introduction of 404(b) evidence of her August 2021 phone call with a likely government witness.

Respectfully submitted,

KURT R. ERSKINE
*United States Attorney*

/s/TIFFANY R. DILLINGHAM
*Assistant United States Attorney*
Georgia Bar No. 638051


/s/JEFFREY W. DAVIS
*Assistant United States Attorney*
Georgia Bar No. 426418


/s/  NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000  *fax* (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

March 1, 2022

/s/ Tiffany R. Dillingham

*Assistant United States Attorney*