IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL CASE** |
| v. | |
| | **No. 1:18-CR-0098-SCJ-LTW** |
| **MITZI BICKERS,** | |

## ORDER

This matter appears before the Court on Defendant's Objection to the Government's Notice of Intent to Introduce Evidence Under Federal Rule of Evidence 404(b) (the "Notice")[1]. Doc. No. [179].[2] The Government replied in opposition. Doc. No. [181]. This matter is now ripe for review.

---

[1] The Court notes that Defendant filed an Objection to the Notice (Doc. No. [179]) and not a motion to exclude the 404(b) evidence; however, the Court treats Defendant's Objection as a motion to exclude the evidence.

[2] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I. **BACKGROUND**

On February 23, 2022, the Government filed its Notice of Intent to Introduce Evidence under Fed. R. Evid. 404(b). Doc. No. [178]. In its Notice, the Government states that it

> [E]xpects to offer evidence that, in August 2021, the Defendant had a coworker use his cell phone to call a likely government witness, and the Defendant took the coworker's cell phone after the witness answered the call. During the ensuing conversation between the Defendant and the witness, the Defendant requested contact information for a second likely government witness, stated that she wanted to "get this [expletive] nipped in the bud" with her trial date nearing, and suggested that all the witness needed to remember was that a third likely government witness fell into the Defendant's pool.

Doc. No. [178], ¶ 2.

The Government asserts that this information was contained in FBI Form FD-302 (Serial 387), which Defendants received in discovery. Id. ¶ 3. Further, the Government asserts that it is offering this evidence as "proof of intent, knowledge, the absence of mistake or accident, and common plan and scheme with respect to the witness tampering charge and the substantive bribery charge." Id.

2

That same day, Defendant filed her objection. Doc. No. [179]. Defendant argues that the Notice was improper for four reasons. First, the Government misconstrues the contents of FBI Form FD-302, and it is clear from the form that Defendant requested the potential witnesses' contact information so that her attorneys could conduct a witness interview. Doc. No. [179], 1–2. Second, the Notice was filed as an attempt to "hinder Ms. Bicker's defense by broadcasting to the public that any attempt to interview witnesses in her case will result in baseless and highly publicized allegations of impropriety." Id. at 2. Third, the Notice was made one week before a potential jury pool is summoned. Id. Finally, he proposed evidence is "not evidence, not proper, non-probative to any enumerated exception under FRE 404(b), and is highly prejudicial. Id.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 404(b)(1) evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, such evidence "may be admissible for" the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be

3

admissible, Rule 404(b) evidence must: (1) be relevant to an issue other than the defendant's character; (2) be supported by sufficient evidence to allow a jury to determine that the defendant committed the act; and (3) have probative value that is not substantially outweighed by undue prejudice and otherwise satisfies Fed. R. Evid. 403. United States v. Ford, 784 F.3d 1386, 1392–93 (11th Cir. 2015).

Separately, such other act evidence falls outside the scope of Rule 404(b) and thus is independently admissible if it is "intrinsic" to the charged crime, meaning that it is inextricably intertwined with the evidence regarding the charged offense or is necessary to complete the story of the crime. Id. at 1393; see also United States v. U.S. Infrastructure, Inc., 576 F.3d 1195, 1210 (11th Cir. 2009) (explaining evidence is intrinsic when it is "linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime"). As with evidence offered under Rule 404(b), intrinsic evidence must meet the requirements of Rule 403. Ford, 784 F.3d at 1393.

Under Rule 403, the district court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice." Fed. R. Evid. 403. In the criminal context, the term "unfair prejudice"

4

refers to the capacity of concededly relevant evidence to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Horner, 853 F.3d 1201, 1213-14 (11th Cir. 2017). A district court's Rule 403 balancing is entitled to deference, and we will reverse only where the district court's decision constitutes a clear abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1284-85 (11th Cir. 2003). This is so because Rule 403 "is an extraordinary remedy that must be used sparingly." Horner, 853 F.3d at 1214 (internal quotations omitted). Thus, in cases where we have found other acts' evidence inextricably intertwined with the charged crimes, we have refused to find that the evidence, nonetheless, should have been excluded as unduly prejudicial under Rule 403. Id.

> Additionally, in a criminal case
>
>> the prosecutor must: (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial.
>
> Fed. R. Evid. 404(b)(3).

5

**III.   ANALYSIS**

The Court finds that this evidence is not due to be excluded.

This Circuit applies a three-part test to determine whether evidence is admissible under Rule 404(b). Id. For such evidence to be admissible: (1) "the evidence must be relevant to an issue other than the defendant's character; (2) "there must be sufficient proof that the defendant committed the extrinsic act"; and (3) "the evidence must survive the balancing test prescribed by the Federal Rule of Evidence 403." United States v. Mills, 138 F.3d 928, 935 (11th Cir. 1998). Rule 404(b), however, "does not proscribe evidence of criminal activity other than the charged offense 'if it is an uncharged offense that arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of trial.'" United States v. Chandler, 996 F.2d 1073, 1101 (11th Cir. 1993) (quoting United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983) (per curiam)). "Evidence that forms [an] 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted' is admissible even if it tends to reflect negatively on the defendant's character." United States v. Foster, 889 F.2d 1049, 1053 (11th Cir.

6

1989). Evidence is admissible as intrinsic evidence, and not subject to Rule 404(b), if it is "linked in time and circumstances to the charged crime, or forms an integral and natural part of an account of the time, or is necessary to complete the story of the crime for the jury." United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985).

First, the extrinsic evidence of Defendant's August 2021 phone call is relevant. "The proponent of the evidence can satisfy the first prong by showing that the evidence is probative of defendant's 'motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident,' if any of these are in dispute." Id. (quoting Fed. R. Evid. 404(b)). The Government argues that the evidence probes intent because Defendant had the same mental state when she performed the incident underlying the witness tampering charge and this extrinsic offense. Doc. No. [181], 5. "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." United States v. Dorsey, 819 F.2d 1055, 1060 (11th Cir. 1987); see also United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) ("where the state of mind required for the charged extrinsic offense is the same, the first prong of the Rule 404(b) test is

7

satisfied."); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) ("The evidence of Queen's prior acts in witness tampering was specifically offered to prove the intent element essential to proving witness tampering under 18 U.S.C. § 1512(b)(1); it was not offered to prove Queen's character as a bad actor or a criminal. Indeed, the high degree of similarity between the prior acts and the act with which Queen was charged supports the finding that the acts were relevant to intent."). The Court finds that the extrinsic evidence is relevant because of the high degree of similarity between the Defendant's witness tampering charge and the extrinsic offense. Accordingly, the Court finds that the extrinsic evidence is relevant to the Government's "substantial burden . . . to prove intent."[3] United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998).

Second, the Court finds that the Government has sufficient proof that Defendant committed the extrinsic offense. "There [must be] sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act." United States v. Clemons, 32 F.3d 1504, 1508 (11th

---

[3] The Government also argues that the extrinsic evidence is being offered to prove lack of mistake or accident, and common plan or scheme. Doc. No. [178], ¶ 3; Doc. No. [181], 6–7. Because the Court found that the extrinsic evidence is relevant to the issue of intent, the Court does not rule on whether the extrinsic evidence is also relevant for another 404(b)(2) purpose.

Cir. 1994). The Government states that they intend to offer this evidence through the direct testimony of the coworker who Defendant directed to call the potential government witness. Doc. No. [181], 7. The Court finds that a reasonable jury could find that Defendant committed the extrinsic offense based upon testimony from the person directly involved in the extrinsic offense. See United States v. Allen, 182 F. App'x 903, 913 (11th Cir. 2006) (holding that corroborating evidence, introduced through eyewitness testimony, is admissible under 404(b)); United States v. Cardenas, 895 F.2d 1338, 1343 (11th Cir. 1990) (holding that "testimony of [] two witnesses was sufficient for the jury to conclude that the events actually occurred."). Because the Government intends to introduce evidence of the extrinsic offense through eyewitness testimony, the Court finds that prong two is satisfied.

Third, Federal Rule of Evidence 403 allows a court to exclude evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "Because 'the nature of the government's evidence against a defendant is meant to be prejudicial,' the court's Rule 403 inquiry is 'not whether the evidence itself is prejudicial, but rather whether its probative value is outweighed by its

9

prejudicial effect.'" United States v. Dorta, 157 F. App'x. 197, 200 (11th Cir. 2005) (quoting United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004)) (per curiam).

"Rule 403 is an extraordinary remedy that should be used only sparingly since it permits the trial court to exclude concededly probative evidence." Chandler, 996 F.2d at 1101. Consequently, the Court's discretion to exclude evidence under Rule 403 as unduly prejudicial is narrowly circumscribed. United States v. Allums, 142 F. App'x. 404, 405 (11th Cir. 2005)(per curiam). As the former Fifth Circuit noted:

> Relevant evidence is inherently prejudicial; but it is only [u]nfair prejudice, [s]ubstantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance.

United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979).

Applying the above authority, the Court acknowledges that it is a close question whether the evidence at issue is admissible under Rule 404(b). It is fairly

10

clear that the evidence at issue is extrinsic evidence for Rule 404(b) purposes, and, indeed, the Government does not argue that the evidence is intrinsic.

The question is whether the danger of unfair prejudice substantially outweighs the probative value of the extrinsic act. The Court agrees with Defendant that the evidence is at least somewhat prejudicial. The Government seeks to prove that Defendant engaged in witness tampering by offering evidence that Defendant had a coworker call a potential government witness and Defendant made statements to said witness about wanting to "get this [expletive] nipped in the bud" and referenced a different government witness who fell in Defendant's pool. Doc. No. [178], ¶ 2.

However, the question turns on not whether the evidence is prejudicial but whether it is <u>unfairly</u> prejudicial. Fed. R. Evid. 403. The Court cannot find that it is unfairly prejudicial, especially when balanced against the importance of the evidence to the Government's case on the witness tampering charge pending against Defendant. Finally, the Court certainly can and will give a limiting instruction to the jury concerning the purpose of the extrinsic evidence, which should help mitigate prejudice. Under those circumstances, the Court finds that the Government satisfies all three prongs of Rule 404(b)'s test for admissibility.

Defendant also argues that this extrinsic evidence should be excluded because the subject phone call is taken out of context and because the Government did not give notice of its intent to use this evidence until a week before trial. Doc. No. [179], 1–2. Specifically, Defendant argues that the Notice misstates the context of the phone call and is an attempt to hinder the defense by broadcasting Defendant's wish to interview potential witnesses. Doc. No. [179], 1. The context surrounding the phone call is a question of credibility that is best discussed during cross-examination. The Court will not make credibility determinations about the evidence at this time; accordingly, this is not a sufficient ground for excluding the extrinsic evidence.

The Court does not find that the Notice was given to "hinder" the defense or that the Notice was untimely. The Government is required to notify Defendant of any intent to use 404(b) evidence. Fed. R. Evid. 404(b)(3). Thus, the Court does not find that the Notice was intended to hinder the defense by publicly broadcasting Defendant's attempt to interview a witness (Doc. No. [178], 2); rather, the Court finds that the Notice was filed in compliance with the Federal Rules of Evidence. Additionally, the Court's Pretrial Scheduling Order requires that the Government provide notice of its intent to use 404(b) evidence "no later

than fourteen (14) days before trial."[4] Doc. No. [15-1, 6–7. The Government filed the Notice on February 23, 2022, fourteen days before the March 9, 2022, trial start date. The Court finds that the Notice is timely. Accordingly, neither the method nor timing of the Notice necessitates excluding the extrinsic evidence.

The Court consequently overrules Defendant's Objection to the Rule 404(b) Notice.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's Objection to the Government's Rule 404(b) Notice. Doc. No. [179].

---

[4] The Pretrial Scheduling Order provides as follows:

> The 404(b) evidence shall be provided to the defense as soon as practicable after the government has determined to use such evidence, subject to the following deadlines: If the 404(b) evidence pertains to acts or conduct of the defendant which is alleged to have occurred within the Northern District of Georgia, the summary required to be provided under this heading and the rule shall be provided no later than fourteen (14) days before trial.

Doc. No. [15], 6–7.

**IT IS SO ORDERED** this 3rd day of March, 2022.

/s/ Steve C. Jones
------------------------------
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**