IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT NO. |
| | ) | 1:18-CR-98-SCJ-LTW |
| MITZI BICKERS | ) | |
| | ) | |
| Defendants. | ) | |

<u>Motion for Leave to File Out of Time and Defendant's Motion in Limine to Preclude the Government from Calling Witnesses Who Will Invoke the Fifth Amendment Right Against Self-Incrimination</u>

Comes now Mitzi Bickers, by and through undersigned counsel, and requests leave to file this Motion in Limine out of time requesting that this Court prohibit the government from calling any witnesses that, if compelled to testify, will invoke the Fifth Amendment right against self-incrimination.[1]

Federal Rule of Evidence 103(d) requires that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Additionally, Federal Rule of Evidence 104 requires that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

---

[1] Undersigned counsel is aware of the Court's order requiring Motions in Limine to be filed 14 days before the start of trial, ECF No. 126, however counsel only recently became aware of this issue and has diligently prepared the present filing.

Based on our review of discovery, and other investigative efforts, undersigned counsel maintains a good faith concern that some witnesses for the government may invoke their Fifth Amendment right against self-incrimination during their testimony. It is well established that "[i]f it appears that a witness intends to claim the [Fifth Amendment] privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand." United States v. Tush, 165 Fed. Appx. 742 (11th Cir. 2006) (quoting United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir. 1974)). Moreover, "the prosecution may not deliberately call a witness closely identified with the defendant, knowing that the witness will assert his right to remain silent." Busby v. Holt, 781 F.2d 1475 (11th Cir 1986) (citing Lawrence v. Wainwright, 445 F.2d 281, 282 (5th Cir. 1971)). Absent an order prohibiting such witnesses to be called, it is likely this rule will be violated in this case based on discovery provided to counsel.

Accordingly, if this issue is not addressed in a pretrial fashion, it creates the risk of undue prejudice to Defendant. See Douglas v. Alabama, 380 U.S. 415, 420, (1965) (citing Namet v. United States, 373 U.S. 179, 187) ("Inferences from a witness' refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant"). The prejudice from the invocation of the Fifth Amendment on a question regarding charged conduct of the Defendant occurs immediately and cannot be adequately remedied once heard by the jury. The implication of the invocation in front of jurors robs Defendant Bickers of her right to confront witnesses in regard to those questions. Federal Rule of Evidence 403 requires that the Court exclude evidence in which the probative value is substantially outweighed by the prejudicial effect. Here, a witnesses' Fifth Amendment invocation in front of the jury will irreparably prejudice Defendant Bickers . Thus, it must be avoided before it can happen.

Nor should the government be allowed to introduce prior statements from any witness who would invoke the Fifth Amendment if called as this would violate Defendant's Sixth Amendment right to confront witnesses under Crawford v. Washington, 541 U.S. 36 (2004) and Davis v. Alaska, 415 U.S. 308 (1974).

Defendant Bickers respectfully requests that this court enter an order prohibiting the government from calling any witnesses that indicate they will invoke their Fifth Amendment right against self-incrimination if called to testify.

Respectfully submitted,

*s/Drew Findling*
Drew Findling
Georgia Bar No. 260425

*s/Marissa Goldberg*
Marissa Goldberg
Georgia Bar No. 672798

*s/Zachary Kelehear*
Zachary Kelehear
Georgia Bar No. 925716

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT NO. |
| | ) | 1:18-CR-98-SCJ-LTW |
| MITZI BICKERS | ) | |
| | ) | |
| Defendants. | ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing Motion:

REQUEST FOR JURY INSTRUCTIONS

By electronic service:

> Jeff Davis
> U.S. Attorneys Office - ATL
> 600 Richard Russell Building
> 75 Spring Street, S.W.
> Atlanta, GA 30303

This 4th day of March, 2022.

| | |
|---|---|
| Drew Findling | Respectfully submitted, |
| The Findling Law Firm | |
| One Securities Centre | *s/Drew Findling* |
| 3490 Piedmont Road, Suite 600 | Drew Findling |
| Atlanta, Georgia 30035 | Georgia Bar No. 260425 |
| (404) 460-4500 | |