IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ |

**UNITED STATES' RESPONSE TO DEFENDANT'S
OUT OF TIME MOTION IN LIMINE**

The United States of America, by Kurt R. Erskine, United States Attorney, and Tiffany R. Dillingham, Jeffrey W. Davis, and Nathan P. Kitchens, Assistant United States Attorneys for the Northern District of Georgia, files this Response to Defendant's Motion in Limine to Preclude the Government from Calling Witnesses Who Will Invoke the Fifth Amendment Right Against Self-Incrimination. (Doc. 183.) Defendant's motion is moot and should be denied.

**Relevant Factual Background**

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against Defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41.) On January 4, 2022, the Court entered an order specially setting Ms. Bickers's trial for March 9, 2022. (Doc. 174.)

On March 3, 2022, a pretrial conference was held during which Bickers's counsel notified the Court and the government that it would be filing an out-of-time motion in limine due to a concern that arose during Bickers's preparation for trial. On March 4, 2022, counsel for Bickers filed the instant motion seeking to "prohibit the government from calling any witnesses that, if compelled to testify, will invoke the Fifth Amendment right against self-incrimination." (Doc. 183.)

## Argument and Citation to Authority

In her brief, Bickers alleges that based on her "review of discovery, and other investigative efforts, [Bickers] maintains a good faith concern that some witnesses for the government may invoke their Fifth Amendment right against self-incrimination during their testimony." (Doc. 183 at 2.)

Generally, if either party is aware that a witness "intends to claim the Fifth Amendment privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand." *United States v. Tush*, 165 F. App'x 742, 744 (11th Cir. 2006) (quoting *United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir. 1974)) (punctuation omitted). "Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." *Id.* (punctuation omitted).

Here, no potential witnesses or potential witnesses' attorneys have advised the government that they intend to assert their Fifth Amendment protections if called to testify. And Bickers has declined to identify any witness who has been subpoenaed by the government that she believes intends to invoke the Fifth

Amendment right against self-incrimination. Therefore, Bickers's motion is moot and should be denied.

Notably, the rule against calling witnesses who intend to invoke their right against self-incrimination applies with equal force to the defendant. To the extent Bickers has knowledge that a potential witness intends to invoke his or her Fifth Amendment rights, she should identify the witness to the government and the Court to avoid any potential issues at trial.

Finally, Bickers summarily states that the government should not "be allowed to introduce prior statements from any witness who would invoke the Fifth Amendment if called as this would violate Defendant's Sixth Amendment right to confront witnesses under Crawford v. Washington, 541 U.S. 36 (2004) and Davis v. Alaska, 415 U.S. 308 (1974)." (Doc. 183 at 3.) Importantly, Bickers does not cite any case law to support her assertion, *Crawford* only applies to testimonial statements, and the *Crawford* analysis is inapplicable to a variety of prior statements. *See Giles v. California*, 554 U.S. 353, 374 n.6 (2008) (coconspirator hearsay does not violate Confrontation Clause because "it [is] not . . . testimonial"); *United States v. Jimenez*, 564 F.3d 1280, 1286-88 (11th Cir. 2009) (holding that detective's testimony about defendant's brother was admissible because not offered to prove the truth of brother's statement).

WHEREFORE, Bickers's motion should be denied.

>
> Respectfully submitted,
>
> KURT R. ERSKINE
>   *United States Attorney*
>
> /s/TIFFANY R. DILLINGHAM
>   *Assistant United States Attorney*
>   Georgia Bar No. 638051
>
> /s/JEFFREY W. DAVIS
>   *Assistant United States Attorney*
>   Georgia Bar No. 426418
>
> /s/  NATHAN P. KITCHENS
>   *Assistant United States Attorney*
>   Georgia Bar No. 263930

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

March 5, 2022

/s/ TIFFANY R. DILLINGHAM

*Assistant United States Attorney*