IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MITZI BICKERS

CRIMINAL CASE

No. 1:18-CR-0098-SCJ

ORDER

This matter appears before the Court on Defendant's Motion to File an Out of Time Motion in Limine. Doc. No. [183].[1] The Government responded in opposition. Doc. No. [184]. This matter is now ripe for review.

I. BACKGROUND

During the March 3, 2022 Pretrial Conference, Defendant requested to file an out-of-time motion in limine with the Court. See Dkt. On March 4, 2022, Defendant filed this Motion in Limine asking the Court to "prohibit the

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[G]overnment from calling any witness that, if compelled to testify, will invoke the Fifth Amendment right against self-incrimination." Doc. No. [183], 1.

The Government responded by arguing, first, that Defendant's Motion is moot because none of the potential witnesses or the potential witnesses' attorneys have informed the Government that any witness intends to assert their Fifth Amendment privilege. Doc. No. [184], 2. Second, Defendant has not identified any potential witness that intends to invoke the Fifth Amendment privilege. Id. Third, Defendant is similarly prohibited from calling witnesses that intend to invoke the Fifth Amendment privilege. Id. at 3.

## II.   DISCUSSION

"Generally, it is improper to put a witness on the stand for the purpose of having the witness invoke [the] Fifth Amendment privilege against self-incrimination before the jury because doing so would invite the jury to draw an improper inference." United States v. Feliciano-Francisco, 701 F. App'x 808, 813 (11th Cir. 2017) (citing United States v. Lacouture, 495 F.2d 1237, 1240 (5th Cir. 1974)[2]). Said testimony has "dubious probative value and high potential for

---

[2] In Bonner v. City of Prichard, 661 F.2d 106, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of

prejudice." Lacouture, 495 F.2d at 1240. Thus, "[i]f it appears that a witness intends to claim the [Fifth Amendment] privilege as to essentially all questions, the court may, in its discretion, refuse to allow [them] to take the stand." United States v. Tush, 165 F. App'x 742, 744 (11th Cir. 2006) (quoting Lacouture, 495 F.2d at 1240)).

The Court finds that Defendant's Motion in Limine is moot. The Government asserts that it does not know of any potential witnesses who intend to invoke the Fifth Amendment privilege. Doc. No. [184], 2. Additionally, Defendant has not pointed to any specific witnesses who she believes intend to invoke the Fifth Amendment privilege. Id. Accordingly, the Court dismisses this Motion in Limine as moot. However, the Court cautions that neither party is permitted to call a witness who intends to answer essentially every question by asserting the Fifth Amendment privilege. See Lacouture, 495 F.2d at 1240.

III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Out of Time Motion in Limine as **MOOT**. Doc. No. [183].

---

business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit."

3

**IT IS SO ORDERED** this 7th day of March, 2022.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE