IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

MITZI BICKERS

Criminal Action No.

1:18-CR-98-SCJ-LTW

## JOINT REQUESTS TO CHARGE

The United States of America and defendant Mitzi Bickers file jointly these Requests to Charge. Additional charges upon which the parties have not reached an agreement are also included under the heading "Disputed Requests to Charge." The parties respectfully request permission to supplement these instructions based on the evidence developed at trial.

Dated:   March 7, 2022.

**P1**

**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is

concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

<u>Credibility of witnesses:</u>

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove her innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you

live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you

become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take

notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if she wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**P2**
**Preliminary and Explanatory Instructions to**
**Innominate (Anonymous) Jury**

Before selecting jury members, I'll tell you about something that affects how a jury is selected and how a trial is conducted.

Sometimes criminal trials attract the attention of the media and the public. The level of interest is unpredictable and not within my control. This case involves one defendant and may continue for some time. It may attract an unusual amount of attention, so there may be curiosity about the participants – the lawyers, witnesses, defendants, judge, and perhaps even the jurors.

People may ask questions to learn more about the case. Even though these questions may be well-intentioned, they may still distract you from your duties as a juror. These questions can be awkward or inconvenient for you, your family, and your friends. They can be part of unwanted and improper approaches toward you from outside the courtroom.

During your service as a juror, you must not discuss this case with anyone. And even after the case is finished, you will never be required to explain your verdict or jury service to anyone.

Your names and personal information will be known only to court personnel and the parties and will not be disclosed.

To discourage unwanted publicity, telephone calls, letters, and questions, you will be referred to only by your juror number.

**B1**
**Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

14

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.5**
**Impeachment of Witnesses Because of Inconsistent Statements**
**or Felony Conviction**
**(Defendant with no Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**B6.7**
**Impeachment of Witness Because of Bad Reputation for**
**(or Opinion about) Truthfulness**
**(May Be Used With 6.1 – 6.6)**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

**B8 (Modified)**
**Introduction to Offense Instructions**

The indictment charges 12 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

a. Counts 1 and 2 charge that the Defendant knowingly and willfully conspired with others to commit bribery.

b. Counts 3 to 12 charge what are called "substantive offenses."

c. Count 3 charges that the Defendant attempted to commit bribery.

d. Counts 4 through 6 charge that the Defendant committed money laundering by engaging in a monetary transaction with criminally derived funds.

e. Counts 7 through 10 charge that the Defendant committed wire fraud and that the Defendant attempted to commit wire fraud.

f. Count 11 charges that the Defendant knowingly engaged in witness tampering.

g. Count 12 charges that the Defendant knowingly and willfully filed a false tax return.

I will explain the law governing the substantive offenses in a moment. But first note that the Defendant is not charged in Counts 1 and 2 with committing substantive offenses. Instead, the Defendant is charged with conspiring to commit those offenses. I will also give you specific instructions on conspiracy.

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."   If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.1A (Modified)**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

For Counts 1 and 2, the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that her conduct may be violating.

**B9.1B (Modified)**
**On or About; Knowingly; Willfully – Intentional**
**Violation of a Known Legal Duty**

For count 12, the word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

**O13.1 (Modified)**
**General Conspiracy Charge**
**18 U.S.C. § 371**

Counts 1 and 2 of the Indictment charge that the Defendant knowingly and willfully conspired to commit bribery.

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

2. the Defendant knew the unlawful purpose of the plan and willfully joined in it;

3. during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

4. the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In this case the Defendant is charged with two conspiracies.

a. In Count 1, the Defendant is charged with conspiring with Elvin R. Mitchell, Jr., Charles P. Richards, Jr., and others known and unknown to commit bribery involving a local government receiving federal funds in violation of Title 18, United States Code, Section 666(a)(1)(B), in which the Defendant corruptly solicited, demanded, accepted or agreed to accept a thing of value for her benefit with the intent to be influenced or rewarded in connection with any business, transaction or series of transaction.

b. In Count 2, the Defendant is charged with having knowingly conspired together with Elvin R. Mitchell, Jr., Charles P. Richards, Jr., and others known and unknown to commit bribery involving a local government receiving federal funds in violation of Title 18, United States Code, Section 666(a)(1)(B), in which she gave, offered, or agreed to give a thing of value with the intent to influence or

reward an agent of the City of Atlanta in connection with any

business, transaction or series of transaction.

I will explain the elements of the offense of bribery involving

**024.2 (Modified)**
**Bribery Involving a Local Government Receiving Federal Funds**
**18 U.S.C. § 666(a)(1)(B)**

The conspiracy alleged in Count 1 of the Indictment has as its object the commission of the crime of bribery involving a local government receiving federal funds. The elements of that crime are:

1. the Defendant was an agent of the City of Atlanta;

2. the City of Atlanta was a local government that received in any one-year period benefits in excess of $10,000 under a Federal program involving a grant or other form of Federal assistance;

3. during the one-year period the Defendant solicited or demanded, accepted, or agreed to accept a thing of value;

4. in return for the acceptance or agreement, the Defendant intended to be influenced or rewarded for a transaction or series of transactions of the City of Atlanta involving something worth $5,000 or more; and

5. the Defendant acted corruptly.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.

An "agent" is a person authorized to act on behalf of another person, organization, or a government and, in the case of an organization or government, includes an employee, partner, officer, or director.

"In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

It is not necessary to prove that the Defendant's conduct directly affected the funds received by the City of Atlanta under the Federal program.

For Count 1, it is not necessary that the Government prove that the Defendant actually violated Title 18, United States Code, Section 666(a)(1)(B). Rather, the Government must only prove that the Defendant conspired with others to violate Title 18, United States Code, Section 666(a)(1)(B).

### 024.3 (Modified)
### Bribery Involving a Local Government Receiving Federal Funds
### 18 U.S.C. § 666(a)(2)

The conspiracy alleged in Count 2 of the Indictment has as its object the commission of the crime of bribery involving a local government receiving federal funds. The elements of that crime are:

1.  that an individual was an agent of the City of Atlanta;

2.  that the City of Atlanta was a local government that received in any one-year period benefits in excess of $10,000 under a Federal program involving a grant or other form of Federal assistance;

3.  that during the one-year period, the Defendant gave, offered, or agreed to give something of value to an agent of the City of Atlanta, with the intent to influence or reward that agent in connection with any business, transaction, or series of transactions of the City of Atlanta, involving something of value of $5,000 or more; and

4.  that in so doing, the Defendant acted corruptly.

An "agent" is a person authorized to act on behalf of another person, organization, or a government and, in the case of an organization or government, includes a servant or employee, partner, officer, or director.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.

"In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

It is not necessary to prove that the Defendant's conduct directly affected the funds received by the City of Atlanta under the Federal program.

For Count 2, it is not necessary that the Government prove that the Defendant actually violated Title 18, United States Code, Section 666(a)(2). Rather, the Government must only prove that the Defendant conspired with others to violate Title 18, United States Code, Section 666(a)(2).

**024.3 (Modified)**
**Bribery Involving a Local Government Receiving Federal Funds**
**18 U.S.C. § 666(a)(2)**

Count 3 of the Indictment charges the Defendant with the crime of bribery involving a local government receiving federal funds. To sustain its burden of proof with respect to the bribery count charged in Count 3, the Government must prove beyond a reasonable doubt the following elements:

1. that an individual was an agent of the City of Jackson;

2. that the City of Jackson was a local government that received in any one-year period benefits in excess of $10,000 under a Federal program involving a grant or other form of Federal assistance;

3. that during the one-year period, the Defendant gave, offered, or agreed to give something of value to an agent of the City of Jackson, with the intent to influence or reward that agent in connection with any business, transaction, or series of transactions of the City of Jackson, involving something of value of $5,000 or more; and

4. that in so doing, the Defendant acted corruptly.

An "agent" is a person authorized to act on behalf of another person, organization, or a government and, in the case of an organization or government, includes a servant or employee, partner, officer, or director.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result.

"In any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

It is not necessary to prove that the Defendant's conduct directly affected the funds received by the City of Jackson under the Federal program.

**074.6**
**Money Laundering**
**18 U.S.C. § 1957**

It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

1. the Defendant knowingly engaged or attempted to engage in a monetary transaction;

2. the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3. the property had a value of more than $10,000;

4. the property was in fact proceeds of the bribery scheme described in Count 2 of the Indictment; and

5. the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, and/or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a bank or a credit union.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that she knew the property came from committing the bribery scheme as described in Count 2 of the Indictment. But the Government must

prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime.  The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

**051**
**Wire Fraud**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

2. the false pretenses, representations, or promises were about a material fact;

3. the Defendant acted with the intent to defraud; and

4. the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the Indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## Tampering with a Witness or Informant
## 18 U.S.C. § 1512(b)(3)
## (Non-pattern charge)

It is a Federal crime to use intimidation, to threaten, to corruptly persuade, or to engage in misleading conduct another person, or attempt to do so, with intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly used intimidation, threatened, corruptly persuaded, or engaged in misleading conduct toward another person, or attempted to do so,

2. the Defendant acted with intent to hinder, delay, or prevent the communication of information to a law enforcement officer of the United States, and

3. that such information related to the commission or the possible commission of a federal offense.

To "intimidate" someone is to intentionally say or do something that would cause an ordinary person to fear bodily harm. But the Government doesn't have to prove that the witness was actually frightened or that the Defendant's behavior was likely to cause terror, panic, or hysteria.

To act "corruptly" means to be motivated by an improper purpose.

The term "law enforcement officer" means an officer or employee of the Federal Government and includes special agents of the Federal Bureau of Investigation and Internal Revenue Service.

The government is not required to prove that the defendant knew that the offense was federal in nature. The government also is not required to prove that the defendant knew or intended that a federal law enforcement officer would receive the false or misleading information. Nor is the government required to prove that there was any actual delay or withholding of truthful information from a federal law enforcement officer.

_____

*United States v. Veal*, 153 F.3d 1233, 1248 (11th Cir. 1998) (elements of the offense); *United States v. Shotts*, 145 F.3d 1289, 1299-1301 (11th Cir. 1998) (section 1512(b) prohibits persuasion motivated by an improper purpose); *United States v. Barfield*, 999 F.2d 1520, 1525 (11th Cir. 1993) (in the context of a prosecution pursuant to section 1503, the Court stated that the term "corruptly endeavored" is interchangeable with the term "willful").

**0109.1**
**Filing False Tax Returns**
**26 U.S.C. § 7206**

It is a Federal crime to willfully and knowingly prepare and file a false tax return or other tax-related documents.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant made or caused to be made a United States Individual Income Tax Return (Form 1040) for the year 2011;

2. the United States Individual Income Tax Return (Form 1040) contained a written declaration that it was made under the penalty of perjury;

3. when the Defendant made or helped to make the United States Individual Income Tax Return (Form 1040), she knew it contained false material information;

4. when the Defendant did so, she intended to do something she knew violated the law; and

5. the false matter in the United States Individual Income Tax Return (Form 1040) related to a material statement.

The Government has the burden of proving each of these five elements beyond a reasonable doubt.

A declaration is "false" if it is untrue when it is made and the person making it knows it is untrue. A declaration in a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it concerns a matter of significance or importance, not a minor or insignificant or trivial detail.

The Government does not have to show that any taxes were not paid because of the false return, or that any additional taxes are due.  It only has to prove that the Defendant intentionally helped to file a materially false return, which Defendant knew violated the law.

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**S1.2**
## Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant did not committed the acts charged in the indictment by accident or mistake.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**S12**
**Character Evidence**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**T1.1**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions.  You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment.  But you may consider this evidence to decide whether:

1.     the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

2.     the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

3.     the Defendant acted according to a plan or in preparation to commit a crime; or

4.     the Defendant committed the acts charged in the indictment by accident or mistake.

**T2**
**Witness's Prior Statement or Testimony**
**Explanatory Instruction**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

## DISPUTED REQUESTS TO CHARGE

REQUESTED BY GOVERNMENT:

**Witness Preparation
(Non-Pattern Instruction)**

During this trial, you heard testimony that some of the witnesses met with the attorneys prior to coming to court.  Attorneys are obliged to prepare their case for trial.  As a result, it is proper for a lawyer to meet with and interview a witness in preparation for trial.

DEFENDANT'S OBJECTION: Defendant objects to this non-pattern instruction as not based on 11th circuit law and appears to call for an improper commentary on facts from the bench.

_____

*See* PATTERN CRIMINAL JURY INSTRUCTION OF THE SEVENTH CIRCUIT, Instruction 3.02 (Ed. 2012) ("It is proper for an attorney to interview any witness in preparation for trial" … "The court should give this instruction only if there has been testimony regarding interviews of witnesses"); *United States v. Torres*, 809 F.2d 429, 439–40 (7th Cir. 1987) ("As the trial judge explained to the jury, 'it is perfectly proper for a lawyer to interview a witness in preparation for trial,' and an attorney who does not question, rehearse and prepare his witnesses before trial is not properly prepared for trial."); *see also United States v. Spagnuolo*, 168 F.2d 768 (2d Cir. 1948) ("interviewing of witnesses before trial" is "necessary" and "commonplace," and any attempt to suggest otherwise is "improper").

## REQUESTED BY DEFENDANT:

### B6.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony**
**Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**B6.3**
**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**B6.4**
## Impeachment of Witnesses Because of Inconsistent Statements
### (Defendant with Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**S1.1**
**Testimony of Accomplice, Informer, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**S1.3**
**Testimony of Accomplice, Witness Using Addictive Drugs,**
**or Witness With Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events. And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in her own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: March 7, 2022

/s/ TIFFANY R. DILLINGHAM
*Assistant United States Attorney*