IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL CASE** |
| v. | **No. 1:18-CR-00098-SCJ-LTW-1** |
| **MITZI BICKERS** | |

## ORDER

This matter appears before the Court on Defendant's oral motion for a mistrial. The Government argued in opposition. The Court rules as follows.

I.   **BACKGROUND**

On March 15, 2022, the fourth day of the trial, Defendant moved for a mistrial. Defendant argued that the admission of emails authored by Cotena Alexander, an employee in the City of Atlanta Office of Transportation and Infrastructure, are grounds for a mistrial because Ms. Alexander is unavailable. The Government responded, stating that this is not sufficient for granting a mistrial.

The Government asserted in its opening statement that Defendant paid Ms. Alexander in connection with the City of Atlanta awarding certain public works contracts. On March 14, 2022, during the direct examination of Rita Braswell, Defendant objected to the introduction of certain emails that Ms. Alexander authored. During the objection, Defendant argued that the Government could not introduce these emails through Ms. Braswell because the Government could have subpoenaed Ms. Alexander to testify about these emails. The Court admitted the emails that were either non-hearsay or were admitted for a non-hearsay purpose. The Court excluded all other emails authored by Ms. Alexander that were offered for the truth of the matter asserted. Outside of the presence of the jury, the Government later informed the Court and Defendant that on March 8, 2022, Ms. Alexander's attorney informed the Government that Ms. Alexander intended to exercise her Fifth Amendment privilege if she was called to testify.[1] As a result, the Court instructed the jury to disregard any

---

[1] The Government asserted that Ms. Alexander's attorney stated that he also informed Defendant that Ms. Alexander would plead the Fifth Amendment at the trial. Defendant responded stating that they never received a call from Ms. Alexander's attorney.

2

statements about whether the Government could call a particular witness and statements about the availability of a particular witness.

On March 15, 2022, Defendant argued that the Court should grant a mistrial. First, Defendant argued that the Government made Ms. Alexander unavailable. Defendant argued that Ms. Alexander came to Court on Wednesday, March 9, 2022, and informed counsel for Defendant that she was planning to testify. Defendant further argues that Ms. Alexander is now unavailable to testify because of the statements made in the Government's opening statements on March 10, 2022. Second, Defendant argues that her Sixth Amendment rights are violated because Ms. Alexander is unavailable to testify. Specifically, Defendant argued that the evidence introduced about Ms. Alexander violates the confrontation clause.

Defendant moved the Court to declare a mistrial or, in the alternative, offer a curative instruction requiring the jurors to disregard all previous testimony about Ms. Alexander and prohibit the Government from offering any further testimony and/or evidence about Ms. Alexander.

The Government responded, arguing that they were informed on March 8, 2022, that Ms. Alexander was not an available witness because Ms. Alexander

3

planned on exercising her Fifth Amendment privilege if called to testify. The Government also argued that they did not introduce any evidence that would necessitate a mistrial in this case.

The Court now rules as follows.

## II.   LEGAL STANDARD

"[T]rial judges may declare a mistrial 'whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity' for doing so." Renico v. Lett, 559 U.S. 776, 773–74 (2010). The standard for manifest necessity "cannot be interpreted literally and that a mistrial is appropriate when there is a 'high degree' of necessity." Id. at 774 (internal quotations marks omitted). "The decision to declare a mistrial is left to the 'sound discretion' of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." Id. (internal quotation marks omitted).

## III.   ANALYSIS

The Court finds that there is no manifest necessity requiring a mistrial.

> Although it is impossible to define all circumstances that would qualify [as manifest necessity], some common

> ones are well-established: mistrials resulting from a hung jury, a severance of and mistrial declared after a 'defendant exercises his privilege against self-incrimination and a co-defendant's attorney will make prejudicial comments about his privileged silence, or an error 'mak[ing] reversal on appeal a certainty' and thus continuation a useless formality.

United States v. Scott, 43 F. Supp. 3d 1243, 1246 (M.D. Ala. 2014) (citing United States v. Perez, 9 Wheat. 579, 580 (1824), United States v. Aguiar, (610 F.2d 1296, 1301 (5th Cir. 1980), Illinois v. Somerville, 410 U.S. 458, 464 (1973) (internal quotation marks omitted)). Defendant argues that admitting Ms. Alexander's emails, even though she is unavailable to testify, constitutes a manifest necessity for declaring a mistrial. The Court disagrees. This justification for manifest necessity for a mistrial most closely aligns with "an error making reversal on appeal a certainty." Scott, 43 F. Supp. 3d at 1246. Here, the Court does not find any error that makes reversal on appeal a certainty.

First, Defendant argues that a mistrial is appropriate because the Government caused Ms. Alexander to be unavailable.[2] Defendant argues that the Government's opening statement, which alleged that Ms. Alexander participated in a conspiracy to commit bribery with Defendant, rendered Ms. Alexander unavailable. Specifically, Defendant argues that on March 9, 2022, counsel for Defendant spoke with Ms. Alexander, and she stated that she was planning to testify. The Government responded, arguing that it received a call from Ms. Alexander's attorney on March 8, 2022, informing counsel that she intended to invoke her Fifth Amendment privilege if called to testify. Meaning, that two days before the Government delivered its opening statement, Ms. Alexander's attorney informed the Government that she intended to exercise her Fifth

---

[2] Defendant argues that Ms. Alexander is unavailable because her counsel informed the Government that she intends to exercise her Fifth Amendment privilege on the stand. Additionally, the Government stated that Defendant, not the Government, subpoenaed Ms. Alexander to testify. When questioned by the Court, Defendant said that she had not been in contact with Ms. Alexander since March 14, 2022 and had not personally confirmed whether Ms. Alexander was unavailable. Defendant stated that she would work with the Government to obtain Ms. Alexander's counsel's contact information and confirm whether Ms. Alexander intends to exercise her Fifth Amendment privilege if she is called to testify.

6

Amendment privilege if called to testify.[3] Thus, at this time, the Court does not find that the Government caused Ms. Alexander's unavailability. Accordingly, the Court does not find that this constitutes a manifest necessity to grant a mistrial.

Second, Defendant argues that Defendant's Sixth Amendment right to confront witnesses was violated when emails authored by Ms. Alexander were admitted. "The [Sixth] Amendment contemplates that a witness who makes testimonial statements admitted against a defendant will ordinarily be present at trial for cross-examination, and that if the witness is unavailable, his prior testimony will be introduced only if the defendant had a prior opportunity to cross-examine him." Giles v. California, 554 U.S. 353, 358 (2008) (citing Crawford v. Washington, 541 U.S. 36, 68 (2004)). "The Confrontation Clause prohibits the use of testimonial hearsay without giving the defendant an opportunity to cross-examine the witness. But when a statement is not hearsay because it is not admitted for the truth of the matter asserted, the Confrontation Clause is not

---

[3] Per the Court's March 7, 2022 Order, Ms. Alexander is unavailable because "neither party is permitted to call a witness who intends to answer essentially every question by asserting the Fifth Amendment privilege." Doc. No. [185], 3.

7

implicated." United States v. McGregor, 857 F. Supp. 2d 1224, 1226 (M.D. Ala. 2012).

Frist, the Court notes that the emails that were authored by Ms. Alexander were admitted for a non-hearsay purpose. Second, the Court find that the subject emails were not testimonial. Therefore, the emails authored by Ms. Alexander do not implicate the Sixth Amendment's confrontation clause. "[T]he plain terms of the 'testimony' definition we endorse necessarily require some degree of solemnity before a statement can be deemed 'testimonial.'" Davis v. Washington, 547 U.S. 813, 836 (2006) (Thomas, J. concurring).; see also United States v. Charles, 722 F.3d 1319, 1322 (11th Cir. 2013) ("[t]estimonial statements are ones 'that declarants would reasonably expect to be used prosecutorially.").

The Government has admitted into evidence, over objection from Defendant, emails that Mr. Alexander authored and sent to various City of Atlanta employees. These emails do not have any degree of solemnity. Additionally, Ms. Alexander could not have reasonably believed that these emails would be used prosecutorially when she authored them. The Court finds that no testimonial evidence from Ms. Alexander has been admitted and the subject emails were admitted for a non-hearsay purpose. Accordingly, the Court

finds that Defendant's Sixth Amendment right to confront witnesses has not been violated.

Accordingly, the Court does not find that admitting emails authored by Ms. Alexander is an error that makes reversal on appeal a certainty. Thus, the Court finds that there is not a manifest necessity for granting a mistrial.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's Motion for a Mistrial.

**IT IS SO ORDERED** this 15th day of March, 2022.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE