IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE |
| v. | No. 1:18-CR-00098-SCJ-LTW-1 |
| MITZI BICKERS | |

## ORDER

This matter appears before the Court on Defendant's Oral Motion for a curative instruction.

### I. BACKGROUND

On March 18, 2022, the seventh day of trial, Defendant made an oral motion for the Court to enter a curative instruction. Defendant argued that the Government's witness Elvin R. Mitchell, Jr. gave false testimony during cross-examination, and the Government did not correct Mr. Mitchell's false statements. All of Mr. Mitchell's purportedly false testimony concerns his testimony regarding the FBI's 2006 investigation into Mr. Mitchell's overbilling Fulton

County Schools and Mr. Mitchell's subsequent cooperation. Specifically, Defendants argued that Mr. Mitchell was not truthful when answering questions about (1) whether the FBI tasked him with inducing others to commit bribery; (2) whether Mr. Mitchell from 2006 to 2012 received yearly admonishments from the FBI; and (3) whether Mr. Mitchell was cooperating with the FBI into 2012. Defendant asks the Court to instruct the jury to disregard Mr. Mitchell's testimony about these three topics.

In response, the Government argued that Defendant mischaracterized Mr. Mitchell's testimony about whether he was tasked with inducing individuals to commit bribery, and the FBI file shows that Mr. Mitchell stopped working with the FBI in 2007.

After hearing the parties' arguments, the Court reserved judgment pending review of the transcript, the FBI file, and the cases cited by Defendant. The Court now rules as follows.

## II.   LEGAL STANDARD

"[A] conviction obtained through use of false evidence, known to be such by [the prosecution], must fall under the Fourteenth Amendment." <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1958). A Defendant's due process rights are violated

even when the prosecution does "not solicit[] false evidence, [but] allows it to go uncorrected when it appears." Id. To prevail on this claim, Defendant must prove that "(1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material, i.e., that there is any reasonable likelihood that the false testimony could have affected the judgment." Trepal v. Sec'y, Fla. Dep't of Corrs., 684 F.3d 1088, 1107–08 (11th Cir. 2012) (citing Guzman v. Sec'y, Dep't of Corr., 663 F.3d 1336, 1348 (11th Cir. 2011)).

A Giglio error is a trial error, not a structural defect, so it is subject to harmless-error analysis. Id. at 1110–12. Thus, even if Defendant can establish a Giglio error, she must also show that a Giglio error resulted in actual prejudice[1], i.e., "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). If a district court finds a Giglio error, the

---

[1] The Court notes that the jury has not rendered a verdict in this case because the trial is on-going. However, the Court will proceed with the analysis to determine whether any actual prejudice is reasonably likely to occur."

3

judge may give a curative instruction to disregard the witness's false testimony. United States v. Guillardo, 997 F.3d 1126, 1138 (11th Cir. 2020).

## III. DISCUSSION

The Court finds that there was no Giglio error. First, Defendant argues that there was a Giglio error when Mr. Mitchell stated that he did not work with the FBI to create bribery cases. The Government argued that this was a mischaracterization of Mr. Mitchell's testimony. After careful review of the transcript, the Court finds that Mr. Mitchell did not give false testimony regarding his work with the FBI. Defendant asked whether the FBI gave Mr. Mitchell the goal of creating bribery cases in the public sector. In response, Mr. Mitchell testified that he could not remember whether that was his goal because he had not read his agreement in several years. The Court does not find that this statement is false. See United States v. Malone, 454 F. App'x 711, 714 (11th Cir. 2011) (citing United States v. Dunnigan, 507 U.S. 87, 94 (1993) ("Perjury occurs when an [individual] offers 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than a result of confusion, mistake, or faulty memory.'"). Here, Mr. Mitchell testified that he could not remember whether the FBI instructed him to induce individuals to commit

bribery. The Court finds that this testimony is not a Giglio error because the testimony concerns faulty memory, not willful intent to provide false testimony.

Second, Defendant argues that the FBI file shows a Giglio error because Mr. Mitchell received annual admonishments from 2006 to 2012. Defendant asked Mr. Mitchell one question about whether Mr. Mitchell remembered receiving admonishments. Mr. Mitchell responded that he did not remember that. As stated above, the Court does not view this as false testimony. Mr. Mitchell's response about admonishments, similarly, is a result of faulty memory, not a willful intent to provide false testimony. Accordingly, Mr. Mitchell's testimony that he did not remember receiving admonishments is not a Giglio error.

Finally, Defendant argues that there was a Giglio error when Mr. Mitchell stated that he did not cooperate with the FBI from 2006 to 2012. On March 16, 2022, Mr. Mitchell testified, outside of the presence of the jury, that he believed that his FBI cooperation ended in 2009. Mr. Mitchell testified to the same effect in front of the jury. The Court does not find that Mr. Mitchell's testimony was false.

The Court finds that even if Mr. Mitchell's testimony was false, the FBI files do not establish that the prosecutor "knowingly used perjured testimony or

failed to correct what he subsequently learned was false testimony." Guzman, 663 F.3d at 1348. The Government argued before Mr. Mitchell's testimony, and in response to this motion, the FBI file supports the reading that Mr. Mitchell stopped cooperating with the FBI in 2007. Doc. No. [189-1], 4–5.

> After the last reported contact in September 2008, the FBI filed quarterly and annual source reports regarding Mitchell into 2012. The quarterly reports stated that Mitchell did not engage in any Otherwise Illegal Activity during the reporting periods, which spanned from July 2007 to December 2012. ([Doc. No. [189-4]], 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, 57; [Doc. No. [189-6]], 15, 28, 40). The annual reports further stated that Mitchell was not involved in undercover operations during the reporting periods from 2009 through 2012 ([Doc. No. [189-4]], 3, 10, 16, 22).

Doc. No. [189-1], 5. The Court finds that the Government did not knowingly allow Mr. Mitchell to give false testimony. Upon further review of the FBI file, the Court notes that from December 2010 through November 2012, the quarterly reports note that there was no documented contact between the FBI and Mr. Mitchell. Doc. No. [189-4], 30, 33, 36,39, 42, 45, 48, 51. While the Court does find that there is also a notation that Mr. Mitchell was being redeveloped for potential international activities, particularly with the United Arab Emirates (Doc. No. [189-4], 13), the Court does not find that this notation demonstrates that the

6

prosecution knowingly allowed Mr. Mitchell to falsely testify that his cooperation ended in 2009. The FBI file is unclear as to the exact end date of Mr. Mitchell's cooperation with the FBI, or even Mr. Mitchell's level of cooperation with the FBI from 2009 through 2012. Accordingly, the Court finds that Defendant has not sufficiently established the first prong of a Giglio error.

The Court finds that even if the prosecution knowingly allowed Mr. Mitchell to provide false testimony about the amount of time he was cooperating with the FBI, the Court does not find that his testimony was material. "[T]he evidence that [the witness] may have been involved in contemporaneous, unrelated criminal activity and that he later testified for the government in a separate case "at most would merely have impeached [the witness]," which is not sufficient to [establish a Giglio error]." United States v Sotolongo, 748 F. App'x 879, 883 (11th Cir. 2018). On direct examination, Mr. Mitchell testified that in 2017 he received a reduced sentence because he agreed to cooperate with the Government and testify at this trial. Additionally, Mr. Mitchell stated that he would likely be sent back to prison if he did not truthfully testify during this trial. The Court finds that the jury can reasonably infer that Mr. Mitchell agreed to testify to receive a reduced sentence and avoid additional jail time. Thus, the

Court finds that even if Mr. Mitchell's testimony regarding the period he worked with the FBI was false, it was not material. See id. at 885 ("But as the district court stated, the jury readily could have inferred that [the witness] was an unindicted coconspirator who testified against Defendants in "an attempt to curry favor with the government to avoid prosecution." [The witness]'s potential motivations in that regard were not concealed from the jury. The court therefore did not err in concluding that the [witness] evidence was not "material," even under the more relaxed standard applicable to Giglio violations."). Accordingly, the Court does not find a Giglio error regarding Mr. Mitchell's testimony about when he cooperated with the FBI.

The Court finds that a curative instruction is not necessary for two reasons. First, the Court finds that Mr. Mitchell's testimony was not false. Second, the Court finds that Mr. Mitchell's testimony, even if false, was not material.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Oral Motion for a Curative Instruction.

**IT IS SO ORDERED** this 20th day of March, 2022.

                                          /s/ Steve C. Jones
                                    **HONORABLE STEVE C. JONES**
                                    **UNITED STATES DISTRICT JUDGE**