IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MITZI BICKERS

CRIMINAL CASE

No. 1:18-CR-00098-SCJ-LTW-1

## ORDER

This matter appears before the Court on the Parties' Proposed Jury Instructions (Doc. No. [186])[1] and Defendant's Supplemental Jury Charge Request (Doc. No. [201]).

On March 21, 2022, the Parties engaged in a jury charge conference, in which the Parties discussed their relative positions on the Court's proposed jury charge. At the conference, the Government asked that the Court not charge Defendant's Supplemental Proposed Jury Charge, which reads:

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

> Section 666 does not prohibit all gifts by or to a public official, does not prohibit all receipts – does not prohibit receipt of all gifts by or to a public official, but only gifts received with the corrupt intent to be influenced or rewarded by that governmental official in connection with a business or transaction or series of transactions of that governmental entity involving $ 5,000 or more.

Doc. No. [201] (citing United States v. McNair, 605 F.3d 1152, 1194 (11th Cir. 2010)). The Government argued that the 11th Circuit Criminal Pattern Instruction covers this jury instruction and that this instruction talks about receiving gifts; however, Defendant, here, is charged with giving gifts. Defendant argued that this instruction goes to the factual question of whether Defendant provided Mr. Yarber with free campaign and fundraising services as a gift or a bribe. In McNair, the Eleventh Circuit Court of Appeals found the district court did not commit reversible error when it gave this instruction.[2] McNair, 605 F.3d at 1195. However, in McNair, the defendant requesting the instruction was a public official charged with accepting a bribe. Id. at 1192–95. Here, Defendant is charged with giving something of value with corrupt intent, and not charged with

---

[2] The Eleventh Circuit held "[a] finding that a gift was made or accepted with corrupt intent necessarily excludes friendship and goodwill gifts. There is no reversible error in the court's charge in this regard." McNair, 605 F.3d at 1195.

receiving something of value. Therefore, Defendant's Supplemental Proposed Jury Instruction as written is inappropriate. The Court would have to amend this instruction to read "gave" instead of "received." The Government would not agree to such an amendment. Additionally, the Eleventh Circuit Court of Appeals has not ruled that the amended charge is appropriate. Because this is a non-pattern instruction and the Government objected to the instruction, the Court declines to charge the Defendant's Supplemental Proposed Jury Instruction.

Defendant asked the Court not to charge the jury with 11th Circuit Criminal Pattern Jury Instruction T1.1. This instruction directs the jury that 404(b) evidence may not be considered to determine whether Defendant engaged in the activity alleged in the indictment. The Court subsequently inquired whether the Defendant was certain that she did not want the Court to give the jury this instruction. Defendant confirmed that she did not want the Court to give this limiting instruction.[3]

---

[3] "The "similar transactions" evidence certainly raises the issue of [Defendant]'s bad character as well as h[er] propensity to commit illegal financial transactions. The absence of a limiting instruction opened the door for the jury to consider this evidence in an improper light." United States v. Gonzalez, 975 F.2d 1514, 1517 (11th Cir. 1992).

The Court will respect the Defendant's wishes and will not give the limiting instruction. See United States v. Johnson, 46 F.3d 1166, 1171 (D.C. Cir. 1995) ("[T]he district court did not err in failing to give a limiting instruction. . . such instruction might in fact be inconsistent with a defendant's deliberate trial strategy to minimize the jury's recollection of the unfavorable evidence."); see also Gray v. Busch Entertainment Corp., 886 F.2s 14, 16 (2d Cir. 1989) ("The failure to request a limiting instruction, we believe, waived any claim short of outright inadmissibility."). Accordingly, the Court will not instruct the jury on 11th Circuit Criminal Pattern Jury Instruction T1.1.

## CONCLUSION

For the foregoing reasons, the Court will not instruct the jury on the Defendant's Supplemental Jury Instruction or the 11th Circuit Criminal Pattern Instruction T1.1.

**IT IS SO ORDERED** this 22nd day of March, 2022.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE