# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIM. ACTION NO. |
| MITZI BICKERS, ) | |
|     Defendant, ) | 1:18-CR-98-SCJ-LTW |
| ) | |
| ANYTIME BAIL BONDING, ) | |
|     Third Party Claimant. ) | |

## VERIFIED CLAIM OF ANYTIME BAIL BONDING, INC.

COMES NOW, Anytime Bail Bonding, Inc. (hereinafter "Claimant") by and through undersigned counsel and hereby files this Claim, pursuant to 21 U.S.C. § 853(n). In support of this Claim, Claimant shows as follows:

### I.   BACKGROUND

Mitzi Bickers [hereinafter "Bickers"] was indicted in the above-styled criminal case on or about March 27, 2018. (Doc. 1). The indictment contained a forfeiture provision which averred that upon conviction of one or more of the offenses alleged in Counts 1, 2, 6, 7, 8 and 9, certain property would be forfeitable to the Government, including real property at 3306 Bay View Drive, Jonesboro, Georgia 30236 [hereinafter "Bay View Drive property"]. (Doc 1, ¶ 71(a)).

**The Steel Law Firm, P.C. 1800 Peachtree Street, N.W., Suite 300, Atlanta, Georgia 30309 (404) 605-0023**

On August 27, 2018, the Government filed an ancillary civil Complaint for Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) against personal and real property purchased by Bickers including the Bay View Drive property. (See Docket in 1:18-cv-04054-JPB, Doc 1). Claimant filed a verified claim as to the Bay View Drive property on October 18, 2018. (Id. at Doc 25). Claimant filed an Answer to the Complaint for Forfeiture on November 8, 2021. (Id. at Doc. 29). Thereafter the Government filed a Motion to Stay proceedings which was granted, thus staying the civil forfeiture action until the resolution of Bickers' criminal case. (Id. at Doc 32 and Doc. 46).

Bickers' trial took place in March 2022 and a jury found her guilty on Counts 1, 4-10 and 12. (Doc. 188 - 213). On March 24, 2022, Bickers consented to forfeiture of six separate pieces of personal and real property including the Bay View Drive property. (Doc. 214). The Order of Forfeiture directed the Government to send written notice to potential claimants with standing to contest the forfeiture of any of the referenced properties. The Order stated that pursuant to 21 U.S.C. §853(n)(2), any person "asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity if their alleged interest in the property and for an amendment to the order of forfeiture."

(Doc. 214 at p. 3). Pursuant to the Government's Declaration of Publication, the final publication was on June 22, 2022. On June 27, 2022, the Government provided written notice to Claimant through counsel. Thus, this Claim is timely.

**B.     CLAIM IN COMPLIANCE WITH 21 U.S.C. §853(n)(2)**

In compliance with the requirements of 21 U.S.C. §853(n)(2) and (3), Claimant hereby contests the forfeiture of the Bay View Drive property which was forfeited to the United States of America. Claimant asserts a legal right and an interest in the real property commonly referred to as 3306 Bay View Drive, Jonesboro, Georgia 30236. Claimant asserts that it possessed a legal right, title, or interest in the property, and such right, title, or interest renders the Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in Claimant rather than Bickers and was superior to any right, title, or interest of Bickers at the time of the commission of the acts which gave rise to the forfeiture of the property under this section. 21 U.S.C. §853 (n)(6).

Pursuant to 21 U.S.C. § 853(n)(3), Claimant sets forth the nature and extent of the right, title, or interest in the property, the time and circumstances of the Claimant's acquisition of the right, title, or interest in the property, and additional facts supporting the claim, as follows:

In 2016, Claimant made a loan to Bickers in an arm's length transaction. Repayment of the loan was secured by a first priority deed to secure debt identifying the secured collateral as the 3306 Bay View Property. The security deed evidencing the loan was properly recorded in the real estate records of Henry County, Georgia, on November 14, 2016, in Deed Book 14926, pages 323-327 (hereinafter, including all renewals, amendments, extension, or modifications thereof, the "3306 Bay View Security Deed"). Ultimately, Defendant Bickers failed to repay the indebtedness secured thereby and Claimant elected to exercise its remedies, to wit: acceptance of a deed in lieu of foreclosure (hereinafter "Deed in Lieu").[1] At the time of the acceptance and recording of the Deed in Lieu, there were no potential encumbrances on title as a matter of public record.

However, after the Deed in Lieu was accepted and recorded, it was discovered that the Government had recorded a Notice of Lis Pendens identifying the 3306 Bay View Property as the subject of a forfeiture action. The lis pendens was not readily apparent in the public deed records as of the date that Claimant received the Deed in Lieu, nor as of the date of the recording of the Deed in Lieu, as the recording of the

---

[1] The Quitclaim Deed in Lieu of Foreclosure is from Defendant Bickers to Claimant, dated April 9, 2018 and recorded on April 10, 2018 in Deed Book 15791, pages 290-292, in the official public land records fro Henry County, Georgia. A true and correct copy of the Deed in Lieu is attached hereto as Exhibit "A."

**The Steel Law Firm, P.C. 1800 Peachtree Street, N.W., Suite 300, Atlanta, Georgia 30309 (404) 605-0023**

lis pendens occurred in the "gap period." In real estate parlance, the gap period is the delay between the date an instrument is recorded and the time that the instrument is publicly available or visible in the public record. The gap period is caused by delays inherent in the contemporary deed recording process.

Accordingly, Claimant hereby asserts its claim, as the fee simple owner of 3306 Bay View Property as an innocent lienholder who took title to the 3306 Bay View property in good faith and satisfaction of the debt of Defendant.

Claimant further is the owner and holder of such other rights in the Bay View property and/or remedies that may apply under the circumstances at law or in equity.

To the extent there are any title defects on Claimant's interest in the Bay View property by virtue of the acceptance of the Deed in Lieu, Claimant hereby asserts such rights to which it may be entitled, at law or in equity, that may be necessary to restore Claimant's rights prior to acceptance of the Deed in Lieu.

**WHEREFORE**, Claimant prays for the following relief:

(a)  That this Court accept this Claim to the Bay View Property which is signed by the Claimant under penalty of perjury;

(b)  That this Court conduct a hearing, consistent with the interest of justice, within thirty (30) days or as soon as practical;

(c) That this Court enter an Order finding that Claimant has established by a preponderance of the evidence that it has a legal right, title and interest in the 3306 Bay View Property which renders the Order of forfeiture invalid; and

(d) That this Court afford Claimant such other and further relief this Court deems just and proper.

This 11th day of July, 2022.

                                              Respectfully submitted,

                                              */s/ Brian Steel*
                                              BRIAN STEEL
                                              GA Bar No. 677640

                                              */s/ Colette Resnik Steel*
                                              COLETTE RESNIK STEEL
                                              GA Bar No. 601092

                                              Attorneys for Claimant Anytime Bail Bonding, Inc.

**The Steel Law Firm, P.C. 1800 Peachtree Street, N.W., Suite 300, Atlanta, Georgia 30309 (404) 605-0023**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIM. ACTION NO. |
| MITZI BICKERS, | ) |
|     Defendant, | ) 1:18-CR-98-SCJ-LTW |
| | ) |
| ANYTIME BAIL BONDING, | ) |
|     Third Party Claimant. | ) |

## VERIFICATION

Personally appearing before the undersigned officer duly authorized to administer oaths, CHRIS BOHRER, who being first duly sworn, deposes and says that the facts stated in ths Claim are true and accurate to the best of his knowledge and belief.

Sworn to this under penalty of perjury this the 11 day of July, 2022.



CHRISTOPHER J. BOHRER,
President,
Anytime Bail Bonding, Inc.

Sworn to and subscribed before me
this 12th day of July, 2022.

_____
Notary Public

The Steel Law Firm, P.C. 1800 Peachtree Street, N.W., Suite 300, Atlanta, Georgia 30309 (404) 605-0023

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **VERIFIED CLAIM OF ANYTIME BAIL BONDING, INC.** on the individual listed below by electronic filing:

**Kelly Kathleen Connors**
**United States Attorney's Office**
**Richard B. Russell Building**
**6th Floor**
**75 Ted Turner Drive**
**Atlanta, GA 30303**

This the 11th day of July, 2022.

Respectfully submitted,

*/s/ Brian Steel*
BRIAN STEEL
GA Bar No. 677640
Attorney for Defendant