IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

MITZI BICKERS

Defendant.

CRIMINAL NO. 1:18-CR-98-SCJ

## STIPULATED SETTLEMENT AGREEMENT

The United States of America and Petitioner Anytime Bail Bonding ("Petitioner"), (collectively, the "Parties"), hereby enter into this Stipulated Settlement Agreement. The Parties stipulate and agree to settle Petitioner's interest in the Real Property located at 3306 Bay View Drive, Jonesboro, Georgia (the "Real Property"), including resolution of the Petitioner's parallel claim in *United States v. 3306 Bay View Drive, Jonesboro, Georgia*, Civil Action No. 1:18-CV-4054-SCJ (the "Civil Forfeiture Action"), which involves a claim against the same Real Property. This agreement is entered into by the Parties pursuant to the following terms:

1. The Parties hereby stipulate that Petitioner has an interest in the Real Property by virtue of two security deeds identifying the Real Property as collateral. The Parties further stipulate that Petitioner has paid certain expenses related to the Real Property.

2. Petitioner agrees to accept $211,683.97 from the net proceeds of a sale of the Real Property as full and final satisfaction of its claim and interest in the Real Property.

3. The United States agrees that upon entry of a final order of forfeiture in favor of the United States, the United States through the United States Marshals Service or its agent(s), shall undertake to sell the Real Property in a commercially reasonable manner. The Parties agree that upon sale of the Real Property, the proceeds of the sale will be distributed as follows:

    a) First, all sale and administrative costs incurred by the United States, including but not limited to the United States Marshals Service, in maintaining the Real Property and in conducting the sale of the Real Property will be reimbursed.

    b) Second, after satisfaction of the costs outlined in paragraph 3(a), $211,683.97 shall be disbursed to the Petitioner as full and final settlement of its claim and interest.

    c) Third, any remaining funds after satisfaction of paragraphs 3(a) and 3(b) shall be forfeited to the United States.

4. The payment of $211,683.97 to Petitioner shall be in full and final settlement and satisfaction of any and all claims by Petitioner against the Real Property, including its claim filed in the Civil Forfeiture Action.

5. Petitioner agrees to take all actions necessary to effectuate the sale of the Real Property, which may include, among other actions, executing documents required to convey clear title to the purchaser of the Real Property and canceling the security deeds.

6. Upon payment, the Petitioner agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims which currently exist or may arise as a result of the United States' action against the Real Property.

7. Petitioner agrees to join any motions for interlocutory sale or stipulated sale of the Real Property, should these types of actions be necessary.

8. In the event that a potential sale of the Real Property would not generate enough proceeds to fully satisfy the amount due to Petitioner ($211,683.97), the Parties will not be bound by the terms of this agreement. The Parties may agree to amend the payment amount identified in paragraph 3(b), and all other terms would remain unchanged. Any amended payment amount

would be in full and final satisfaction of Petitioner's claim and interest, and the United States would not be liable for any additional payment or shortfall.

9. Petitioner is responsible for its own attorney's fees related to its claim in this action and the Civil Forfeiture Action. The United States is not responsible for the reimbursement of any of Petitioner's attorney's fees.

10. Petitioner agrees that its President, Chris Bohrer, has authority to bind the corporation in this Stipulated Settlement Agreement.

Stipulated and agreed to by the following:

/s/ Kelly K. Connors
Kelly K. Connors
Georgia Bar No. 504787
Assistant U.S. Attorney
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
404-581-6000
Kelly.Connors@usdoj.gov
*Counsel for United States of America*

Colette Resnik Steel
Georgia Bar No. 601092
The Steel Firm, P.C.
1800 Peachtree Steet, N.W.
Suite 300
Atlanta, Georgia 30309
Telephone: (404) 605-0023
crsteel@msn.com
*Counsel for Petitioner Anytime Bail Bonding, Inc.*

*[signature: Chris Bohrer]*

Chris Bohrer, President
Anytime Bail Bonding, Inc.
*Petitioner*