IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-98-SCJ-LTW |

**UNITED STATES' TIME-SENSITIVE MOTION TO ISSUE INDICATIVE RULING ON MOTION TO DISMISS COUNTS AND RESENTENCE DEFENDANT**

Pursuant to Federal Rule of Criminal Procedure 37, the United States of America, by Ryan K. Buchanan, United States Attorney for the Northern District of Georgia, and Tiffany R. Johnson, Assistant United States Attorney, respectfully moves the Court to issue a prompt indicative ruling on the government's contemporaneously filed Motion to Dismiss Counts 7-10 and Resentence Defendant Mitzi Bickers.

**Relevant Factual Background**

On October 22, 2018, a federal grand jury sitting in the Northern District of Georgia returned a superseding indictment against defendant Mitzi Bickers, charging her with conspiratorial and substantive bribery, money laundering, wire fraud, tampering with a witness or informant, and filing false tax returns. (Doc. 41). On March 23, 2022, a jury returned guilty verdicts on Counts 1, 4-10, and 12, and not guilty verdicts as to Counts 2, 3, and 11. (Doc. 213). On September 9, 2022, Bickers was sentenced to 60 months on Count 1 (bribery conspiracy), 120 months on Counts 4-6 (money laundering), 168 months on Counts 7-10 (wire fraud), and 36 months on Count 12 (false tax return), all of which to be served concurrently,

and three years of supervised release to follow. (Doc. 229). On September 14, 2022, Bickers filed a timely notice of appeal. (Doc. 230). The appeal is currently pending before the Eleventh Circuit and is set for oral argument the week of August 12, 2024. *See United States v. Mitzi Bickers,* No. 22-13174 (11th Cir.).

In its appellate briefing, the government indicated its intention to move to dismiss the four wire fraud counts in the Superseding Indictment, notwithstanding the jury verdict, in light of recently developed law. *See id.* (Doc. 29). Specifically, the government noted two circuit decisions and two district court decisions which rejected the government's theory of wire fraud based on undisclosed self-dealing by employees. *See U.S. v. Yates*, 16 F.4th 256, 267-68 (9th Cir. 2021); *U.S. v. Guertin*, __ F.4th__, 2023 WL 3470862, at *1 (D.C. Cir. May 16, 2023); *U.S. v. Tao*, No. 19-20052-JAR, 2022 WL 4355302, at *22 (D. Kan. Sept. 20, 2022); *U.S. v. Smith*, No. 1:17-CR-00020, 2022 WL 2103063, at *10 (D. Guam June 3, 2022). Additionally, two recent Supreme Court decisions, though not directly on point, also hold that the "money or property" requirement of wire fraud must be more than an "incidental byproduct" of the fraud, and it cannot be premised on "intangible interests" such as the right to control the use of one's assets. *Kelly*, 140 S. Ct. at 1573-74; *Ciminelli v. U.S., et al.*, No. 21-1170, 2023 WL 3356526 (May 11, 2023). On reconsideration and in light of recent developments in the law, without conceding the sufficiency of the evidence for the four wire fraud counts, the government has moved to dismiss the wire fraud counts.

## Analysis

Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction "over the aspects of the case involved in the appeal." *United States v.*

2

*Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). But Federal Rule of Criminal Procedure 37 gives a district court authority to issue certain types of rulings on a motion despite a pending appeal. A district court may (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CRIM. P. 37(a). Here, the government has moved to dismiss Counts 7-10 notwithstanding the verdict in light of recently developed law, and it seeks an indicative ruling from this Court that it would grant the dismissal and resentence Bickers on the remaining counts. The government has consulted with Bickers' counsel, and while she does not oppose the government's motion to dismiss, Bickers opposes the government's motion for indicative ruling. Because the appeal of this matter is currently set for oral argument the week of August 12, 2024, the government's motion is time-sensitive.

    This Court need not await a remand from the Court of Appeals to issue an indicative ruling. 11th Cir. R. 12.1-1(c), (d). If this Court issues an order indicating it would grant the government's motion, the government would move the Court of Appeals under FED. R. APP. P. 12.1 to remand for a final ruling on the motion to dismiss. Upon remand, the Court could issue a final order dismissing Counts 7-10 and schedule Bickers for resentencing.

## Conclusion

WHEREFORE, the United States respectfully requests that the Court promptly issue an indicative ruling under FED. R. CRIM. P. 37(a)(3) that it would grant the government's Motion to Dismiss and Resentence Defendant Mitzi Bickers.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/TIFFANY R. JOHNSON
*Assistant United States Attorney*
Georgia Bar No. 638051

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

4