UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA   )
          Plaintiff          )
                        )
vs.                     )   CASE NO: 1:18-CR-00098-1-SCJ
                        )
                        )
MITZI BICKERS          )
          Defendant.       )

_____

## UNOPPOSED MOTION TO CONTINUE SENTENCING MEMORANDUM DEADLINE AND RESENTENCING DATE

COMES NOW the defendant, Mitzi Bickers, by and through undersigned counsel and moves to continue the sentencing memorandum deadline and sentencing hearing date. In support thereof Ms. Bickers shows the following:

1.

This case is currently set for sentencing on April 16, 2025, with sentencing memorandum due April 14, 2025.

2.

Undersigned counsel is requesting a brief continuance of both the sentencing hearing and sentencing memorandum deadline. An amended PSR was provided to the parties on April 8, 2025, reflecting the application of both the now-dismissed wire

fraud charges and application of the 2024 sentencing guideline amendments to Ms.

Bickers guideline calculations.

3.

As the 2024 amendments to the guidelines went into effect on November 1,

2024, there is limited guidance as to the applicability of the new guidelines to the

unique scenario of Ms. Bickers. Specifically, parties disagree on the proper

application of the amendment to U.S.S.G. § 1B1.3, which removed acquitted conduct

from being considered as relevant conduct, and Counts 4-6 of the present indictment,

which are money laundering charges predicated on the acquitted Count 2. Probation

has taken the position that, despite the acquittal on Count 2, the full amount from that

count should be used for calculating the appropriate guideline range for Counts 4-6.

4.

Undersigned counsel is requesting an additional 2 weeks to fully research and

brief this novel issue. *See* U.S.S.G. Amendment 826 ("During the amendment cycle,

commenters raised questions about how a court would be able to parse out acquitted

conduct in a variety of specific scenarios, including those involving "linked or related

charges" or "overlapping conduct" (*e.g.*, conspiracy counts in conjunction with

substantive counts or obstruction of justice counts in conjunction with substantive

civil rights counts). Commission data demonstrate that cases involving acquitted

conduct will be rare.")

5.

Undersigned counsel has discussed this request with AUSA Nathan Kitchens, who has no objection to the continuance.

Therefore, Ms. Bickers respectfully requests that this Motion for Continuance be granted and that the Court exclude the period of the continuance from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(7)(A).

Respectfully submitted,

*s/Zachary Kelehear*
ZACHARY KELEHEAR
Georgia Bar No. 925716
The Findling Law Firm, P.C.
3575 Piedmont Road
Tower 15, Suite 1010
Atlanta, Georgia 30305
Office (404) 460-4500

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing motion:

**MOTION TO CONTINUE PRETRIAL CONFERENCE**

Was served upon opposing counsel:

Assistant United States Attorney Nathan Kitchens

By ECF Filing.

Dated: April 11, 2025

<u>*s/Zachary Kelehear*</u>
Zachary Kelehear
Georgia Bar No. 925716