IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MITZI BICKERS | Criminal Action No.<br><br>1:18-CR-0098-SCJ-LTW |

### UNITED STATES' SENTENCING MEMORANDUM FOR RESENTENCING

The United States of America, by Theodore S. Hertzberg, United States Attorney, and Nathan P. Kitchens, Assistant United States Attorney for the Northern District of Georgia, files its Sentencing Memorandum for the Resentencing Hearing for defendant Mitzi L. Bickers.

For several years while working in a high-level position for the City of Atlanta, Ms. Bickers orchestrated a brazen corruption scheme in which she accepted bribes in exchange for steering millions of dollars in city contracts. After a multi-week trial, the jury convicted Ms. Bickers of bribery and money laundering arising from this scheme. In addition, the jury convicted Ms. Bickers of wire fraud counts based on the City of Atlanta salary she received after filing false financial disclosure forms, and of filing a false tax return after failing to report her bribery income. At the government's request based on post-trial developments in the law, the Eleventh Circuit vacated the wire fraud counts and remanded for resentencing. *United States v. Bickers*, No. 22-13174, 2024 WL 3813993 (11th Cir. Aug. 14, 2024). Although it vacated the wire fraud counts peripheral to her bribery scheme, the Eleventh Circuit affirmed her remaining convictions and rejected her challenges to the sentencing calculation. *Id.* at *1.

At resentencing, the sentencing guidelines calculation and 18 U.S.C. § 3553(a) factors point to the same conclusion: Ms. Bickers should receive the same sentence of imprisonment. The dismissal of counts peripheral to her bribery and money laundering scheme alters neither her guidelines calculation nor the core of her criminality, which the Court aptly described as a "deliberate calculated plan to cheat" the citizens of Atlanta that "casts a shadow" over the "honest, hard-working" city employees that serve the public every day. (Doc. 252 at 109–10). For the reasons set forth by this Court at the original sentencing hearing, the government respectfully requests that Ms. Bickers be sentenced to 168 months of imprisonment, which is substantially below her advisory guidelines range and the same sentence the Court imposed after weighing all the Section 3553(a) factors.

1. **Procedural History**

On October 22, 2018, a federal grand jury returned a superseding indictment charging Ms. Bickers with conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Counts 1 and 2); bribery, in violation of 18 U.S.C. § 666(a)(2) (Count 3); money laundering, in violation of 18 U.S.C. § 1957 (Counts 4–6); wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Counts 7–10); tampering with an informant, in violation of 18 U.S.C. § 1512(b)(3) (Count 11); and filing a false tax return, in violation of 26 U.S.C. § 7206 (Count 12). (Doc. 41). On March 23, 2022, a jury convicted her of conspiracy to commit bribery in Count 1, three counts of money laundering, filing a false tax return, and four counts of wire fraud. (Doc. 213).

On August 31, 2022, Probation issued a PSR calculating that Ms. Bickers received $3,000,683.19 in bribes, including $973,557.08 in bribes from February 2010 through May 2013 and over $2 million in bribes from January 6, 2014 to December 29, 2014. (Doc. 232 ¶¶ 99, 114). Probation calculated that the total offense level for the bribery and money laundering convictions in Counts 1 and 4–6 was 40, (*id.* ¶ 137); that the total offense level for the wire fraud convictions in Counts 7–10 was only 17, (*id.* ¶ 143); and that the wire fraud convictions thus did not factor into Ms. Bickers's total guidelines range, (*id.* ¶¶ 150–52). Before the sentencing hearing, Ms. Bickers objected to the following in the PSR: (1) a 16-level enhancement for the total value of the payment or benefit received from the bribes; (2) a 4-level enhancement for a high-level decision-making or sensitive position; (3) a 3-level enhancement for her leadership role; and (4) the grouping of the bribery and money laundering offenses. (*Id.* at 42–43.)

On September 7, 2022, the government filed a sentencing memorandum responding to each of these objections. (Doc. 226). The government calculated the total bribe amount for Count 1 as $2,937,179.31, including $910,053.20 in bribes accepted from 2010 to May 22, 2013 during the time frame of the conspiracy charged in Count 1 and $2,027,126.11 in bribes accepted in 2014 as relevant conduct. (*Id.* at 5–10). The government also estimated that Ms. Bickers owed $35,854.40 in restitution for her wire fraud convictions, which represented 20% of the $179,272 in salary that Ms. Bickers earned in salary from the City of Atlanta. (*Id.* at 10–11).

At the sentencing hearing on September 8, 2022, the Court overruled Ms. Bickers's guidelines objections. The Court determined that the total offense level

3

was 40 and the criminal history category was I, resulting in a guidelines range of 292-365 months. (Doc. 252 at 57). In determining the restitution amount, the Court adopted the government's calculation of a bribe amount of $2,937,179.31 and added $17,927.20 as the wire fraud loss amount, which represented 10% of her City of Atlanta salary, resulting in total restitution owed of $2,955,106.51. (*Id.* at 55–56, 111). The government recommended a 210-month sentence, and the Court imposed a below-guidelines sentence of 168 months. (*Id.* at 77-88, 111). The Court confirmed that "given the guideline calculations," it would have "imposed the same sentence regardless of the guideline findings." (*Id.* at 116).

On appeal, Ms. Bickers contested, among other things, the denial of her motion for judgment of acquittal on the wire fraud counts. *United States v. Bickers*, No. 22-13174 (11th Cir.) (Doc. 18 at 24–28). Based on post-trial developments in the case law, the government filed a motion to dismiss the wire fraud counts and a motion for indicative ruling on the motion to dismiss. (Docs. 281 & 282). Accordingly, the Eleventh Circuit vacated the wire fraud convictions in Counts 7–10. *United States v. Bickers*, No. 22-13174, 2024 WL 3813993, at *1 (11th Cir. Aug. 14, 2024).

Ms. Bickers also raised three sentencing challenges: (1) the Court's calculation of the loss amount based on its consideration of over $2 million in bribes in 2014 as relevant conduct, despite her acquittal of Count 2; (2) the application of a 4-level enhancement for a high-level decision-making or sensitive position under USSG § 2C1.1(b)(3); and (3) the 3-level enhancement for her leadership role under USSG § 3B1.1(b). *United States v. Bickers*, No. 22-13174 (11th Cir.) (Doc. 18 at 29–34). The Eleventh Circuit affirmed each of these sentencing enhancements and remanded

4

the case for a "limited resentencing reflecting the removed counts." *Bickers*, 2024 WL 3813993, at *1.

On April 8, 2025, Probation issued an amended PSR at Ms. Bickers's request. (Doc. 295). The PSR noted that it used the 2024 Guidelines Manual to determine her offense level, including an analysis of acquitted conduct under the amended language in USSG § 1B1.3(c). (Doc. 295 ¶ 120). Probation again calculated that the total offense level for the bribery and money laundering convictions in Count 1 and Counts 4 through 6 was 40, (*id.* ¶ 137), resulting in the same guidelines range of 292–365 months calculated in the original sentencing hearing, (*id.* at 43).

### 1. Analysis

Based on the Eleventh Circuit's limited remand for resentencing, and its rejection of Ms. Bickers's challenges to three sentencing enhancements, the scope of this resentencing hearing is narrow. Specifically, the Court needs to determine the impact of the vacated wire fraud counts on the sentencing guidelines calculation, the restitution calculation, and its consideration of the Section 3553(a) factors. The government respectfully submits that the restitution amount should be reduced to deduct the $17,927.20 in restitution attributable to the vacated wire fraud counts, but the guidelines range and Section 3553(a) factors otherwise support imposing the same sentence of 168 months' imprisonment.

**A. Probation correctly determined that Ms. Bickers's guidelines range is unchanged after vacating the wire fraud convictions.**

Because the offense level resulting from the wire fraud convictions in Counts 7 through 10 was substantially lower than the offense level for the bribery and money laundering convictions in Count 1 and Counts 4 through 6, vacating the wire fraud counts has no impact on Ms. Bickers's guidelines range. In the 2022

5

PSR, Probation calculated a loss amount of $179,272 for the wire fraud counts, which represented the total amount of salary Ms. Bickers earned from the City of Atlanta. (Doc. 232 ¶ 139). The Court ultimately found a lower loss amount for the wire fraud counts of $17,927.20, representing 10% of Ms. Bickers's salary after crediting her for the value of legitimate services rendered. (Doc. 252 at 55–56). Even if the Court had instead credited Probation's higher estimated loss amount, the offense level for the wire fraud counts would have been only 17. (Doc. 232 ¶ 143). Accordingly, under any calculation of the wire fraud loss amount, the wire fraud convictions never impacted Ms. Bickers's guidelines range because the offense level for those counts was far less serious that the offense level of 40 attributable to her bribery and money laundering convictions. (*Id.* ¶¶ 150–52). Since the wire fraud convictions did not impact Ms. Bickers's guidelines range in the initial sentencing hearing, vacating those convictions does not affect her guidelines range at the resentencing hearing.

Although vacating the wire fraud convictions has no impact on her guidelines calculations, recently adopted amendments to the sentencing guidelines now apply based on the timing of this resentencing hearing. (*Id.* ¶ 120). The only recent amendment relevant here is the 2024 Guidelines Manual's new provision for acquitted conduct, which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, *unless such conduct also establishes, in whole or in part, the instant offense of conviction.*"[1] USSG § 1B1.3(c) (emphasis added). Although Ms. Bickers was

---

[1] Since Ms. Bicker's original sentencing hearing, the United States Sentencing Commission also adopted USSG § 4C1.1, which provides a two-level reduction for certain zero-point offenders. Although Ms. Bickers has no criminal history

6

acquitted on Count 2, this new provision does not impact the loss calculation here because she was convicted of money laundering in Counts 4 through 6. Those counts required the jury to find that she engaged in monetary transactions of proceeds derived from the "bribery scheme described in Count 2," and the roughly $2 million in bribes from Count 2 thus "also establishes, in whole or in part, the instant offense of conviction" for the money laundering counts. (Doc. 41 ¶¶ 76, 83).

Although there is scant case law interpreting the six-month-old "acquitted conduct" provision in USSG § 1B1.3(c), the plain meaning of "establishes, in whole or in part" is clear. "When interpreting the Guidelines, a guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary." *United States v. Cruz*, 713 F.3d 600, 607 (11th Cir. 2013) (quotation marks omitted). The common meaning of "establish" is "[t]o prove, to convince someone of." *Black's Law Dictionary* (12th ed. 2024); *see also Webster's New World College Dictionary,* 4th Edition (2010). "In whole" means "to the full or entire extent," and "in part" means "in some degree." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary; *see also Cuellar v. United States*, 553 U.S. 550, 566 n.7 (2008) (interpreting statutory language in money laundering statute that scheme must be designed "in whole or in part" to conceal or disguise to mean that "[c]oncealing or disguising a listed attribute need be only one of the purposes"). Accordingly, under USSG § 1B1.3(c), relevant

---

points, she received an aggravating role adjustment under Section 3B1.1, which the Eleventh Circuit affirmed. *Bickers*, 2024 WL 3813993, at *1. Accordingly, she is ineligible for a two-level reduction under USSG § 4C1.1(a)(10).

conduct includes acquitted conduct that proves, in some degree, at least a portion of a convicted count.

The district court in *United States v. Lin*, No. 11-CR-114, 2025 WL 401105 (S.D.N.Y. Feb. 5, 2025) faced a similar issue in interpreting the new "acquitted conduct" provision. In that case, the defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on USSG § 1B1.3(c) after the Second Circuit vacated his conviction for murder by using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j). *Id.* at *1–2. The district court rejected the defendant's contention that his sentence improperly considered the acquitted count of murder because "the offense contained in that Count, which included the murder of Chang Qin Zhou, was also charged in Count Two, the racketeering charge." *Id.* at *2. The court held that "[b]ecause the murder . . . 'also establishe[d], in whole or in part,' the racketeering charge for which Lin was convicted, the Court properly considered that murder when determining the applicable guideline sentencing range." *Id.* (quoting USSG § 1B1.3(c)); *see also United States v. Scott*, No. 1:21-CR-491-3, 2025 WL 1172170, at *3 (N.D. Ohio Apr. 23, 2025) (interpreting USSG § 1B1.3(c) and concluding, "when calculating the guideline range, a court may consider any evidence of the total loss within the scope of the conspiracy, even if a jury acquitted a defendant of some conduct accounting for some specific losses.").

The same is true here. The Court's instruction to the jury stated that Ms. Bickers could be convicted of the money laundering offenses in Counts Four through Six only if the evidence established beyond a reasonable doubt that the laundered funds were, "in fact, proceeds of the bribery scheme described in Count 2 of the

8

indictment." (Doc. 248 at 134). The parties' closing arguments likewise made it clear that the money laundering counts were "completely tied" to the bribery scheme alleged in Count 2. (*Id.* at 95; *see also id.* at 46–47, 77–78). Accordingly, the bribery scheme underlying Count 2 "also establishe[d], in whole or in part," the money laundering counts for which Ms. Bickers was convicted — the jury could not have convicted Ms. Bickers of Counts 4 through 6 unless they found that she engaged in monetary transactions involving the proceeds of Count 2.

The bribery proceeds at issue in Count 2 are thus properly considered as relevant conduct for Counts 4 through 6 under USSG § 1B1.3(c). As a result, Probation correctly calculated a loss amount of more than $1,500,000 but less than $3,500,000 based on Ms. Bickers' receipt of nearly $3 million in bribes. (Doc. 295 ¶ 125). After the dismissal of the wire fraud counts and the application of the amended guidelines, Ms. Bickers's guidelines range thus remains the same as the range applicable at her original sentencing hearing in 2022. (*Id.* ¶ 137).

### B. The restitution amount should be reduced to the bribe amount of $2,937,179.31.

Although vacating the wire fraud counts does not impact Ms. Bickers's guidelines calculation, it does affect the restitution amount owed. The Court's restitution calculation included $17,927.20 attributable to the wire fraud counts, which represented 10% of Ms. Bickers's City of Atlanta salary. (Doc. 252 at 55–56, 111). After deducting the restitution amount owed for the dismissed wire fraud counts, the restitution amount owed by Ms. Bickers based on the bribery and money laundering convictions is $2,937,179.31. *See United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010) ("[W]hen a public official acquires an ill-gotten benefit as a result of his office, the government suffers losses in that amount.").

### C. Ms. Bickers should be sentenced to 168 months' imprisonment based on the Section 3553(a) factors.

At the initial sentencing hearing, the parties presented sentencing memoranda, sixty-eight character reference letters, statements from three character witnesses and Ms. Bickers, and extensive argument on the Section 3553(a) factors based on testimony and exhibits presented in the multi-week trial. After carefully considering this evidence and argument, the Court imposed a sentence of 168 months' imprisonment. Vacating the wire fraud counts does not alter the Section 3553(a) analysis for three reasons, and the Court should impose the same sentence of 168 months' imprisonment for the same reasons it imposed the original sentence.

First, as noted above, Ms. Bicker's guidelines range of 292-365 months remains the same even after the dismissal of the wire fraud counts and the application of the amended guidelines. Notably, even if the recent amendment for acquitted conduct in USSG § 1B1.3(c) barred consideration of the bribery offense underlying the money laundering convictions, which it does not, omitting the losses tied to Count 2 would not have a substantial impact on her guidelines calculation. The government's loss amount calculation for the bribery and money laundering convictions, which the Court adopted in the original sentencing hearing and which the Eleventh Circuit affirmed, (Doc. 252 at 55–56, 111), included $910,053.20 in bribes accepted from 2010 to May 22, 2013 during the time frame of the conspiracy charged in Count 1 and $2,027,126.11 in bribes accepted in 2014 as relevant conduct. (Doc. 226 at 5–10). Accordingly, if the Court considered only the $910,053.20 bribe amount attributable to Count 1, there would be a 14-level enhancement for the loss amount under USSG § 2B1.1(b)(1)(H) instead of the 16-

10

level enhancement applied by Probation under USSG § 2B1.1(b)(1)(I). A two-level decrease in Ms. Bickers's guidelines calculation would still result in a range of 235 to 293 months, substantially higher than the 168-month sentence imposed by the Court.

Second, even though USSG § 1B1.3(c) limits consideration of acquitted conduct in certain circumstances for purposes of calculating the sentencing guidelines, the amendment does not restrict the Court's broad discretion to consider acquitted conduct as part of the Section 3553(a) analysis. "'[S]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence." *United States v. Uscanga*, 839 F. App'x 416, 419 (11th Cir. 2021) (quoting *United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016). Moreover, as part of enacting the new acquitted conduct provision in USSG § 1B1.3(c), the U.S. Sentencing Commission also amended the Commentary to USSG § 6A1.3 to clarify that "nothing in the Guidelines Manual abrogates a court's authority under 18 U.S.C. § 3661," which permits consideration of any information relevant to a defendant's background, character, and conduct in determining the appropriate sentence. *See* U.S. Sentencing Commission Notice, 89 Fed. Reg. 36,854 (May 3, 2024). Accordingly, even if the new acquitted conduct guideline had impacted the sentencing guidelines calculation, it does not limit the Court's consideration of the bribery conduct alleged in Count 2 in determining the proper sentence under Section 3553(a).

Third, the wire fraud convictions vacated on appeal did not materially factor into the parties' arguments for an appropriate sentence in the original sentencing hearing, which was focused on the seriousness of Ms. Bickers's conduct in the

bribery and money laundering scheme. During the parties' arguments concerning the proper sentence, the only mention of the wire fraud convictions was the government's note that those convictions, and the tax count conviction, are "unaccounted for by the guidelines" and that the government had not asked for any "increase in the guidelines or increase in the sentence based on the wire fraud counts." (Doc. 252 at 84). In response to Ms. Bickers's contention that she was being punished for going to trial, this Court noted that the jury convicted Ms. Bickers of nine counts, but it did not otherwise directly or indirectly reference the wire fraud conduct in explaining the basis for its sentence. (*Id.* at 107). This Court instead focused on Ms. Bickers's "deliberate calculated plan to cheat" the citizens of Atlanta that "casts a shadow" over the "honest, hard-working" city employees that serve the public every day. (*Id.* at 109–10). After considering the serious corruption perpetrated by Ms. Bickers and the mitigating circumstances, this Court imposed a sentence of 168 months' imprisonment, which represented a five-level downward variance from her guidelines range. The Court agreed that it would have "imposed the same sentence regardless of the guideline findings." (*Id.* at 116).

The same is true now. The thrust of Ms. Bickers's criminal conduct is unchanged: her greed in accepting millions of dollars in bribes harmed honest contractors who lost city business, undermined the city contracting process, and corroded public trust in City of Atlanta government. For the reasons set forth by this Court at the original sentencing hearing, Ms. Bickers's sentence of 168 months' imprisonment should likewise remain the same.

CONCLUSION

For the foregoing reasons, and the reasons presented at the original sentencing hearing, the Court should sentence Ms. Bickers to 168 months' imprisonment, with three years of supervised release to follow, and order restitution of $2,937,179.31 payable to the City of Atlanta.

Respectfully submitted,

THEODORE S. HERTZBERG
*United States Attorney*

/s/NATHAN P. KITCHENS
*Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: May 15, 2025.

/s/ NATHAN P. KITCHENS
*Assistant United States Attorney*
