IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-CR-0098-SCJ-LTW-1 |
| vs. | **MEMORANDUM REGARDING RESENTENCING** |
| MITZI BICKERS, | |
| Defendant. | |

# DEFENDANT BICKERS' MEMORANDUM REGARDING RESENTENCING

COMES NOW, the Defendant, Mitzi Bickers, by and through her attorneys of record, and files this memorandum regarding her resentencing.

## INTRODUCTION

Nearly three years after her original sentencing on September 8, 2022, Ms. Bickers comes back before this Court in a substantially different situation than before. First, after a successful appeal before the 11th Circuit Court of Appeals, 4 of her 9 counts of conviction have been vacated. Those four counts were convictions for wire fraud and carried the highest penalty imposed by this Court—168 months. Those convictions are now gone, in an unusual turn of events, the government conceded the issue and moved to dismiss those Counts before this Court before the 11th Circuit even issued its opinion. Second, the Sentencing

1

Commission has amended the Federal Sentencing Guidelines to remove acquitted conduct from constituting relevant conduct. *See* U.S.S.G. § 1B1.3(c). Arguments surrounding the use of acquitted conduct dominated the objections at the original sentencing, with this Court (as was allowed at the time) using its discretion and calculating the guidelines including a considerable amount of acquitted conduct, particularly related to loss amount. The construct of this case has now changed. Without the now vacated counts, Ms. Bickers sentence is currently 120 months, the highest sentence given at her original sentencing by this Court and maximum statutory penalty for the remaining charges. The government has indicated that they will seek to increase her sentence from the status quo without any particularized justification. Ms. Bickers asks this Court to look back to its original statements at the time of her original sentencing regarding her counts of conviction and impose a proportional sentence of 80 months.

I.   <u>The Four Vacated Wire Fraud Counts Warrant a Sentence Reduction</u>

When Ms. Bickers was indicted on October 22, 2018, she faced twelve counts. She was ultimately convicted of nine. From the time of the indictment through the entirety of the trial, Ms. Bickers argued that the four wire fraud counts did not actually constitute a crime. On May 6, 2024, the government moved to dismiss the wire fraud counts (while the matter was still pending on appeal before the 11th

Circuit) as they finally acknowledged those counts could no longer be sustained under the state of existing caselaw. Five counts of conviction now remain, (1) conspiracy to commit bribery pursuant to 18 U.S.C. § 371, (2) three counts of money laundering for amounts totaling less than $100,000, and (3) filing false tax returns. It is hard to fathom that the five remaining charges truly require a sentence comparable to what was initially imposed when she faced the original imposition of sentence before this Court with nine counts—four of which were wire fraud convictions that carried 30-year maximum penalties.

 This is not an argument taken from thin air. This Court, at the time of the original sentence, issued a lengthy oral reasoning for its ultimate determination of a reasonable sentence at the time of Ms. Bickers' first sentencing. In pronouncing the sentence, this Court made several statements regarding how it factored in the number of counts of conviction to ultimately arrive at the controlling sentence of 168 months:

 -"[a]nd the totality of the situation tells me that there was a 12-count indictment. And 12 jurors that you and your attorneys participated in selecting, returned guilty verdicts against you in nine of those 12 counts." (Transcript at ECF Doc. 252; T. pg. 106)

-"…there were 12 people sitting in that box, they paid attention, they took notes, and they listened. And they returned a verdict of nine counts against you, Pastor." (T. pg. 107)

-(referencing an argument by the defense against a trial penalty for Ms. Bickers versus her co-defendant, E.R. Mitchell) "E.R. Mitchell pled guilty to one count of conspiracy to commit bribery and money laundering…there are 12 counts in this verdict. And out of those 12 counts, Pastor Bickers was convicted of nine of them. So I'm sentencing Pastor Bickers being convicted of nine counts and not one count." (T. pg. 108)

-"12 people sitting in that box retuned a nine-count guilty verdict against her." (T. pg. 109).

-"[s]o what do I have here? I have a nine-count guilty verdict here…" (T. pg. 110)

This Court's statements made it abundantly clear that part of its analysis of the ultimate sentence was the nine counts for which Ms. Bickers was convicted. This was particularly true, as mentioned above, when explaining why a lengthier sentence for Ms. Bickers was not, in this Court's opinion, a trial penalty in comparison to her co-defendants who were convicted of only one count and received significantly shorter sentences.

Now, there are no longer 9 counts of conviction. Ms. Bickers stands convicted on 5 of the 12 counts in her indictment. In fact, the government has conceded that 4 of the counts that were clearly important in the Court's analysis were no longer supported as crimes under the developing caselaw and voluntarily moved to dismiss those counts, wire fraud counts, that ultimately carried the controlling sentence due to their higher statutory maximums. It does not follow that this significant reduction should have no bearing on the sentence imposed as the government is asking this Court to find. From its own statements, this Court clearly found the counts of conviction relevant at the time of the original sentencing of Ms. Bickers. She is simply asking this Court to again take the same logical approach and reduce her sentence proportionally.

II. The Change in the Guidelines Regarding the Use of Acquitted Conduct Warrant a Sentence Reduction

    a. The Acquitted Conduct Should Not Be Considered at All by This Court in Determining the Guideline Range

Amendment 826 to the United States Sentencing Guidelines, which went into effect on November 1, 2024, amended the definition of relevant conduct and added subsection (c): "*Acquitted Conduct*.—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal

court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." Ms. Bickers was acquitted of counts 2, 3, 11 at trial. Counts 2 and 3 alleged that Ms. Bickers conspired to commit bribery during the time periods of May 23, 2013 through 2015 and from March 2014 through March 2015, respectively.

      b. <u>Even if Acquitted Conduct is Considered, the Calculations Done by Probation Were in Error</u>

Ms. Bickers original presentencing report (PSR), which predates Amendment 826, calculated the total bribe amounts attributable to Ms. Bickers at $3,000,683.19, broken down into $773,557.08 during the time period of count 1 and $2,027,126.11 during the time period of counts 2 and 3. Ms. Bickers objected to the inclusion of the $2,027,126.11 at the time of her initial sentencing since that was based on acquitted conduct, however that objection was overruled as acquitted conduct was included under the definition of relevant conduct prior to the adoption of amendment 826.

Ms. Bickers' current PSR continues to include the $2,027,126.11 from the acquitted conduct in count 2 in calculating her revised guidelines. Specifically, probation has taken the position that:

> It is the probation officer's position that the acquitted conduct still applies. Pursuant to §1B1.3(c), "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such

6

conduct also establishes, in whole or in part, the instant offense of conviction." Further, pursuant to U.S.S.G. §1B1.3(1)(A) states that relevant conduct is all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant. In this case, the bribery offense (Count 2) and money laundering offense (Counts Four through Six) are connected to one another because the defendant bribed individuals and then laundered the money they paid her.
    PSR paragraph 120.

The removal of acquitted conduct impacts the calculations for Ms. Bickers in a variety of ways. First, in paragraph 125, probation's initial calculation for the §2C1.1(b)(2) "total amount of bribes" includes the $2,027,126.11 from the acquitted counts 2 and 3, rather than the $773,557.08 attributable to count 1. This resulted in an additional 2-point increase, resulting in a total adjusted offense level of 39 instead of 37 in paragraph 131.

Probation then took the total adjusted offense level from paragraph 131 and used that as the base offense level for counts 4-6 (minus two points under §2S1.1, Comment. (n.2(C))). USSG §2S1.1(a)(1) states the base offense level is "The offense level for the underlying offense from which the laundered funds were derived if (A) the defendant committed the underlying offense (or would be accountable for the underlying offense under subsection (a)(1)(A) of §1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined[.]"

The interplay between 2D1.1(a)(1) and Amendment 826 to 1B1.3 creates a bizarre situation in which both sections rely on the other in attempting to evaluate

7

the appropriate guideline range. Count 2 would not be relevant conduct under the new amendment "unless such conduct also establishes… the instant offense of conviction." Note 10 to §1B1.3 recognizes that "There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct."

Ms. Bickers' position is that the indictment as to counts 4-6 separates out the conduct which should be considered which should be excluded under 1B1.3. Paragraphs 77, 79, and 81 of the indictment outline 3 specific payments which the government alleged provided the funds for the conduct in counts 4-6. These payments were $85,700, $21,000, and $22,000, totaling $128,700. That portion of the $2,027,126.11 in acquitted conduct would be the appropriate amount of relevant conduct for consideration under §2S1.1(a)(1) and §1B1.3(c). This would result in a new adjusted offense level of 12 for counts 4-6.

The final result of this recalculation would be a new offense level for Group A, Bribery and Money laundering, of 37 rather than 40. As the other group was disregarded under 3D1.4, the recalculated guideline range for Ms. Bickers would be 210-262 months.

III.   Ms. Bickers' Exemplary Personal History and Good Conduct While Incarcerated Cannot Justify the Sentence Increase that the Government Proposes

Ms. Bickers has been incarcerated since her self-surrender date of November 8, 2022, approximately 31 months. During her time of incarceration, Ms. Bickers has used her experiences as a chaplain at the Clayton County Jail as well as a Bishop with the Emmanuel Baptist Church to provide comfort and support to the other inmates in her facility. She has maintained assigned employment and was described as "dependable," "a hard worker," and "requiring minimal supervision" in her latest progress report from BOP. She has the remarkable position of insight from someone who has now been in the position of helping to run a detention facility as well as someone who is incarcerated in one. She will address this more specifically to the Court at the time of her resentencing hearing.

Ms. Bickers will not restate her personal history and characteristics as this Court has heard in great detail at the time of her original sentencing. What is unique is that the support that this Court saw nearly three years ago still remains in place for Ms. Bickers. As this Court knows, often as time goes on, the initial support will wane and falter. This is not so for Ms. Bickers; her family, church, and community still support and pray for the person that they know and love.

IV. <u>No Justification Exists for the Imposition of Consecutive Sentences and Such a Sentence Would Result in Disparity Amongst Similarly Situated Defendants</u>

In order for the Court to impose the previously imposed sentence, 168 months, as the government has indicated they will seek, the Court would have to impose consecutive terms of imprisonment. Ms. Bickers' current statutory maximums are five years on count 1,10 years on counts 4-6 and 3 years on count 12. Her maximum current sentence, as it has been since the 11th Circuit vacated the wire fraud counts on August 14, 2024 is 120 months. The government would be asking the Court to *increase* Ms. Bickers' sentence by 48 months from where it has been since nearly a year ago. It is important to note that it was the government who initially moved to dismiss the wire fraud counts before this Court and sought an indicative ruling before the 11th Circuit even issued its opinion. By doing so, they were effectively asking for her sentence to stand on the remaining counts of conviction, a resulting 120 months. What could justify a request for an increase a year later? The government can point to none.

Importantly, the Court can look to other similarly situated cases to avoid potential disparities under 18 U.S.C. § 3553(a)(6). Upon a review of the cases noted in the Department of Justice's own annual reporting of sentences in the Public Integrity Division encompassing similar offenses (bribery, fraud, money

laundering etc.) over the last several years, undersigned counsel could not find one such case in which the Court imposed a sentence with consecutive terms of imprisonment[1]. If this Court were to do so in this matter as the government has requested, it would create a substantial anomaly that is not borne out by a comparative review of the facts of these cases nor of Ms. Bickers personal history.

## CONCLUSION

Based on the above, Ms. Bickers respectfully requests that this Court impose a sentence in consideration of the change in circumstances since her original sentencing date; specifically, the four wire fraud counts that have been vacated and the change in the guideline policy regarding acquitted conduct. Imposing the same sentence would effectively reflect that those changes were meaningless and would be contrary to notions of fairness and justice.

Respectfully submitted,

/s/Marissa Goldberg_____
Marissa Goldberg
Georgia Bar No. 672798

/s/Drew Findling_____
Drew Findling
Georgia Bar No. 260425

---

[1] https://www.justice.gov/criminal/criminal-pin/annual-reports

The Findling Law Firm
One Securities Centre
3490 Piedmont Road
Suite 600
Atlanta, Georgia 30305
404.460.4500

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion:

**Defendant Bickers' Memorandum Regarding Resentencing**

Was served upon opposing counsel:

Assistant United States Attorney Nathan Kitchens


By ECF Filing.

Dated: June 9, 2025

                                                     s/*Marissa Goldberg*
                                                     Marissa Goldberg
                                                     Georgia Bar No. 672798